2:08CV113-F

FORM FOR USE IN APPLICATION

FOR HABEAS CORPUS UNDER 28 U.S.C. §2254  RECEIVED

2008 FEB 19 A 9: 58

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Name

ALJAY LOCKETT JR,

Prison Number

133-930

LIMESTONE

Place of Confinement

United States District _____ COURT _____ District of _____ MONTGOMERY

Case No. _____
(To be supplied by Clerk of U. S. District Court)

ALJAY LOCKETT JR., _____ , PETITIONER
(Full name) (Include name under which you were convicted)

WARDEN MITCHEM ET AL., _____ , RESPONDENT
(Name of Warden, Superintendent, Jailer, or authorized person having
custody of Petitioner)

and

THE ATTORNEY GENERAL OF THE STATE OF _____ ALABAMA _____

TROY KING _____ , ADDITIONAL RESPONEDNT

(if petitioner is attacking a judgment which imposed a sentence to be served in the future,
petitioner must fill in the name of the state where the judgment was entered. If petitioner has a
sentence to be served in the future under a federal judgment which he wishes to attack, he should file
a motion under 28 U.S.C. §2255, in the federal court which entered the judgment.)

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN
STATE CUSTODY

INSTRUCTIONS--READ CAREFULLY

(1) This petition must be legibly handwritten or typewritten and signed by the petitioner under penalty of
perjury. Any false statement of a material fact may serve as the basis for prosecution and
conviction for perjury. All questions must be answered concisely in the proper space on the form
The Judicial Conference of the United States has adopted, effective 1/1/83, the 8-1/2 x 11 inch paper
size standard for use throughout the federal judiciary and directed the elimination of the use of legal
size paper. All pleadings, etc. filed after 12/31/82 must be on 8-1/2 x 11 inch paper, otherwise we
cannot accept them.

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support

your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memornadum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary filing fee, you may request permission to proceed in forma pauperis in which event you must execute the declaration on the last page, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed in forma pauperis, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from judgment of conviction.

(7) When the petition is fully completed, the original and two copies must be mailed to the Clerk of the United States District Court whos address is
P.O. Box 711, Montgomery, AL 36101

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.
*If you are proceeding in forma pauperis, only the original petition needs to be filed with the Court.

## PETITION

1.  Name and location of court which entered the judgment of conviction under attack
MONTGOMERY CIRCUIT COURT

2.  Date of judgment of conviction        JULY 3RD,2007

3.  Length of sentence        LIFE        Sentencing Judge        CHARLES PRICE

4.  Nature of offense or offenses for which you were convicted:
THEFT OF PROPERTY 1ST,DEGREE

5.  What was your plea? (check one)
( a ) Not guilty        ☐
( b ) Guilty            ☒
( c ) Nolo contendere   ☐
If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6.  Kind of trial: (check one)

( a ) Jury       [   ]
( b ) Judge only   [ X ]

7. Did you testify at the trial?    Yes [   ]    No [ X ]

8. Did you appeal from the judgment of conviction?    Yes [   ]    No [ ✓ ]

9. If you did appeal, answer the following:
  ( a ) Name of court   _____
  ( b ) Result   _____
  ( c ) Date of result   _____
  If you filed a second appeal or filed a petition for certiorari in the Supreme Court, give details:
  N.A _____
  _____
  _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
  Yes [ ✓ ]    No [   ]

11. If your answer to 10 was "yes", give the following information:
  ( a )   (1) Name of court   *Montgomery County, Circuit Court*
       (2) Nature of proceeding   *13A-5-9.1 Motion*

       (3) Grounds raised    SEE ATTACHMENT
       _____
       _____
       _____

       (4) Did you receive an evidentiary hearing on your petition, application or motion?
       Yes [ X ]    No [   ]
       (5) Result    DENIED
       (6) Date of result    JULY 3RD, 2007

  ( b )   As to any second petition, application or motion give the same information:
       (1) Name of court   *Circuit Court of Montgomery County*
       (2) Nature of proceeding   *Notice of Appeal*

       (3) Grounds raised    *SEE Attachment*
       _____
       _____
       _____

       (4) Did you receive an evidentiary hearing on your petition, application or motion?
       Yes [   ]    No [   ]
       (5) Result    _____
       (6) Date of result    _____

  ( c )   As to any third petition, application or motion, give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

(3) Grounds raised _____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐        No ☐

(5) Result _____

(6) Date of result _____

( d )    Did you appeal to the highest state court having jurisdiction the result of any action taken on any petition, application or motion:

(1) First petition, etc.        Yes ☒        No ☐

(2) Second petition, etc.      Yes ☐        No ☐

(3) Third petition, etc.        Yes ☐        No ☐

( e )    If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:    I'm Being Denied Access to the Courts, by the trial court and want allow the exhausting of state remedies

_____

_____

_____

12  State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground.

CAUTION:        In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. As to all grounds on which you have previously exhausted state court remedies, you should set them forth in this petition if you wish to seek federal relief. If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

For your information, the following is a list of the most frequently raised grounds in releif in habeas corpus proceeding. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which your may have other than those listed if you have exhausted all your state court remedies with respect to them. However, you should raise in this petition all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose. Do not check any of the grounds listed below. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

a.) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with

understanding of the nature of the charge and the consequences of the plea.
b.) Conviction obtained by use of coerced confession.
c.) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
d.) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
e.) Conviction obtained by a violation of the privileges against self incrimination.
f.) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
g.) Conviction obtained by a violation of the protection against double jeopardy.
h.) Conviction obtained by action of a grand jury or petit jury which was unconstitutionally selected and impaneled.
i.) Denial of effective assistance of counsel.
j.) Denial of right of appeal.

A. Ground one:    SEE ATTACHMENT

Supporting FACTS (tell your story briefly without citing cases or law:
THE TRIAL COURT USED A VOID JUDGMENT TO DENY RELIEF UNDER 13A-5-9,1
Denial Access To THE CoueTs, Denial Right To ATPeal

B. Ground two:
SEE ATTACHMENT
Supporting FACTS (tell your story briefly without citing cases or law:

SEE ATTACHMENT - Denial Access To The Courts, Denial Right To Atteal

C. Ground three:

Supporting FACTS (tell your story briefly without citing cases or law: _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

D.  Ground four: _____

Supporting FACTS (tell your story briefly without citing cases or law: _____

_____
_____
_____
_____
_____
_____
_____
_____
_____

13  If any grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal state briefly what grounds were not so presented, and give your reasons for not presenting them:  N.A _____

_____
_____
_____
_____
_____

14   Do you have any petition or appeal now pending in the court, either state or federal, as to the judgment under attack?      Yes    [X]      No    [ ]

15  Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    ( a )    At preliminary hearing    _____
    _____
    ( b )    At arraignment and plea    _____
    _____

    ( c )    At trial    _____

N/A
( d ) At sentencing   PRO / SE

( e ) On appeal   *Pro se,*

( f ) In any post-conviction proceeding   *Pro/SE*

( g ) On appeal from any adverse ruling in post-conviction proceeding:   *Pro/SE*

16  Were you sentenced on more than one count of an indictment, or on more that one indictment, in the same court and at the same time?    Yes  [X]    No  [ ]

17  Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?    Yes  [X]    No  [ ]
( a ) If so, give name and location of court which imposed sentence to be served in the future:
ST.CLAIR, JEFFERSON COUNTY
( b ) And give date and length of sentence to be served in the future:    *15-Years And 18-months Split-Sentence in Jefferson County*
( c ) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?    Yes  [X]    No  [ ]

WHEREFORE, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

*Pro SE, Aljay Lockett Jr.*
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury, that the foregoing is true and correct.

Executed on   *2/14/2008*

*Aljay Lockett Jr.*
Signature of Petitioner

Mr. Vijay Lockett Jr. 133930
Limestone Correctional Facility
28779 Wick Davis Road
Harvest. Alabama
                    35749

 

USA 41            USA 41

United States District Court
P.O. Box 711
Montgomery, Alabama
                    36101

*Al. Lockett's*
*Copy*
*11-27-07*

# IN THE COURT OF CRIMINAL APPEALS OF THE STATE OF ALABAMA

### CASE NO.# CC-82-1041, 1042,1043
### CR-06-2124

*2:08CV113-F*

### EX PARTE ALJAY LOCKETT JR.,

### IN RE: ALJAY LOCKETT JR.,

Appellant / Petitioner,

### Vs.

HON: CHARLES PRICE,
Presiding Circuit Court Judge
HON: ELEANOR I. BROOKS,
District Attorney,
HON: MELISSA RITTENOUT
Circuit Court Clerk,
HON:* OTIS WILLIAMS,*
Circuit Clerks Office or Agent of Montgomery County, et.al.,
Respondents.

---

## PETITION FOR WRIT OF MANDAMUS, PURSUANT TO RULE 21,ALA.R.APP.PROC., PERTAINING TO TRIAL COURT'S FAILURE TO COMPLY WITH APPELLATE COURT'S LAWFUL WRIT AND ORDER ISSUED OCTOBER 23,2007.

---

PETITION OF THE PETITIONER

Prepared By:

ALJAY LOCKETT JR., # 133-930
LIMESTONE CORR.FACILITY
28779 NICK DAVIS ROAD
HARVEST, ALABAMA
        35749-7009

1

# IN THE COURT OF CRIMINAL APPEALS OF THE STATE OF ALABAMA

\*\*
\*\*

EX PARTE ALJAY LOCKETT JR.,

IN RE: ALJAY LOCKETT JR.,

Appellant / Petitioner,

\*\*
\*\*

Vs.                                    CASE NO.# CC-82-1041, 1042,1043
                                                CR-_____

\*\*
\*\*

HON: CHARLES PRICE,
Presiding Circuit Court Judge
HON: ELEANOR I. BROOKS,
District Attorney,
HON: MELISSA RITTENOUT
Circuit Court Clerk,
HON:\* OTIS WILLIAMS,\*
Circuit Clerks Office or Agent of Montgomery County, et.al.,
        Respondents.

