IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Civil Action NO.# 2:08 CV-113-MEF

ALJAY LOCKETT JR., # 133930
**Petitioner,**

Vs.

WARDEN MITCHEM, et al.,
**Respondents.**

---

*"MOTION FOR PERMISSION OF THE COURT TO AMEND ORIGINAL PLEADINGS, PURSUANT TO § 2241 © (3) AND (5), UNDER RULE 15 ©, FED. R. CIV. PROC.,"*

---

Prepared By:

*Aljay Lockett Jr.,# 133930*
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, Alabama
        35749-7009

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA   RECEIVED
NORTHERN DIVISION

2008 MAR -3  A 9: 43

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

ALJAY LOCKETT JR., # 133930       )
**Petitioner,**
                                  )

                                  )
Vs.                                     Civil Action NO.# 2:08 CV-113-MEF

                                  )
WARDEN MITCHEM, et al.,
**Respondents.**
                                  )

---

***"MOTION FOR PERMISSION OF THE COURT TO AMEND ORIGINAL
PLEADINGS, PURSUANT TO § 2241 (c) (3) AND (5), UNDER
RULE 15 (c), FED. R. CIV. PROC.,"***

---

Comes Now Petitioner, *[Aljay Lockett Jr # 133930.,]* **pro /se** and moves this Honorable Court for permission to Amend his original pleadings, pursuant to *§ 2241 (c) (3) and (5),* and for good cause shown:

## FACTS

On May 3rd,2007, Lockett filed *§ 13A-5-9.1* Motion for a lighter sentence under the retroactive application of the HFOA, by certified mail. The Circuit Court of Montgomery County Circuit Clerk's Office and or Agent, "Tommie Johnson" who received Lockett's Petition On May 8th, 2007. On May 16th,2007, The Above-styled Matter was set for a hearing on Lockett's Motion to Reconsider Sentence on June 22nd,2007. On That same day before entering the Court Room, The State handed Lockett the States Response to Motion for Reconsideration of Sentence and Motion to Dismiss. The Court issued a order July 3rd,2007 Dismissing Lockett's Motion For Reconsideration, Pursuant to **_Kirby_** using one "specific" reason for the Court's denial of Lockett's *§ 13A-5-9.1 Motion,* "the January 13th,2000 Resentencing".

1

2

On July 21st, 2007 Lockett filed a Motion To Arrest Judgment" in which he "specifically" objected to the basis of the Circuit Court's Judgment, which stated: "He was not sentenced to a mandatory Life sentence based on three prior convictions due to the January 13th, 2000 resentencing in which he received a Life sentence using only one prior conviction. "Thus giving the Circuit Court the first opportunity to rectify its error.

In The Motion To Arrest Judgment that Lockett filed, He stated Two (2), "Specific" statements to support his objections that the January 13th, 2000 resentencing in which the Circuit Court relied upon is "void".

> "The <u>First Ground</u> locket States before the Circuit Court was the Court's "failure to first receive a filing fee or to approve an In Formas Paupers Declaration before granting his Rule 32-petition" Which deprives the Circuit Court of Subject-Matter Jurisdiction to entertain Lockett's Petition. Thus "Voiding" The January 13th, 2000 Resentencing".
> "The <u>Second Ground</u> Lockett raised before the Circuit Court was The Court's decision and choice to resentence him on January 13th, 2000 without the benefit of counsel" thus also establishing that the resentencing is "Void".

The two (2) above, "specific" statements that Lockett based the objections upon clearly purports that the "original" sentence of a "mandatory Life Sentence is still in effect." Thus clearly establishing the basis of the Circuit Court's Judgment in denying Lockett relief under *§ 13A-5-9.1 and **Kirby** is in error.*

The above facts are undisputed due to the Circuit Court's choice to turn a blind eye and a deaf ear to the injustice that has been imposed upon Lockett by failing to entertain his Motion To Arrest Judgment..

On August 13th,2007. The Court issued an Order Denying Lockett's Motion To Arrest Judgment, On August 9th,2007," Lockett filed Timely Notice of Appeal by certified Mail with return receipt from the decision rendered in this Action On July 3rd,2007,with Reporters Transcript Order-Criminal, Additional Proceedings Requested, "The January 13th,2000 Resentencing, The June 22nd,2007 Hearing Transcript, and Motion To Arrest Judgment, Court of Criminal Appeals Docketing Statement", served a copy upon the Court of Criminal Appeals Court and On August 13th,2007 The Circuit Clerk's Office / and or Agent, "Otis Williams" received Lockett's Notice of Appeal, and On August 15th,2007 The Court of Criminal Appeals received their copy filed August 15th,2007. The Court of Criminal Appeals received their copy and filed it August 15th,2007 and returned to Lockett on August 15th,2007.