\*\*
\*\*

## PETITION FOR WRIT OF MANDAMUS, PURSUANT TO RULE 21,ALA.R.APP.PROC., PERTAINING TO TRIAL COURT'S FAILURE TO COMPLY WITH APPELLATE COURT'S LAWFUL  WRIT AND ORDER ISSUED OCTOBER 23,2007.

Comes now the petitioner, "Aljay Lockett Jr., # 133930, pro se in the above styled cause request this Honorable Court for Relief, "Pertaining to Trial Court's Failure To Comply with Appellate Court's Lawful Writ and Order Issued October 23rd, 2007, and for good cause sets forth the following:

2

## <u>TABLE OF AUTHORITIES</u>

Pages:

STATE V. TOWERY,
**143 Ala. 48, 50 (1904)**                                                          **5**


EX PARTE ALABAMA POWER CO.
**431 so 2d 151 (Ala.1983)**                                                     **5**

EX PARTE MARTIN,
**598 so 2d 1381 (Ala.1992)**                                                   **7**

EX PARTE JACKSON,
**614 so 2d 403 (Ala.1993)**                                                     **7**

EX PARTE EDGAR,
**543 so 2d 684 (Ala.1988).**                                                     **8**

EX PARTE NICE,
**407 so 2d 874, 877 (Ala.1981)**                                              **8**

## <u>STATUTE</u>

**§ 12-17-24, CODE OF ALABAMA.1975**                                    **5-6**


**ARTICLE 1, § 13**                                                                       **5**

## THE FACTS NECESSARY TO AN UNDERSTANDING THE ISSUE PRESENTED BY THE PETITION

On May 3rd, 2007 petitioner filed in the "Circuit Court of Montgomery County,"Motion for Reconsideration of Sentence, pursuant to ***Kirby V. State, 899 so 2d 968 (Ala.2004)*** by certified mail, See Attached *"/Exhibit-1, Receipt No. 7003 2260 0005 5408 9353, sent to Melissa Rittenour/"*

On May 8th, 2007, The Circuit Court of Montgomery County received the Motion, signed by Circuit Clerks Office and or Agent of Montgomery County, See Attached *"/Exhibit-2, Receipt No. 7003 2260 0005 5408 9353, sent to Melissa Rittenour/"*

On May 16th, 2007 The Court issued an Order setting a Hearing on Petitioner's Motion to Reconsider Sentence on 6/22/2007, See Attached *"/Exhibit-3/".*,

On June 22,2007, before entering the Court Room, The Court handed petitioner the "State's" Response to Motion For Reconsideration of Sentence & Motion to Dismiss, See Attached *"/Exhibit-4, pages 1-4/"* . After the hearing was held, The Court stated it would make its decision later.

On July 3rd, 2007 The Court issued its Order "Dismissed Petitioner's Motion, See Attached *"/Exhibit-5, page 1-3/".*

On July 24th, 2007, Petitioner filed Motion to Object, Alter, Amend or Vacate Judgment, in its entirety based on the record, pursuant to rule 24,Ala.R.Crim.Proc., See Attached *"/Exhibit-6 /".*

On August 9th, 2007 Petitioner filed "Timely Notice of Appeal, Certified Mail to the Circuit Court Clerks Office to Melissa Rittenour See Attached *"/Exhibit-7, Receipt No. 7003 2260 0005 5408 9353, sent to Melissa Rittenour/".* And a Copy upon the Court of Criminal Appeals, The Circuit Court received petitioner's Appeal August 13,2007 signed by The Circuit Court Clerk's Office and or Agent by the name of "Otis Williams See Attached *"/Exhibit-7, Receipt No. 7003 1010 0001 7104 3752/"* On the same day the Court received Petitioner's

3

Appeal, Motion to Object, Alter, Amend or Vacate Judgment, in its entirety based on the record, pursuant to rule 24,Ala.R.Crim.Proc.,was denied See Attached *"/Exhibit-6 /"*, .

The Court of Criminal Appeals received their copy of petitioner's "Appeal from petitioner on August 15[th], 2007 See Attached *"/Exhibit-8 & 9/"*,

On September 7th, 2007, petitioner filed a "Writ of Mandamus"**CR-06-2124,** See Attached *"/Exhibit-10/"*, after writing several letters to the Court of Criminal Appeals Clerk, On September 10,2007 The Clerk of Appeals replied See Attached *"/Exhibit-11/"*, .

On September 21st, 2007 petitioner complied with the Court of Criminal Appeals Order issued September 7th, 2007. On October 23rd, 2007, The Court of Appeals issued an Order **"CR-06-2124,** See Attached *"/Exhibit-12/"*, two weeks prior to November 26[th], 2007 petitioner wrote Court of Criminal Appeals Clerk and received, *"/Exhibit-13/"*,

Petitioner respectfully request that this Honorable Court to take judicial notice, pursuant to 201(c), Ala.R.of Evidence judicial notice whether requested or not. "That Agent Otis Williams of the Montgomery County   who received and signed for the Notice of Appeal Filed by certified mail on August 9th, 2007.Thus invoking this court's jurisdiction, Court of Criminal Appeals Docketing Statement and A Reporter's transcript Order-Criminal, "Specifically Additional Proceedings requested, "The January 13th,2000 Sentencing Transcript, because its very material to the issue before this court of Appeals review.

Locket is being prejudiced by this delay, it is causing immeasurable undue injury, and In violation of Lockett's Constitutional rights, because The Circuit Court Clerk's office and or agent "Otis Williams" who signed for the Timely Filed Notice of Appeal on August 13th,2007, The clerk of the court are now stating that they have not received any appeal that Lockett claim to have filed, when it was their agent and or the Circuit Court's Office who is withholding the timely filed appeal by petitioner.

When this right is accorded to Lockett, he has a right to demand his case be heard, accordingly to the usual mode of procedure in courts of justice, and that justice shall be

4

administrated, without sale, denial or delay, Alabama Constitution Article 1, § 13; State V. Towery, 143 Ala. 48, 50 (1904).

The sole object and only legitimate end of the government is to protect the citizen in the enjoyment of life, liberty, and property, and when the government assumes other functions it is usurpation and oppression. The Trial Court is clearly in conflict with the above cited and stated provisions of the Alabama's Constitution of 1901; However, procedural and substantive due process is being violated under the fourteenth amendment to the United States Constitution by the overall denial of Lockett's Appeal, when it was timely filed in the Trial Court.

This Court has held that Mandamus is a Drastic and Extraordinary Writ to be issued only where there is:

[1],"A Clear Legal Right in the petitioner to the relief sought:

(A),"On October 23rd, 2007 an order was issued in accordance with § 12-17-24, Code 1975. This Petition is transferred to the Presiding Judge of the Montgomery Circuit Court.

Here it is November 27th, 2007, and the Trial Court, and Circuit Court Clerk, "Melissa Rittenour and or Agent Otis Williams are willfully and intentionally holding Lockett's Appeal from the Court of Criminal Appeals in Violation of Lockett's Constitutional Rights.

[2],"An imperative duty upon the respondent to perform, accompanied by a refusal to do so:

(A),"On September 10th,2007, The Clerk of the court of Appeals held: "This is in response to your recent letters stating that you filed a "Notice of Appeal" in the Montgomery County Circuit Clerks Office, Please be advised that the Montgomery County Circuit Court has not Transmitted a Notice of Appeal to this Court, However, by copy of this letter to the Circuit Clerk, I am requesting that

she promptly transmit any unprocessed Appeal to this court
that may have been filed on your behalf".


On October 23,2007 an order was issued in accordance with § 12-17-24,Code of Alabama.1975 This Petition is transferred to the presiding Judge of Montgomery Circuit Court.

"Here it is now the Circuit Court Clerk has stated that the Circuit Court does not and has not received a Notice of Appeal in Lockett's behalf, which is not true and this is not the first time the Clerk of the Court has stated this same thing as has being going on and is a pattern with the Circuit Court Clerk in Montgomery County, When the Agent "Otis William received Lockett's Notice of Appeal on August 13th, by verifying with his signature see the attached herewith".

If a Trial Court fails to comply with an "Appellate Court's Mandate, Mandamus will lie to Compel Compliance, Ex Parte Alabama Power Co. 431 so 2d 151 (Ala.1983).


[3],"A lack of another adequate remedy:

(A),"Lockett do not have another adequate remedy, Lockett filed timely "Notice of Appeal," Specifically additional Proceeding requested, The January 13th 2000 Sentencing transcript" because it is very material to the issue before this court's review Lockett has done according as this State Law so requires to have his Appeal properly processed and Transmitted to this Court, however "Melissa Rittenour and or Agent Otis Williams are willfully and intentionally holding Lockett's Appeal from the Court of Criminal Appeals in Violation of Lockett's Constitutional Rights.

**IN THE COURT OF CRIMINAL APPEALS OF THE STATE OF ALABAMA**

**CASE NO.# CC-82-1041, 1042,1043
CR-06-2124**

EX PARTE ALJAY LOCKETT JR.,

IN RE: ALJAY LOCKETT JR.,

Appellant / Petitioner,

**Vs.**

HON: CHARLES PRICE,
Presiding Circuit Court Judge
HON: ELEANOR I. BROOKS,
District Attorney,
HON: MELISSA RITTENOUT
Circuit Court Clerk,
HON:* OTIS WILLIAMS,*
Circuit Clerks Office or Agent of Montgomery County, et.al.,
Respondents.