Lockett filed mandamus on September 7th,2007. The Court of Appeals issued an Order, and Lockett Complied with order dated September 7th,2007 and On October 23rd,2007 The Court of Appeals issued an Order, "In Accordance with *§ 12-17-24,Ala.Code.1975* This Petition is transferred to the Presiding Judge of the Montgomery Circuit Court.

Lockett was not served with the Circuit Court response, but out the back door informed the Court of Appeals that it has not received Notice of Appeal that Lockett claims he filed. Immediately up to their tricks, Lockett filed another Writ of Mandamus with documents showing the court that Lockett filed timely Notice of Appeal in the Circuit Court, The Court of Appeals issued another Order January 22nd,2008 and like before Lockett was not served with a copy of the trial court's response. Lockett then filed to the Alabama Supreme Court, which denied his petition. Lockett then filed his Habeas Corpus, Alleging Two Grounds to wit:

### ISSUES PRESENTED
[1],"locket Alleging he is being denied Access To The Courts
    (a),"On August 9th, 2007 Lockett filed Timely Notice of Appeal by Certified Mail to The Circuit Court Clerk, Melissa Rittenour in Montgomery County, Alabama.

3

(b),"Lockett alleging the Circuit Court received Lockett's Notice of Appeal on August 13[th] 2007, signed by the Circuit Court Clerk's Office and or Agent, "Otis Williams".

[2]."Lockett alleging he is being denied his guaranteed right to "Appeal".

(A), "In Alabama, The right to Appeal is guaranteed by Statute, Ala.Code.1975 § 12-22-130. See also *State V. Bibby, 47 Ala.App.240, 252 so 2d662 (1971); McCray V. State, 46 Ala.App.588, 246 so 2d 475 (1971)*

## CONSTITUTIONAL AND CIVIL RIGHTS VIOLATION
## ARGUMENT NO. I

Lockett argues **Art.1V, § 2,cl. 1**, "Civil Practice and Procedure Id at #9, **"Access To Courts"**:

"Power of State to determine limits of jurisdiction of its Courts and character of Controversies which shall be heard in them and to regulate practice and procedure, is subject to restrictions imposed by privileges or immunities clause of Federal Constitution. Cited in ***Angel V. Bullington, (1947), 330 U.S. 185, 91 L.Ed.832, 67 S.Ct.657.***

Privileges and immunities clause require State to access to citizens of our States Substantially same right of access to its Courts as it accords to its own citizens. *Cited in **Mcknett V. St. Louis & S.F.R.Co.** (1934), 292 U.S. 230, 78 L.Ed.1227, 54 S.Ct.690, reh den.(1934), 272 U.S. 613, 78 L.Ed.1472, 54 S.Ct.855.*

It is now further established beyond doubt that prisoners have a Constitutional right of access to the Courts. Cited in ***Bounds V. Smith, 430 U.S. 817,821, 97 S.Ct.1491, 1494, 52 L.Ed.2d (1977), Holding:*** "Through this right is not absolute or unconditional, restrictions may not deprive inmates of adequate, effective, and meaningful access to the Courts. ***Bounds***, 430 U.S. at 822,97 **S.Ct.at 1495 [L]itigiousness** alone will not support an injunction against a Plaintiff should be approached with caution."***Pauilonis V. King, 625 F.2d.1075,1079 (1st,Cir.)Cer.denied, 449 U.S. 829,101 S.Ct.96, 66 L.Ed.2d.34 (1980)*** "Access to the Courts is a fundamental tenet of our Judicial System. Legitimate Claims should receive a full and fair hearing no matter how litigious the Plaintiff may be. **In re Oliver,682 F.2d.443,446 (3rd,Cir.1982).**

Lockett lastly argues In Alabama, the right to appeal is guaranteed by statute, Ala.Code.1975, § 12-22-130; "Where State Prison Authorities, and State Courts in violation of equal protection clause of fourteenth amendment, frustrated prisoner's attempt to file timely

4

appeal from his Conviction. Federal District Court, in habeas corpus preceedings should enter such orders as are appropriate to allow State reasonable time in which to afford prisoner full appellate review he would have received but for frustration of his appeal, failing which he shall be discharged. Cited in **_Dowd V. United States_**, *(1951), 340 U.S. 206, 95 L.Ed.215, 71 S.Ct.262, 19 ALR 2d.784.*