---

# APPENDIX

---

PETITION OF THE PETITIONER

Prepared By:

ALJAY LOCKETT JR., # 133-930
LIMESTONE CORR.FACILITY
28779 NICK DAVIS ROAD
HARVEST, ALABAMA
35749-7009

7

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ 1.83 |
| Certified Fee | 2.40 |
| Return Receipt Fee (Endorsement Required) | 1.85 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 6.08 |

Postmark Here MAY 3 2007

Sent To *MElissA Rittenour*
Street, Apt. No.; or PO Box No. *P. O. Box 1667*
City, State, ZIP+4 *Montgomery Alabama 36102*

PS Form 3800, June 2002                    See Reverse for Instructions

7003 2260 0005 5408 9353

*Exhibit-1*

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Hon: Charles Price
Melissa Rittenour
Eleanor Brooks
P.O. Box 1667
Montgomery, Al.
36102

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _[signature]_ ☐ Agent
☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

Tommie Johnson

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:   ☐ No

MAY 0 8 2007

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7003 2260 0005 5408 9353

PS Form 3811, February 2004    (2)    Domestic Return Receipt    102595-02-M-1540

Exhibit-2

IN THE CIRCUIT COURT FOR
MONTGOMERY COUNTY, ALABAMA

**ALJAY LOCKETT, JR.**                *
                                     *
          Petitioner,                *
                                     *
vs.                                  *  **CASE NO. CC-82-1041/1042/1043**
                                     *
**STATE OF ALABAMA,**                *
                                     *
          Respondent.                *

O R D E R

The above-styled matter is hereby set for a HEARING on Petitioner's Motion to

Reconsider Sentence on _____6/22/07_____, 2007 at 8:30 a.m. in Courtroom

4-C, Montgomery County Courthouse, Montgomery, Alabama..

          DONE, this _16th_ day of _May_____, 2007.

                              _____
                              CHARLES PRICE, Circuit Judge

cc:  Hon. Michael Dean, DDA
     Hon. Scott Green, DDA

     Aljay Locket, Jr., AIS#133930

*Exhibit - 3*

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
MONTGOMERY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CC 82-1041, 1042, 1043 |
| | ) | |
| ALJAY LOCKETT | ) | |
| Defendant. | ) | |

### STATE'S RESPONSE TO MOTION
### FOR RECONSIDERATION OF SENTENCE
### & MOTION TO DISMISS

COMES NOW the State of Alabama, by and through its District Attorney for the Fifteenth Judicial Circuit, Eleanor I. Brooks, and submits the following response to the Defendant's motion seeking reconsideration of his sentence filed pursuant to Ala. Code §13A-5-9.1 and Kirby v. State, 899 So. 2d 968 (Ala. 2004). In support of this motion, the State of Alabama offers the following:

#### Procedural Background

1. The Defendant was convicted of TOP I in each of these cases and sentenced as a habitual offender to life imprisonment. Originally, three prior out-of-state convictions were used to enhance the Defendant's sentence, requiring a mandatory sentence of life imprisonment. After post-conviction proceedings, this Court resentenced the Defendant On January 13, 2000 to life imprisonment, using only *one* prior conviction. Because TOP I is a Class B Felony, Ala. Code §13A8-3, the Defendant's sentencing range in these cases was 10 years to life imprisonment, the same as a Class A Felony. Ala. Code §13A-5-9(a)(2). See also Ala. Code §13A-5-6. The Court chose to sentence the Defendant to life imprisonment, which is within the range.

2. The Defendant has previously made a motion seeking reconsideration of his sentence. That motion was denied by this Court on or about February 7, 2006. The Defendant has made a new motion seeking reconsideration of his sentence pursuant to Ala. Code §13A-5-9.1 and Kirby.

3. According to the State's information, the Defendant had been previously convicted of a Felony Attempt to Conceal Stolen Property (x2). The Defendant has also been previously charged with Concealing Stolen Property and Possession

Exhibit-4-pages 1-4

1

with at least three prior convictions and had been mandatorily sentenced to life imprisonment. Id.

Because the Defendant was not sentenced to a mandatory life sentence based on three prior convictions, he is not in either class of persons eligible for reconsideration of his sentence. Moreover, the Defendant has previously been denied relief under Kirby, and he should not be granted relief on this occasion.

Wherefore, the premises considered, the State asks the Court to dismiss the Defendant's motion seeking reconsideration of his sentence.

Respectfully submitted, this the ___ day of ___ June ___, 2007

ELEANOR I. BROOKS
DISTRICT ATTORNEY


Michael Dean
Deputy District Attorney

of a Controlled Substance in Michigan. In Alabama he had previously been charged with two counts of TOP I.

4. The Defendant has since been convicted of Escape III, Escape II, TOP II, Attempted Escape, RSP III and RSP II. He has also been charged with Possession of Drug Paraphernalia and Escape.

5. The Defendant's records while incarcerated show that he has received numerous Behavior Citations and Disciplinary Reports. These include an Assault on Persons Associated with DOC and two Escapes. After the second escape, the Defendant was outside of DOC custody for five months when he was taken into custody in Michigan.

The Defendant is not eligible for consideration of his sentence. Less than three prior convictions were used to enhance his sentence. Each of these convictions is for a Class B Felony with one prior conviction. The sentencing range was 10 years to life. He was not sentenced to a mandatory term of life imprisonment. The Petitioner is seeking a review of his sentence based on Ala. Code §13A-5-9.1 and Kirby v. State, 899 So. 2d 968 (Ala. 2004). Section 13A-5-9.1 applies the Habitual Felony Offender Act retroactively to those who were sentenced before the 2000 amendment to the Habitual Felony Offender Act. See Ala. Code §13A-5-9.1. See also Holt v. State, 2006 WL 510784 at *6 (Ala. Crim. App. March 3, 2006). In Kirby v. State, the Alabama Supreme Court upheld the constitutionality of §13A-5-9.1. In doing so, it noted that there were two "narrowly defined classes of habitual offenders" whose sentences could be reconsidered under §13A-5-9.1. Kirby, 899 So. 2d at 974. These two classes consist of offenders who were sentenced pursuant to the pre-2000 version of the Habitual Felony Offender Act. Id. These eligible offenders are those who have been convicted of a Class A felony with at least three prior convictions, none of which were Class A felonies, and had been sentenced to life without parole, or those who had been convicted of a Class B felony

2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion has been served upon the Defendant by hand-delivery.

Done, this the ~~22~~ day of ~~June~~ , 2007.

ELEANOR I. BROOKS
DISTRICT ATTORNEY

Michael Dean
Deputy District Attorney

4

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
MONTGOMERY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case Nos. CC 82-1041, 1042, 1043** |
| | ) | |
| ALJAY LOCKETT | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

This cause is before the Court on the Defendant's motion seeking reconsideration of sentence pursuant to Ala. Code §13A-5-9.1 and <u>Kirby v. State</u>, 899 So. 2d 968 (Ala. 2004). The Court held a hearing in this matter on June 22, 2007, and hereby finds as follows:

The Defendant was convicted of TOP I in each of these cases and sentenced as a habitual offender to life imprisonment. Originally, three prior out-of-state convictions were used to enhance the Defendant's sentence, requiring a mandatory sentence of life imprisonment. After post-conviction proceedings, this Court resentenced the Defendant On January 13, 2000 to life imprisonment, using only *one* prior conviction. During the hearing, the Defendant submitted three prior convictions to the Court as evidence, after having previously denied their validity. However, in his petition, the Defendant does cite the fact that he was resentenced pursuant to only one prior conviction.

Because TOP I is a Class B Felony, Ala. Code §13A8-3, the Defendant's sentencing range in these cases with one prior conviction was 10 years to life imprisonment, the same as a Class A Felony. Ala. Code §13A-5-9(a)(2). <u>See also</u> Ala. Code §13A-5-6. When it resentenced the Defendant, the Court chose to sentence the Defendant to life imprisonment, which is within the range of punishment for these

Exhibit 5 - pages 1-3                    1
Exhibit 5 - page 1-3

offenses. Although the Defendant now seems to admit he had three prior felony convictions, only one prior conviction was used to enhance his sentence when he was resentenced by this Court.

Section 13A-5-9.1 applies the Habitual Felony Offender Act retroactively to those who were sentenced before the 2000 amendment to the Habitual Felony Offender Act. See Ala. Code §13A-5-9.1. See also Holt v. State, 2006 WL 510784 at *6 (Ala. Crim. App. March 3, 2006). In Kirby v. State, the Alabama Supreme Court upheld the constitutionality of §13A-5-9.1. In doing so, it noted that there were two "narrowly defined classes of habitual offenders" whose sentences could be reconsidered under §13A-5-9.1. Kirby, 899 So. 2d at 974. These two classes consist of offenders who were sentenced pursuant to the pre-2000 version of the Habitual Felony Offender Act. Id. These eligible offenders are those who have been convicted of a Class A felony with at least three prior convictions, none of which were Class A felonies, and had been sentenced to life without parole, or those who had been convicted of a Class B felony with at least three prior convictions and had been mandatorily sentenced to life imprisonment. Id.

The Defendant was sentenced prior to the 2000 amendment to the Habitual Felony Offender Act. However, he was not sentenced to a mandatory life sentence based on three prior convictions. He was sentenced to life imprisonment, but that sentence is within the range of punishment for a Class B Felony with *one* prior conviction. He is not in either class of persons eligible for reconsideration of his sentence under §13A-5-9.1 and Kirby, and his motion seeking reconsideration of his sentence is hereby **DISMISSED.**

Done, this 3 day of July, 2007.

Hon. Charles Price
Circuit Judge


cc:     Michael Dean, DDA

        Aljay Lockett, AIS# 133930
        28779 Nick Davis Road
        Harvest, AL 35749

3

IN THE CIRCUIT COURT FOR
MONTGOMERY COUNTY, ALABAMA

ALJAY LOCKETT, JR.    &ast;
           &ast;
  **Petitioner**    &ast;
           &ast;
v.         &ast; **Case No. CC-1982-1041/1042/1043**
           &ast;
STATE OF ALABAMA   &ast;
           &ast;
  **Respondent**   &ast;

## O R D E R

  This cause is before the court upon Petitioner's Motion to Object, Alter, Amend or Vacate Judgment, Arrest Judgments, in its Entirety Based on the Record, Pursuant to Rule 24, Ala.R.Crim.Proc., Perserving These Issues for Appellate Review, in Alternative Remand to Trial Court for Resentencing.

  Petitioner's motion is hereby **Denied.**

  Done, this _1 3_ day of _Aug_____, 2007.