## RELIEF SOUGHT

[1],"Petitioner request pursuant to 28 USCS § 2243 That this Court dispose of his claims in this habeas corpus in a summary way; interests of both petitioner and public requires promptness; that if petitioner is unlawfully restrained of his liberty it may be given to him as speedily as possible; that if not, all having anything to do with his restraint be advised thereof, and mind of public be put at rest, and also that if further action is to be taken in the matter it may be taken without delay. **_Storti V. Massachusetts_**, *(1901) 183 U.S. 138,46 L.Ed.120, 22 S.Ct.72.*

[2],"Petitioner request the general Rule in Habeas Corpus practice is that prisoner will be produced before court, **_Johnson V. Eisentrager_** *(1950), 339 U.S. 763, 94 L.Ed. 1255, 70 S.Ct.936.*

[3],"Petitioner request hearing on Order, If issue of fact is presented upon return to order to show cause why writ of habeas corpus should not issue out of federal court, Court should-instead of proceeding to adjudicate petitioner's right to return upon allegations of petition and traverse, and those of writ and accompanying affidavits, without taking of testimony-issue writ, have petitioner produced, and hold hearing at which evidence is taken by examining witnesses or receiving their deposition in view of command of predecessor to 28 USCS § 2243, that Court or Judge shall proceed "to determine facts of case by hearing testimony and arguments. **_Walker V. Johnston_**, *(1941) 312 U.S. 275, 85 L.Ed.830, 61 S.Ct. 574,* **_King V. Smith_**, *(1946) CA9 Wash) 158 F.2d.715,* **_Wright V. Dickerson_**, *(1964 CA9.Cal) 336 F.2d. 878, cert. denied (1967), 386 U.S. 1012, 18 L.Ed.2d.444,87S.Ct.1360.* **_United States Ex rel Kendzierski V. Brantley_**, *(1971 CA7 III), 447 F.2d. 806.*

5

[4],"Petitioner request, pursuant to **28 USCS § 2241(c)(3)**, this court to release petitioner from this uncounseled conviction and sentence imposed January 13th, 2000 in which the trial court is withholding petitioner's appeal and records that will show the conviction and sentence petitioner is serving since January 13th, 2000 is a uncounsel conviction and sentence.

## CONCLUSIONS

Based on the above and the records before this honorable court and the facts presented, Petitioner is entitled to equal protection under the laws of this state:

(a), The Fact and record is undisputed that Lockett filed timely Notice of Appeal in the Circuit Court of Montgomery County, Alabama and received by Agent,"Otis Williams".

(b),"The Facts and Record is undisputed that the Court is withholding Lockett's Appeal and Transcript that will show the Court error in denying Lockett relief based on the January 13th, 2000 resentencing.;Because:

[1],"The State's failure to first receive a filing fee or to approve an In Formas Paupers Declaration before granting his Rule 32-Petition, which deprived The Circuit Court of Subject-Matter-Jurisdiction to entertain Lockett's Petition. Thus Voiding the January 13th, 2000 resentencing.

[2],"The Court's decision and choice to resentence Lockett on January 13th, 2000 Without the benefit of Counsel, Thus also establishing that the resentencing is "Void".

It is certain that a defendant in a criminal prosecution has a constitutional right to assistance of counsel under the sixth and fourteenth amendments of the United States Constitution. *Gideon V. Wainwright*, 372 U.S. 335,342,83 S.Ct.792, 795, 9 L.Ed.2d 799(1963). The right to counsel requires only that "no indigent criminal defendant" be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense *Scott V.Illinois*, 440 U.S. 367,374, 97 S.Ct.1158, 1162, 59 L.Ed.2d.383 (1979).

6

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the above foregoing upon the Attorney General Office by placing the same in the U.S. mail postage prepaid and properly addressed. done this the 2/29th, 2008.

Office of the Attorney General
11 South Union Street
Montgomery, Alabama 36130-0152

Done this the 2/29th/2008

*Aljay Lockett Jr., # 133930*
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, Alabama
       35749-7009

M
HUNT... LE AL 35..
..008
..29

Mr. Altay Lockett Jr. 133930
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, Alabama
35749

FM
HUNTSVILLE AL 35..
2008
29

USA 41
USA 41

Office Of The Clerk
United States District Court
P.O. Box 711
Montgomery, Alabama
36101-0711