           CHARLES PRICE, Circuit Judge

cc: Hon. Scott Green
  Deputy District Attorney

  Aljay Lockett, Jr., AIS #133930

Exhibit - 6

# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA
## IN AND FOR THE FIFTEENTH JUDICIAL CIRCUIT

ALJAY LOCKETT JR.,
**Petitioner,**

**Vs.**                                    CASE NO.# CC-82-1041, 1042,1043

HON. CHARLES PRICE,
**Presiding circuit Judge,**
HON: ELEANOR I BROOKS.
District Attorney,
HON. MICHAEL DEAN.
Deputy district Attorney.
                    **Respondents.**

### NOTICE OF APPEAL

NOW COMES, the petitioner / Appellant "[Aljay Lockett Jr.,]" pro/se in the above, gives "Notice Of Appeal to this Court for the Court of criminal Appeals from A 13A-5-9.1 hearing on June 22nd, 2007, From the decision rendered in this Action on July 3rd, 2007,[1] Whereas the trial court dismissed petitioner's Motion thereof, Wherefore petitioner appeals for the following:
Done this the ____7th____ day of ___August___ 2007.

### **CERTIFICATE OF SERVICE**

I hereby certify that I have served a true and correct copy of the above foregoing upon all parties, properly addressed, postage prepaid as follows:

*Office of the Clerk*
Montgomery County Circuit court
251 South Lawrence Street
Montgomery, Alabama 36104

*Lane Mann, Clerk*
Court of Criminal Appeals of Alabama
300 Dexter Avenue
P.O. Box 301555
   Montgomery, Alabama 36130-1555

Respectfully Submitted,
*Aljay Lockett*

---

[1] A pro se inmate petition is deemed filed the date it is delivered to prison officials for mailing, "Houston V. Lack, 487 U.S. 266, 271-272 (1988);Adams V. United States, 173 F.3d 1339,1340-41 (11th,Cir,1999);Garvey V. Vaughn, 993 F.2d 776 (11th,Cir.1993) Absent evidence to the contrary in the form of prison logs or other records, [This Court] 'must' assume that {Lockett's Notice of Appeal} was delivered to prison authorities the day he signed it . . . Washington V. United States, 243 F.3d 199 (11th,Cir.2001) in Light of the foregoing and at the stage of the proceedings, This court has to assume that Lockett's notice of Appeal was filed before the 42-days lapsed.

Exhibit-7

| State of Alabama Unified Judicial System | REPORTER'S TRANSCRIPT ORDER--CRIMINAL | Criminal Appeal Number |
|---|---|---|
| Form ARAP-1C    8/91 | See Rules 10( c) and 11(b) of the Alabama Rules of Appellate Procedure (A.R. App P.) | _____  _____ |

TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

[X] CIRCUIT COURT    [ ] DISTRICT COURT    [ ] JUVENILE COURT OF    MONTGOMERY    COUNTY

ALJAY LOCKETT JR.,    Appellant

v.    STATE OF ALABAMA    MUNICIPALITY OF _____

| Case Number CC-82-1041,1042,1043 | Date of Judgment/Sentence Order MAY 3RD,2007 | | |
|---|---|---|---|
| Date of Notice of Appeal Oral:    Written: AUGUST 7TH,2007 | Indigent Status Granted: | [ ] Yes | [ ] No |

**PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:**
I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT. I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE. AND § 12-12-72, CODE OF ALABAMA 1975)

_____    _____    _____
Signature    Date    Print or Type Name

**PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED.** Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c )(2), Alabama Rules of Appellate Procedure (A.R. App.P.)):

MARK PROCEEDINGS REQUESTED:    COURT REPORTER(S)

A. [    ]    **TRIAL PROCEEDINGS** - Although this designation will include the judgment and sentence proceedings, a transcript of the organization of the jury and arguments of counsel must be designated separately.

B. [    ]    **ORGANIZATION OF THE JURY** - This designation will include voir dire examination and challenges for cause. Note that in noncapital cased the voir dire of the jury will not be recorded unless the trial judge so directs.

C. [    ]    **ARGUMENTS OF COUNSEL** - Note that in noncapital cases the arguments of counsel will not be recorded unless the trial judge so directs.

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDING IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):

| | ADDITIONAL PROCEEDINGS REQUESTED | DATE | COURT REPORTER(S) |
|---|---|---|---|
| D. | JANUARY 13TH,2000 "[SENTENCING TRANSCRIPT]" | JANUARY 13TH,2000 | N/A |
| E. | JUNE 22ND,2007 HEARING TRANSCRIPT | JUNE 22ND,2007 | N/A |
| F. | MOTION TO ARREST JUDGMENT, OBJECTIONS. | | |
| G. | | | |

**IMPORTANT NOTICE:** The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appe

**PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT:**
I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED ; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED IN FORMA PAUPERIS.

*Aljay Lockett*    AUGUST 7TH,2007    ALJAY LOCKETT JR.,
Signature    Date    Print or Type Name

DISTRIBUTION:    Original filed with Clerk of Trial Court and copies mailed to: (1) Clerk of the Court of Criminal Appeals. (2) the District Attorney, (3) the Attorney General or the municipal prosecutor in lieu of the District Attorney and Attorney General if the appeal is from a municipal conviction, and (4) to each Court Reporter who reported proceedings designated for inclusion in the reporter's transcript.

EXHIBIT-7

| State of Alabama<br>Unified Judicial System<br><br>Form ARAP-26 (front)    8/91 | COURT OF CRIMINAL APPEALS<br>DOCKETING STATEMENT | Criminal Appeal Number<br><br>- |
|---|---|---|

## A. GENERAL INFORMATION:

☑ CIRCUIT COURT    ☐ DISTRICT COURT    ☐ JUVENILE COURT OF    MONTGOMERY    , COUNTY

_____ ALJAY LOCKETT JR., _____ , Appellant

v.    ☑ STATE OF ALABAMA    ☐ MUNICIPALITY OF _____

| Case Number<br>CC-82-1041,1042,1043 | Date of Complaint of indictment<br>MAY 4TH,2007 | Date of Judgment/Sentence Order<br>JULY 3RD,2007 |
|---|---|---|
| Number of Days of Trial/Hearing<br>1-DAY    Days | Date of Notice of Appeal<br>Oral: | Written:    AUGUST 7TH,2007 |
| Indigent Status Requested:    ☐ Yes    ☐ No | | Indigent Status Granted:    ☐ Yes    ☐ No |

## B. REPRESENTATION:

Is Attorney Appointed or Retained?    ☐ Appointed    ☐ Retained    If no attorney, will appellant represent self?    ☑ Yes ☐ No

| Appellant's Attorney (Appellant if pro se) (*Attach additional pagers if necessary*):<br>ALJAY LOCKETT JR., | | Telephone Number<br>N/A | |
|---|---|---|---|
| Address<br>28779 NICK DAVIS ROAD | City<br>HARVEST | State<br>ALABAMA | Zip Code<br>35749 |

## C. CODEFENDANTS:  List each CODEFENDANT and the codefendatn's case number.

| Codefendant | Case Number |
|---|---|
| Codefendant | Case Number |
| Codefendant | Case Number |

## D. TYPE OF APPEAL:    Please check the applicable block.

| 1 ☐ State Conviction | 4 ☐ Pretrial Order | 7 ☐ Juvenile Transfer Order | 10 ☑ Other (Specify) |
|---|---|---|---|
| 2 ☐ Post-Conviction Remedy | 5 ☐ Contempt Adjudication | 8 ☐ Juvenile Delinquency | 13A-5-9.1 MOTION |
| 3 ☐ Probation Revocation | 6 ☐ Municipal Conviction | 9 ☐ Habeas Corpus Petition | _____ |

## E. UNDERLYING CONVICTION/CHARGE:    Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

| 1 ☐ Capital Offense -    § ____ | 6 ☐ Trafficking in Drugs - § ____ | 11 ☐ Fraudulent practice § ____ |
|---|---|---|
| 2 ☐ Homicide-    § ____ | 7 ☐ Theft    § ____ | 12 ☐ Off. against family § ____ |
| 3 ☐ Assault -    § ____ | 8 ☐ Damage or intrusion    § ____ | 13 ☐ Traffic-DUI    § ____ |
| 4 ☐ Kidnapping    § ____ | to property | 14 ☐ Traffic-Other    § ____ |
| Unlawful imprisonment | 9 ☐ Escape    § ____ | 15 ☐ Misc (Specify)    § ____ |
| 5 ☐ Drug Possession    § ____ | 10 ☐ Weapons/Firearms -    § ____ | |

## F. DEATH PENALTY:

Does this appeal involve a case where the death penalty has been imposed?    ☐ Yes    ☑ No

## G. TRANSCRIPT:

1  Will the record on appeal have a reporter's transcript?    ☑ Yes    ☐ No

2  If the answer to question "1" is "Yes", state the date the Reporter's Transcript Order was filed    JUNE 22ND,2007
(Date)

3  If the answer to question "1" is "No":

( a ) Will a stipulation of facts be filed with the circuit clerk?    ☑ Yes    ☐ No

( b ) Will the parties stipulate that only questions of law are  involved and will the trial court certify the questions?    ☐ Yes ☐ No

NOTE: If the appeal is from the district or juvenile court and the answer to question "1" is "No", then a positive response is required for question 3(a) or 3(b).

EXhibit-7

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | 2.65 | AUG 9 2007 |
| Return Reciept Fee (Endorsement Required) | 2.15 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To *Clerk of Court, Melissa Rittenck*
Street, Apt. No.; or PO Box No. *251 South Lawrence Street*
City, State, ZIP+4 *Montgomery Alabama 36104*

PS Form 3800, June 2002

7003 1010 0001 7104 3752

EXhibit-7

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write *Return Receipt Requested* on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

**3. Article Addressed to:**

Circuit Court Clerk
251 South Lawerence St
Montgomery, Alabama
36104

**4a. Article Number**
7003 1010 0001 7104 37

**4b. Service Type**
☐ Registered        ☐ Certified
☐ Express Mail       ☐ Insured
☐ Return Receipt for Merchandise   ☐ COD

**7. Date of Delivery**
8 - 13 - 07

**5. Received By:** *(Print Name)*

**8. Addressee's Address** *(Only if requested and fee is paid)*

**6. Signature** *(Addressee or Agent)*
X _Otis Williams_

*Is your RETURN ADDRESS completed on the reverse side?*

*Thank you for using Return Receipt Service.*

PS Form **3811,** December 1994         Domestic Return Receipt

Exhibit-7

# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA
# IN AND FOR THE FIFTEENTH JUDICIAL CIRCUIT

ALJAY LOCKETT JR.,
**Petitioner,**

**Vs.**                                                  CASE NO.# CC-82-1041, 1042,1043

HON. CHARLES PRICE,
**Presiding circuit Judge,**
HON: ELEANOR I BROOKS,
District Attorney,
HON. MICHAEL DEAN,
Deputy district Attorney,
                    Respondents.



## NOTICE OF APPEAL

NOW COMES, the petitioner / Appellant "[Aljay Lockett Jr.,]" pro/se in the above, gives "Notice Of Appeal to this Court for the Court of criminal Appeals from A 13A-5-9.1 hearing on June 22nd, 2007, From the decision rendered in this Action on July 3rd, 2007,[1] Whereas the trial court dismissed petitioner's Motion thereof, Wherefore petitioner appeals for the following:

Done this the ___7th___ day of ___August___ 2007.

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the above foregoing upon all parties, properly addressed, postage prepaid as follows:

*Office of the Clerk*                                *Lane Mann, Clerk*
Montgomery County Circuit court                Court of Criminal Appeals of Alabama
251 South Lawrence Street                      300 Dexter Avenue
Montgomery, Alabama 36104                      P.O. Box 301555
                                              Montgomery, Alabama 36130-1555

                                       Respectfully Submitted,
                                       *Aljay Lockett*

---

[1] A pro se inmate petition is deemed filed the date it is delivered to prison officials for mailing, "Houston V. Lack, 487 U.S. 266, 271-272 (1988);Adams V. United States, 173 F.3d 1339,1340-41 (11th,Cir.1999);Garvey V. Vaughn, 993 F.2d 776 (11th,Cir.1993) Absent evidence to the contrary in the form of prison logs or other records, [This Court] 'must' assume that {Lockett's Notice of Appeal} was delivered to prison authorities the day he signed it . . . Washington V. United States, 243 F.3d 199 (11th,Cir.2001) in Light of the foregoing and at the stage of the proceedings, This court has to assume that Lockett's notice of Appeal was filed before the 42-days lapsed.

*Exhibit-8*

# Court of Criminal Appeals

State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555

PAMELA W. BASHCAB
Presiding Judge
H. W. "BUCKY" McMILLAN
GREG SHAW
A. KELLI WISE
SAMUEL HENRY WELCH
Judges

Lane W. Mann
Clerk
Gerri Robinson
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## FILING OF NOTICE OF APPEAL

The notice of appeal you filed with this Court is returned herewith. In criminal cases, an appellant who wishes to file a written notice of appeal within the time allowed by Rule 4, Ala.R.App.P., shall do so by filing the written notice of appeal with the clerk of the trial court. The clerk of the trial court will then transmit the notice of appeal to this Court. If you attached the docketing statement and/or the reporter's transcript order to the notice of appeal you mailed to this Court, we will keep those documents on file for 90 days, unless you request that they be returned to you.

Please note that this Court does not retain informational copies of notices of appeal.

Lane W. Mann, Clerk
Court of Criminal Appeals

LWM/di

Returned On: 8/15/07

To: Mr. ALJAY LOCKETT, Jr.

Re: ALJAY LOCKETT, Jr. v. STATE

MONTGOMERY Circuit Court CC# 82-1041,42,43

Exhibit-9

# COURT OF CRIMINAL APPEALS
# STATE OF ALABAMA

PAMELA W. BASCHAB
Presiding Judge
H. W. "BUCKY" McMILLAN
GREG SHAW
A. KELLI WISE
SAMUEL HENRY WELCH
Judges



Lane W. Mann
Clerk
Gerri Robinson
Assistant Clerk
(334) 229-0751
Fax (334) 229-0521

## CR-06-2142

Ex parte Aljay Lockett Jr.   (In re: State of Alabama vs. Aljay Lockett Jr.)   (Montgomery Circuit Court: CC82-1041; CC82-1042; CC82-1043)

## ORDER

The Court of Criminal Appeals ORDERS that the petitioner in this cause be and the same is hereby given 14 days from the date of this order to file a certificate of service with this Court evidencing his/her compliance with the service requirements of Rule 21(a) of the Alabama Rules of Appellate Procedure. Rule 21(a) requires that the petitioner serve the respondent judge or judges and all parties to the action in the trial court with a copy of the petition. The petitioner's certificate of service shall indicate the name and address of each person served with a copy of the petition, as well as the date and manner of such service.

Lastly, the petitioner is hereby placed on notice that in the event this Court has not "received" a certificate of service that conforms to the directives in this order within the 14-day period herein allowed, this petition shall be dismissed for non-compliance with Rule 21(a), Alabama Rules of Appellate Procedure.

Done this the 7th day of September, 2007.

Pamela W. Baschab

Pamela W. Baschab, Presiding Judge
Court of Criminal Appeals

cc: Hon. Melissa Rittenour, Circuit Clerk
Aljay Lockett, Pro Se
Hon. Charles Price, Circuit Judge
Hon. Troy King, Attorney General
Hon. Eleanor Idelle Brooks, District Attorney

EXhibit - 10

# Court of Criminal Appeals
State of Alabama
Judicial Building, 300 Dexter Avenue
**P. O. Box 301555**
**Montgomery, AL 36130-1555**

September 10, 2007

**PAMELA W. BASCHAB**
Presiding Judge
**H. W. "BUCKY" McMILLAN**
**GREG SHAW**
**A. KELLI WISE**
**SAMUEL HENRY WELCH**
*Judges*

Lane W. Mann
Clerk
Gerri Robinson
Assistant Clerk
(334) 229-0751
Fax (334) 229-0521

Mr. Aljay Lockett Jr.
AIS #133930
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, AL 35749

Re:    CC82-1041; CC82-1042; CC82-1043
       Aljay Lockett Jr.

Dear Mr. Lockett:

This is in response to your recent letters stating that you filed a notice of appeal in the Montgomery County Circuit Clerk's Office.

Please be advised that the Montgomery County Circuit Clerk has not transmitted a notice of appeal to this Court. However, by copy of this letter to the circuit clerk, I am requesting that she promptly transmit any unprocessed appeal to this Court that may have been filed on your behalf.

Sincerely yours,

Lane W. Mann, Clerk
Court of Criminal Appeals

LWM/cd

cc:    Hon. Melissa Rittenour, Circuit Clerk
       P. O. Box 1667
       Montgomery, AL  361021667

Exhibit-11

THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT

THE ALABAMA COURT OF CRIMINAL APPEALS

CR-06-2142

Ex parte Aljay Lockett, Jr.

PETITION FOR WRIT OF MANDAMUS

(In re:  State of Alabama v. Aljay Lockett, Jr.)

Montgomery Circuit Court Nos. CC-82-1041; CC82-1042; and CC82-1043

**ORDER**

In accordance with  § 12-17-24, Ala. Code 1975, this petition is TRANSFERRED to the Presiding Judge of the Montgomery Circuit Court.

Baschab, P.J., and McMillan, Shaw, Wise, and Welch, JJ., concur.

Done this 23rd day of October, 2007.

_____Pamela  W. Baschab_____
PAMELA W. BASCHAB, PRESIDING JUDGE

cc:    Hon. Charles Price,  Presiding Judge
Hon. Melissa Rittenour,  Clerk
Aljay Lockett, Jr.,  pro se
Eleanor Idelle Brooks, District Attorney
Office of the Attorney General

Exhibit -12

# Court of Criminal Appeals
State of Alabama
Judicial Building, 300 Dexter Avenue
**P. O. Box 301555**
**Montgomery, AL 36130-1555**

November 26, 2007

PAMELA W. BASCHAB
Presiding Judge
H. W. "BUCKY" McMILLAN
GREG SHAW
A. KELLI WISE
SAMUEL HENRY WELCH
Judges

Lane W. Mann
Clerk
Gerri Robinson
Assistant Clerk
(334) 229-0751
Fax (334) 229-0521

Mr. Aljay Lockett Jr.
AIS #133930
28779 Nick Davis Road
Harvest, AL 35749-7009

Re:    CC82-1041; CC82-1042; CC82-1043 Aljay
Lockett Jr.

Dear Mr. Lockett:

This is in response to your recent letter asking the status of your notice of appeal filed in the Montgomery County Circuit Clerk's Office.

Please be advised that we are forwarding a copy of your letter to the Montgomery County Circuit Clerk's Office for such response as deemed appropriate. For your information, that office has informed this Court that it has not received the notice of appeal that you claim to have filed on August 9, 2007.

Sincerely yours,

Lane W. Mann, Clerk
Court of Criminal Appeals

LWM/cd

cc:    Hon. Melissa Rittenour, Circuit Clerk
P. O. Box 1667
Montgomery, AL  361021667

Exhibit = 13

*Lockett's Copy*
*1-29-08*

# IN THE ALABAMA SUPREME COURT
## STATE OF ALABAMA

### SC.NO.# 1070505

*2: 08CV113-F*

### EX PARTE ALJAY LOCKETT JR.,

### IN RE:    ALJAY LOCKETT JR.,

### VS.

HON: CHARLES PRICE
**Presiding Circuit Court Judge,**
HON: ELEANOR I. BROOKS
**District Attorney,**
HON: MELISSA RITTENOUR
**Circuit Court Clerk,**
HON: OTIS WILLIAMS
**Circuit Court Clerk's/ Agent of Montg.Co.**
**Respondents.**

---

PETITION FOR WRIT OF MANDAMUS, PURSUANT TO RULE 21(e),
ALA.R.APP.PROC., "REVIEW IN SUPREME COURT OF
DECISION OF COURT OF APPEALS RENDERED
JANUARY 22ND, 2008

---

Prepare By:

*Alajay Lockett Jr., # 133930*
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, Alabama
35749-7009

## TABLE OF CONTENTS

                                                              Pages:

**TABLE OF CONTENTS**                                            i


**TABLE OF AUTHORITIES**                                         ii


**FACTS NECESSARY TO  UNDERSTAND THE
ISSUE PRESENTED BY THE PETITION**                                2


**THE ISSUE PRESENTED**                                          7


**RELIEF SOUGHT**                                                8


**THE REASON WHY THE WRIT SHOULD ISSUE**                         8


**CERTIFICATE OF SERVICE.**                                      9

# <u>TABLE OF AUTHORITIES</u>

Pages:

*<u>Carpenter V. State</u>,*
*782 so 2d 848,849 (Ala.Crim.App.2000)*                    *5*

*<u>City of Huntsville V. Miler</u>,*
*271 Ala.687,689,127 so 2d 606,608 (1958)*                *5*

*<u>Coughlin V. State</u>,*
*842 so 2d 30, 33 (Ala.Crim.App.2002)*                    *6*

*<u>Ex parte Edgar</u>,*
*543 so 2d 684*                                            *8*

*<u>Ex Parte Jackson</u>,*
*614 so 2d 403 (Ala.1993)*                                 *8*

*<u>Ex Parte Martin</u>,*
*598 so 2d 1381 (Ala.1992)*                                *4*

*<u>Ex Parte Nice</u>,*
*407 so 2d 874,877 (Ala.1981)*                             *8*

*<u>Ex Parte Smith</u>,*
*533 so 2d 553 (Ala.1988)*                                 *8*

*<u>Gilbert V. State</u>,*
*882 so 2d 888,889 (Ala.Crim.App.2003)*                   *5*

*<u>Hyde V. State</u>,*
*847 so 2d 808,809 (Ala.crim.App.2004)*                   *5*

*<u>Madden V. State</u>,*
*885 so 2d 841 (Ala.Crim.App.2004)*                       *5*

*<u>Terry Harris V. State of Alabama Court of Criminal*
*Appeals of Alabama</u>, 2007 Ala.Crim.App.*
*Lexis 61 CR-04-1617, March 23rd,2007 held:*            *6*

*<u>Wilkins V. Henry</u>,*
*221 Ala.254,256,128 so 2d 362,364(1930)*                 *5*

## *RULE / STATUTE*

*RULE 21 (B), Ala.R.App.Proc.,*                                         *7*

*RULE 21(a), Ala.R.App.Proc.,*                                          *3*

*Article 1, § 36, Alabama Constitution of 1901*                         *8*

*Article 1, § 35, Ala.Const. 1901*                                      *4*

*Section. 35, Function of Government*                                    *3*

*§ 12-17-24, Ala.Code. 1975*                                            *2*

*Article 1, § 13, Alabama Constitution of 1901*                         *7*

# IN THE ALABAMA SUPREME COURT
## STATE OF ALABAMA

)

*EX PARTE*  ALJAY LOCKETT JR.,

*IN RE:*       ALJAY LOCKETT JR.,

*Petitioner / Appellant*

)

**VS.**                                                    <u>SC.NO # 1070505</u>

)

HON: CHARLES PRICE
**Presiding Judge,**
HON: ELEANOR I. BROOKS,
**District Attorney,**
HON: MELISSA RITTENOUR,
**Circuit Court Clerk,**
HON: OTIS WILLIAMS,
**Circuit Court Agent, et al.,**
           **Respondents.**

)

---

## PETITION FOR WRIT OF MANDAMUS, PURSUANT TO RULE 21(e),
## ALA.R.APP.PROC.,"REVIEW IN SUPREME COURT OF
## DECISIONS OF COURT OF APPEALS RENDERED
## JANUARY 22[ND],2008

---

**NOW COMES**, the Petitioner / Appellant,  *"[Aljay Lockett Jr.# 133930]",  (hereinafter*

*Lockett)Pre / se* and Moves the Alabama Supreme Court to review the Court of Appeals decision

rendered January 22nd,2008, and for good cause sets forth the following:

1

## FACTS NECESSARY TO UNDERSTAND THE ISSUE PRESENTED BY THE PETITION

§.    On November 27th,2007 Petitioner proved by a preponderance of the evidence, pursuant to Rule 21(a),Ala.R.App.Proc.,"[*The record that would be essential to an understanding of the matters set forth in the petition*]" That his Appeal was Timely filed August 9th,2007, and that he has a clear legal right to the relief sought, "See:[CR-07-0409].

§.    On September 7th,2007, Petitioner filed a "Writ of mandamus,[CR-06-2124]". On September 21st,2007, Petitioner complied with the Court of criminal Appeals "Order" issued September 7th,2007.

§.    On October 23rd,2007, The Court of Appeals issued an "Order" [CR-06-2124],Which Stated:

> "In Accordance with **§ 12-17-24, Ala.Code.1975,** This Petition is **TRANSFERRED** to the Presiding judge of The Montgomery Circuit Court: Done this 23rd, day of October 2007".

§.    The Circuit Court never sent / forwarded Petitioner their answer to this October 23rd,2007 "Order", but out the back-door, forwarded their answer / reply to the Court of criminal Appeals which alleged:

> "That it has not received the Notice of Appeal That Lockett claim to have filed on August 9th,2007".

§.    On November 26rh,2007, Petitioner received this information from the Clerk of Appeals and immediately filed A Writ of Mandamus ,See [CR-07-0409].

§.    On January 22nd,2008, The Court of criminal Appeal issued another "Order" as to the same affect as to the Order issued October 23rd,2007, Not Once Compelling the Trial Court, Pursuant to Rule 21(b),Ala.R.App.Proc., which provides:

> "[1], "Order Directing Answer:

"If the court is of the Opinion that the Writ should not be granted, it **'shall'** deny the petition, See [CR-07-0409, Rule 21(a),Ala.R.App.Proc.,"[***The record that would be essential to an understanding of the matters set forth in the petition documental evidence to prove / show his Appeal was Timely filed and received by the Montgomery County Circuit Court Clerk's Office / Agent, "Otis Williams"]***' Otherwise, it **'shall'** order that an answer to the petition be filed by the respondents within the time fixed by the order.

§.    Petitioner paid the Federal Government to have his Appeal hand delivered Timely with return receipt, signed by agent, "Otis Williams" Montgomery County Circuit Courthouse, and for the Clerk's Office, and to say they never received it, but was signed by their agent, "Otis Williams", seem the Circuit Court don't seem to be concerned, however; This is a Federal Offense, Tampering with U.S. Mail, which is a federal case.

§.    This is the "Second Order", See:[CR-07-0409, Rule 21(a),Ala.R.App.Proc.,"***The record that would be essential to an understanding of the matters set forth in the petition***]" issued by the Court of Criminal Appeals Concerning "TRANSFERRING" The Petition to the presiding Judge Charles Price of the Montgomery Circuit Court:

> (A), The Law is clear, if the Court is of the opinion that the Writ should not be granted, it shall deny the petition, Otherwise; it shall order that an answer to the petition be filed by the respondents within the time fixed by the Order, Rule 21(b),Ala.R.App.Proc.,.
>
> (B), The Circuit Court was served by the petitioner, "A Copy of the petition on November 27[th],2007, just as the court of Appeals received the Writ of Mandamus with documental proof, pursuant to rule Rule 21(a),Ala.R.App.Proc.,"[***The record that would be essential to an understanding of the matters set forth in the petition***]"That Lockett's Appeal was Timely filed into the Montgomery Circuit Court.

### SEC. 35. FUNCTION OF GOVERNMENT, Which Holds:

"That the sole object and only legitimate end of government is to protect the citizen in the enjoyment of Life, Liberty, and Property, and when the Government assumes other functions, it is usurpation and oppression".

The Writ of Mandamus filed by Lockett November 27th,2007 was to compel the Circuit Court to perform their duty in which the Court refuses to do so, "Lockett has a clear legal right to Appeal, To The Relief Sought.

"The Court of criminal Appeals not once issued an order to compel the trial; court, pursuant to Rule 21(b),Ala.R.App.P., but instead continue this *'merry-go-round'* when its been 6-months since Lockett timely Filed Appeal in the Montgomery County Circuit Court, an as held in the Constitution of Alabama 1901;"When government assumes other functions it is usurpation an oppression, Art.1,§ 35,Ala.Const.1091.

Properly invoked jurisdiction of the Court, Ex Parte Martin, 598 so 2d 1381 (Ala.1992), That Court have held that a petition for a Writ of Mandamus is the appropriate method to challenge the trial court's jurisdiction, because Lockett is "Appealing Judge Charles Price's Order stating, *"one specific"* reason for the Court's denial of Lockett's § 13A-5-9.1 Motion which his specific reason is January 13th,2000 resentencing, Which Lockett aim to prove his denial was in error because:

"[On July 9th,1999, Lockett filed A Rule 32-petition into the circuit Court of Montgomery County, Alabama. On July 29th,1999, The District Attorney filed his response to Lockett's petition. On January 13th,2000, The Circuit Court Granted Lockett's Rule 32-Petition, without first receiving a filing fee or the approval of an In Formas Paupers; See Exhibit-A, attached, pursuant Rule 21(a),Ala.R.App.Proc.,"[*The record that would be essential to an understanding of the matters set forth in the petition*]"

"Exhibit-A, attached will show this court failure to rule on Lockett's In Formas Paupers deprived this Court of *'subject-matter-jurisdiction'* in which to entertain his rule 32-petition, As

4

The Record reflects and indicates, This Court failed to grant Lockett's indigency status or to accept a filing fee before ruling on Lockett's Rule 32-Petition, See Exhibit-A, attached Rule 21(a),Ala.R.App.Proc.,"[*The record that would be essential to an understanding of the matters set forth in the petition*]"Therefore this Court's January 13th,2000 Judgment is void, "Don't take petitioner's word, Look at the record for yourself.

The Appellate Court held in the case of *Gilbert V. State, 882 so 2d 888,889 (Ala.crim.App.2003) that,* "A filing fee or the approval of an in formas paupers declaration **'must'** be obtained before the Circuit Court acquires jurisdiction to hear the claims presented in a Rule 32-,Ala.R.Crim.Proc., also See: *Hyde V. State, 849 so 2d 808,809 (Ala.crim.App.2004),* In which the appellate Court held: "A Circuit Court does not obtain *'subject-matter-jurisdiction* of a Rule 32-Petition until either a filing fee has been paid or a request to proceed in formas paupers has been granted, *Carpenter V. State, 782 so 2d 848,849 (Ala,Crim.App.2000).*This Courts absence of Jurisdiction over the *'subject-matter'* Voids the January 13th,2000 Judgment entered upon Lockett by this Court. In The case of *Wilkins V. Henry, 221 Ala. 254,256, 128 so 2d 362,364 (1930).*"The Question of Jurisdiction over the subject matter, This ends the inquiry.

The Appellate Court held in the case of *Madden V. State, 885 so 2d 841 (Ala.crim.App.2004),* "That A Void Judgment will not support a Conviction or Sentence; Also See: *City of Huntsville V. Miller, 271 Ala. 687,689, 127 so 2d 606,608 (1958),* In Which the court held, "Where a Judgment is void for want of Jurisdiction, Court's have no alternative but to reverse.

The record and settled laws of this State clearly supports Lockett's contention that the New concurrent Life Sentence in which he received at resentencing of January 13th,2000 is' *invalid'* and therefore the 'mandatory Life sentence' that Lockett received on January 13th,1983 is still in affect.]".

5

**Specifically,** That after post-conviction proceedings, Lockett's January 13th, 2000 resentencing is void, because the *'record'* that the Circuit Court is deliberately withholding this appeal, it will show the Court resentenced Lockett without the benefit of counsel, thus making resentencing void.

The Court of criminal Appeals from Montgomery Circuit Court,[CC-04-1289] In the case, *Terry Harris V. State of Alabama Court of Criminal Appeals of Alabama, 2007 Ala.Crim.App. Lexis 61 CR-04-1617, March 23rd,2007 held:*

"Since the sixth Amendment Constitutionally entitles one charged with crime to the assistance of counsel, Compliance with this Constitutional Mandate is an essential jurisdictional Prerequisite to a federal Courts Authority to deprive an accused of his Life or Liberty, When this right is properly waived, the assistance of counsel is no longer a necessary element of the court's jurisdiction to proceed to Conviction and sentence, If the accused, however; is not represented by counsel and has not Competently and **[2007 Ala.Crim.App. Lexis 18]** intelligently waived his Constitutional Right, The Sixth Amendment stands as a Jurisdictional Bar to a valid Conviction and Sentence depriving him of his Life or his Liberty. A Court's Jurisdiction at the hearing of Trial may be lost in the Court as the Sixth Amendment requires - - by providing Counsel for an accused who is unable to obtain Counsel, Who has not intelligently waived this Constitutional Guaranty, and where Life or Liberty is at stake, If this requirement of the Sixth Amendment is not complied with, The Court no longer has Jurisdiction to proceed.*304 U.S. at 467-68 (footnote omitted),* Accord *Coughlin V. State ,842 so 2d 30, 33 (Ala.crim.App.2002)* ("Thus it is lack of counsel, coupled with the absence of a knowing and intelligent waiver thereof, that Acts to deny the defendant Counsel and to Jurisdictionally bar his Prosecution").

(A),"Which Constitutes a Miscarriage of Justice, When the Trial Court and the Court of Criminal Appeals has personal knowledge that: (1),"Lockett had a "Clear Legal Right" to be represented by a lawyer at the 2000 resentencing. (2), That the Court's failure to first reciev a

filing fee or to approve an in formas paupers declaration before granting his rule 32-petition, (a), Which deprives the Circuit Court of *'subject-matter-jurisdiction'* to entertain Lockett's petition, thus voiding the January 13th,2000 resentencing, (b), The sixth and 14th, amendment to the United States Constitution Guaranteed that a person brought to trial in any State or federal Court *'must'* be afforded the right to the assistance of counsel before he can be validly Convicted and Punished by imprisonment.

## THE ISSUE PRESENTED

*WHETHER WRIT OF MANDAMUS IS TO COMPEL THE CIRCUIT COURT TO PERFORM THEIR DUTY IN WHICH THE COURT REFUSES TO DO SO, WHEN LOCKETT HAS A CLEAR LEGAL RIGHT TO APPEAL, TO THE RELIEF SOUGHT, TO PREVENT UNDUE INJURY, AND PUT AN END TO THIS ILLEGAL INCARCERATION THAT HAS BEEN IMPOSED SINCE JANUARY 13TH, 2000?*

"Rule 21(b), Ala.R.App.Proc., States: "Order Directing Answer:

"if the court is of the opinion that the Writ should not be granted, it *'shall'* deny the petition, See [CR-07-0409], Otherwise, it *'shall'* order that an answer to the petition be filed by the respondents within the time fixed by the order."

**Article 1, § 13,Alabama Constitution of 1901 provides:**

"That all Courts *'shall'* be open; and that every person for any injury done him, in his land, goods, person, or reputation, *'shall'* have a remedy by due process of law; and right and Justice **'shall'** be administrated without sale, denial, or delay.

Lockett argued a right of such fundamental character as contemplated by section 13 may have its source in the legislative process, customs and practices, or in the judicial process. It is the nature and character of the right, i.e., it is being so engrained into the fabric of the law as to acquire a fundamental and basis status, Applicability.

Section 13 of this State's Constitution Protects Lockett from unconstitutional delay, denial of access to courts, Lockett asserts that Alabama's Constitution asserts otherwise in favor of Lockett, his right to access the courts, at what point does the trial court's, Court of criminal Appeals permissible denial become usurpation and oppression?

> **"Article 1, § 36, Alabama Constitution of 1901 provides:**
>
> "That this enumeration of certain rights *'shall'* not impair or deny others retained by the people, and to guard against any encroachment on the right herein retained, We declare that everything in this declaration of Rights is expected out of the general Power of Government, and *'shall'* forever remain inviolate."

Inviolative" as defined in Black's Law Dictionary 826 (6[th],ed.1990) as "intent", not violated, free from substantial impairment. "Lockett's Timely Filed Notice of Appeal as interpreted by the Trial Court is clearly in conflict with the above cited and stated provisions of the Alabama's Constitution of 1901; Moreover; Procedural and Substantive Due Process is being Violated under the Fourteenth Amendment to the United States Constitution by the overall denial of Lockett's Jurisdictional Claim in the Trial Court.

## RELIEF SOUGHT

Appellant / Petitioner seek equal protection of the law / fundamental fairness.

## THE REASON WHY THE WRIT SHOULD ISSUE

Locket has a Clear Legal Right to the relief sought, ***Ex Parte Jackson, 614 so 2d 403 (Ala.1993) holding:***

> "Mandamus may issue to compel the exercise of discretion by an inferior court, however; it may not be used to control or revise the exercise of that discretion except in a case of abuse, ***Ex Parte Edgar, 543 so 2d 684 (citing Ex Parte Smith, 533 so 2d 553 (Ala.1988).*** Mandamus is an extraordinary remedy, but is appropriate in exceptional circumstances that amount to judicial usurpation of power, ***Ex Parte Nice, 407 so 2d 874,877 (Ala.1981),*** Mandamus is not to be used to prevent a gross disruption of the administration of criminal justice".

8

## CERTIFICATE OF SERVICE

I, Aljay Lockett Jr., # 133930 do hereby certify that a copy of the above foregoing by placing a copy of the same in the United States mail postage prepaid with the current address below by placing the same in the hands of prison officials for mailing, done this the _29_ day of _Jan._ 2008.

HON: CHARLES PRICE
**Presiding Circuit Court Judge,**
HON: ELEANOR I. BROOKS
**District Attorney,**
HON: MELISSA RITTENOUR
**Circuit Court Clerk,**
HON: OTIS WILLIAMS
**Circuit Court Clerk's/ Agent of Montg.Co.**
MONTGOMERY COUNTY COURTHOUSE
251 SOUTH LAWRENCE STREET
MONTGOMERY, ALABAMA 36104

Lane Mann, Clerk
**Court of Criminal Appeals of Alabama**
300 Dexter Avenue
P.O. Box 301555
Montgomery, Alabama 36130-1555

Robert G. Esdale, Sr., Clerk
Supreme Court of Alabama
300 Dexter Avenue
Montgomery, Alabama 36104-3741

*Aljay Lockett Jr., # 133930*

9

# IN THE ALABAMA SUPREME COURT
## STATE OF ALABAMA

)

**EX PARTE** ALJAY LOCKETT JR.,

**IN RE:**      ALJAY LOCKETT JR.,
              **Appellant / Petitioner,**

)

VS.                                                        **SC.NO.# 1070505**

)

HON: CHARLES PRICE
**Presiding Circuit Court Judge,**
HON: ELEANOR I. BROOKS
**District Attorney,**
HON: MELISSA RITTENOUR
**Circuit Court Clerk,**
HON: OTIS WILLIAMS
**Circuit Court Clerk's/ Agent of Montg.Co.**
              **Respondents.**

)

---

## AFFIDAVIT IN SUPPORT

---

before me the  undersigned Authority did appear one, Aljay Lockett Jr., # 133930, Whom depose while stating under the penalty of perjury, The Attestations remain true and correct to the best of my knowledge, information and belief as follows:

My Name is Aljay Lockett Jr., being over nineteen (19) years of age and remain competent to execute this Affidavit, which is based on personal knowledge of the facts, evidence surrounding the basis for my relief, Wherefore sets forth the following:

**[A], Exhibit-A,** The record shows this Court failure to rule on Lockett's In Formas Paupers deprived this Court of *'subject-matter-jurisdiction'* in Which to entertain his Rule 32-petition.

**[B], Exhibit-B,** The record shows the October 23rd, 2007 **[CR-06-2124],** Which States:

> "In Accordance with **§ 12-17-24,Ala.Code.1975,** This Petition is **TRANSFERRED** to the Presiding Judge of the Montgomery County circuit Court; Done this 23rd,day of October 2007, Thus in Violation of:
>
>> "Rule 21(b), Ala.R..App.Proc., Which provides; if the Court is of the opinion that the Writ should not be granted, it shall deny the petition, See Exhibit-B, [CR-06-2124], Otherwise it shall order that an answer to the petition be filed by the respondents within the time fixed by the order.

**[C], Exhibit-C,** The record show the Court of criminal Appeals not once issued an order to compel the trial Court, pursuant to Rule 21(b),Ala.R.App.Proc., but instead continue this *'merry-go-round'* when it's been six (6) months since Lockett Timely Filed Appeal in the Montgomery County Circuit Court, an as held in the Constitution of Alabama 1901; When Government assumes other functions it's usurpation an Oppression. Art. 1, § 35, Ala.Const.1901

Lockett States that the above foregoing is true and correct to the best of his knowledge and execute this Affidavit under the penalty of perjury.

Pursuant to Rule 32.3,Ala.R.crim.Proc., known as the burden of proof standard, That is one is only required, by preponderance of evidence, To succinctly predicate, necessary facts which entitle one to relief, if true, and given that the above reference 'record' are requested hereinafter under both Rule 201(d),Ala.R.Evid. and ***Ex Parte Salter, 520 so 2d 213,216 (Ala.crim.App.1987),(*** " . . it is well settled of Course that the Courts, trial and Appellate, Take Notice of their own respective records in the present litigation . . . citing McCormick on Evidence § 330 at 766 (E. Cleary 2d.ed.1972) Which Lockett respectfully invoke,adopts,such language hereinafter..

## CERTIFICATE OF SERVICE

I, Aljay Lockett Jr., # 133930 do hereby certify that a copy of the above foregoing by placing

a copy of the same in the United States mail postage prepaid with the current address below by

placing the same in the hands of prison officials for mailing, done this the 2 9 day of Jan. 2008.

HON: CHARLES PRICE
**Presiding Circuit Court Judge,**
HON: ELEANOR I. BROOKS
**District Attorney,**
HON: MELISSA RITTENOUR
**Circuit Court Clerk,**
HON: OTIS WILLIAMS
**Circuit Court Clerk's/ Agent of Montg.Co.**
MONTGOMERY COUNTY COURTHOUSE
251 SOUTH LAWRENCE STREET
MONTGOMERY, ALABAMA 36104

Lane Mann, Clerk
**Court of Criminal Appeals of Alabama**
300 Dexter Avenue
P.O. Box 301555
Montgomery, Alabama 36130-1555

Robert G. Esdale, Sr., Clerk
Supreme Court of Alabama
300 Dexter Avenue
Montgomery, Alabama 36104-3741

This 2 9 day of Jan 2008.

Sworn before me this 2 9 day of Jan 2008.

_____    9-26-11
Notary Public            My Commission Expires

_____
**Aljay Lockett Jr., # 133930**

114

```
                    ALABAMA JUDICIAL INFORMATION SYSTEM    CASE: CC 1962 001040.
                              CASE ACTION SUMMARY
PAGE:   1                     CIRCUIT  CRIMINAL
  IN THE CIRCUIT COURT OF MONTGOMERY

STATE  OF ALABAMA                VS        LOCKETT ALBERT
                                           P.O. BOX 66
CASE: CC 1982 001040.61                    CAPSHAW, AL  35742 0000

DOB: 00/00/0000       SEX:     RACE:    HT: 0 00  WT: 000   HR:
SSN: 903921040  ALIAS NAMES:
CHARGE01: RULE 32-FELONY       CODE01: RULE  LIT: RULE 32-FELONY
OFFENSE DATE:                         AGENCY/OFFICER:

DATE WAR/CAP ISS:                     DATE ARRESTED:
DATE    INDICTED:                     DATE    FILED: 06/11/1998
DATE  RELEASED:                       DATE  HEARING:
BOND    AMOUNT:           $.00        SURETIES:

DATE 1:           DESC:               TIME: 0000
DATE 2:           DESC:               TIME: 0600
  DEF/ATY:                       TYPE:                    TYP:


PROSECUTOR:


OTH CSE:   000000000000 CHK/TICKET NO:              GRAND JURY:
COURT REPORTER:             SID NO:     000000000
EF STATUS: PRISON           DEMAND:                   OPER: REF
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|------|-------------------------------|
| 7-9-99 | Copy to DA |
| 7-29-99 | answer to defendent's petition for relief from conviction or sentence |
| 5-17-99 | |
| 12-6-99 | Motion for Continuance |
| 1-13-2000 | Order- Treating Rule 32 |

Ado0

Exhibit - A

THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT

THE ALABAMA COURT OF CRIMINAL APPEALS

CR-06-2142

Ex parte Aljay Lockett, Jr.

PETITION FOR WRIT OF MANDAMUS

(In re:  State of Alabama v. Aljay Lockett, Jr.)

Montgomery Circuit Court Nos. CC-82-1041;  CC82-1042; and CC82-1043

**ORDER**

In accordance with  § 12-17-24, Ala. Code 1975, this petition is TRANSFERRED to the Presiding Judge of the Montgomery Circuit Court.

Baschab, P.J., and McMillan, Shaw, Wise, and Welch, JJ., concur.

Done this 23rd day of October, 2007.

_____
PAMELA W. BASCHAB, PRESIDING JUDGE

cc:    Hon. Charles Price,  Presiding Judge
       Hon. Melissa Rittenour,  Clerk
       Aljay Lockett, Jr.,  pro se
       Eleanor Idelle Brooks, District Attorney
       Office of the Attorney General

Exhibit - B

THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT

THE ALABAMA COURT OF CRIMINAL APPEALS

CR-07-0409

Ex parte Aljay Lockett, Jr.

PETITION FOR WRIT OF MANDAMUS

(In re: State of Alabama v. Aljay Lockett, Jr.)

Montgomery Circuit Court Nos. CC-82-1041; CC-82-1042; and CC-82-1043

### ORDER

The petitioner, Aljay Lockett, Jr., filed this petition for a writ of mandamus directing the circuit clerk of Montgomery County to transmit a notice of appeal that he says he filed with that office.

Section 12-17-24, Ala. Code 1975, states:

"The presiding judge shall exercise a general supervision of the judges, clerks, registers, court reporters, bailiffs, sheriffs, and other court employees of the circuit and district courts within the circuit, except employees of the clerk, and see that they attend strictly to the prompt, diligent discharge of their duties."

In accordance with § 12-17-24, Ala. Code 1975, this petition is TRANSFERRED to the Presiding Judge of the Montgomery Circuit Court.

Baschab, P.J., and McMillan, Shaw, Wise, and Welch, JJ., concur.

Done this 22nd day of January, 2008.

_Pamela W. Baschab_
PAMELA W. BASCHAB, PRESIDING JUDGE

cc:     Hon. Charles Price, Presiding Judge
        Hon. Melissa Rittenour, Clerk
        Aljay Lockett, Jr., pro se
        Eleanor Idelle Brooks, District Attorney
        Office of the Attorney General

*Exhibit-C*

[4],"Properly invoked Jurisdiction of the Court, **Ex Parte Martin, 598 so 2d 1381 (Ala.1992),** That Court have held that a petition for a writ of mandamus is the appropriate method to challenge the trial courts jurisdiction.

## THE ISSUE PRESENTED

### WHETHER APPEAL IN THIS CASE TO BE CONSIDERED ADEQUATE TO PREVENT 'UNDUE INJURY'?

**(A),**"Canon 3.C (1), Alabama Canon of Judicial Ethics States:

(1)."A Judge should disqualify himself in a proceeding in which his disqualification is required by law or impartiality might reasonable be questioned, including but not limited to instances where:

(A),"He has Personal bias or Prejudice Concerning a party, or Personal Knowledge of disputed evidentiary facts concerning the proceeding.

## RELIEF SOUGHT

Petitioners seek equal protection of the Law, Fundamental Fairness.

## THE REASON WHY THE WRIT SHOULD ISSUE

Lockett has a clear legal right to the relief sought, **Ex Parte Jackson, 614 so 2d 403 (Ala.1993)** holding:

"Mandamus may issue to compel the exercise of discretion by an inferior Court, however, it may not be used to control or revise the exercise of that discretion except in a case of abuse, **Ex Parte Edgar, 543 so 2d 684 (citing Ex Parte Smith, 533 so 2d 533 (Ala.1988)).** Mandamus is an extraordinary remedy, but is appropriate in exceptional circumstances that amount to judicial usurpation of power, **"Ex Parte Nice, 407 so 2d 874,877 (Ala.1981)** Mandamus is not to be used to prevent a gross disruption of the administration of criminal justice.

Respectfully Submitted,

*Aljay Lockett*

### CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the above foregoing by placing a copy of the same in US mail postage prepaid with the correct address below by placing the said same in the hand of prison officials for mailing:

HON: Otis Williams
HON: CHARLES PRICE
HON: ELEANOR I. BROOKS
HON: RITTENOUR CIRCUIT CLERK
MONTGOMERY COUNTY CIRCUIT COURT
251 SOUTH LAWRENCE STREET
MONTGOMERY, ALABAMA
                36104

OFFICE OF THE ATTORNEY GENERAL OFFICE
11 SOUTH UNION STREET
MONTGOMERY, ALABAMA
                36130-0152

THIS __27__ DAY OF __NOV__ 2007.

SWORN BEFORE ME THIS __27__ DAY OF __Nov__ 2007.

_Mark Reeve_                          __8-28-11__
NOTARY PUBLIC                          MY COMMISSION EXPIRES

9