**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

RECEIVED

2008 MAR -3  A 9: 44

DEBRA P. HACKETT, CL
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**Civil Action NO># 2:08 CV-113-MEF**

ALJAY LOCKETT JR.,# 133930
**Petitioner,**

**V.**

WARDEN MITCHEM,et al.,
**Respondents.**

---

**AFFIDAVIT IN SUPPORT**

---

Prepared By:

ALJAY LOCKETT JR., # 133903
LIMESTONE CORRECTIONAL FACILITY
28779 NICK DAVIS ROAD
HARVEST, ALABAMA
            35749-7009

1

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

|  |  |
|---|---|
| ALJAY LOCKETT JR.,# 133930<br>    **Petitioner,** | )<br>) |
| **V.** | )<br>)<br>**Civil Action NO># 2:08 CV-113-MEF** |
| WARDEN MITCHEM.et al.,<br>    **Respondents.** | )<br>)<br>)<br>) |

---

## AFFIDAVIT IN SUPPORT

---

I, Aljay Lockett Jr., makes this affidavit in good faith that everything herein this Affidavit to support. "Motion For Permission of the Court to Amend Original Pleadings. Pursuant To § 2241 (c) (3) and (5) Under Rule 15(c).Fed.R.Civ.Proc., is true and correct to the best of my knowledge. That I am over the age of nineteen years of age, and has personal knowledge of the facts stated herein that:

On May 3rd,2007, Lockett filed § 13A-5-9.1 Motion for a lighter sentence under the retroactive application of the HFOA, by Certified Mail. The Circuit Court of Montgomery County Circuit Clerk's Office and or Agent, "Tommie Johnson" who received Lockett's Motion on May 8th,2007. On May 16th,2007 the above-styled matter was set for a hearing on Lockett's motion to reconsider sentence on June 22nd,2007 and on that same day before entering the Court Room, "The State handed Lockett the States response to Motion for Reconsideration of Sentence and Motion To Dismiss.

The Court issued a Order July 3rd,2007 Dismissing Lockett's Motion for Reconsideration, pursuant to **_Kirby_** using "ONE SPECIFIC" reason for the Court's denial of Lockett's **§ 13A-5-9.1 Motion, "The January 13th,2000 Resentencing"**. On July 21st,2007 Lockett filed a Motion To Arrest Judgment in which he "Specifically" objected to the basis of the Circuit Court's Judgment which stated:

> "He was not sentenced to a mandatory life sentence based on three prior conviction due to the January 13th,2000 resentencing in which he received a life sentence using only **_'one'_** prior conviction. "Thus giving the Circuit Court the first opportunity to rectify its error".

In the Motion To Arrest Judgment that Lockett filed, He Stated Two (2) "Specific" Statements to support his objections that the January 13th,2000 resentencing in which the Circuit Court relied upon is **_'void'_**.

> "The first ground locket states before the Circuit Court was the Court's failure to first receive a filing fee or to approve an In Formas Paupers Declaration before granting his Rule 32-petition "Which deprives the Circuit Court of Subject-Matter-Jurisdiction to entertain Lockett's Petition, Thus voiding the January 13th,2000 resentencing.
> "The Second ground Lockett raised before the Circuit Court was the Court's decision and choice to resentence him on January 13th,2000 without the benefit of counsel. Thus establishing that the resentencing is **_'void'_**

The Two (2) above "Specific" statement that Lockett based the objections upon clearly purports that the "original" sentence of a mandatory life sentence is still in effect, Thus clearly establishing the basis of the Circuit Court's judgment in denying Lockett relief under § 13A-5-9.1 and **_Kirby_** is in error.

The above facts are undisputed due to the Circuit Court's choice to turn a blind eye and a deaf ear to the injustice that has been imposed upon Lockett by failing to entertain his Motion To Arrest Judgment. On August 13th, 2007, The Court issued an Order Denying Lockett's Motion To Arrest judgment and On August 9th,2007 Lockett filed Timely Notice of Appeal by Certified Mail with return receipt from the decision rendered in this action On July 3rd,2007 with reporter's transcript order-criminal. Additional proceedings

requested,"The January 13th,2000 resentencing and the June 22nd,2007 Hearing Transcript and Motion To Arrest Judgment, Court of Criminal Appeals Docketing Statement and served a copy upon the Court of Criminal Appeals and On August 13th,2007 The Circuit Clerk's Office and or Agent "Otis Williams" received Lockett's Notice of Appeal, and On August 15th,the Court of Criminal Appeals received their copy and filed it on august 15th,2007.

Lockett filed Mandamus on September 7th,2007. The Court of Appeals issued an Order and Lockett complied with order dated September 7th,2007 and on October 23rd,2007 the Court of Appeals issued an Order in Accordance with § 12-17-24,Ala.Code.1975 This petition is transferred to the Presiding Judge of the Montgomery Circuit Court.

Lockett was not served with the Circuit Court response, but out the back door the Circuit Court Clerk informed the Court of Appeals that it has not received Notice of Appeal that Lockett claims he filed, So immediately realizing the Circuit Court was up to their tricks again as always Lockett filed another Writ of Mandamus with all his documents proving and showing the Court of Appeals that Lockett had filed his Notice of Appeal Timely and the Court of Appeals issued another Order January 22nd,2008 and like before Lockett was not served with a copy of the trial Court's response, Lockett then filed to the Alabama Supreme Court, which denied his petition, Lockett then filed his Habeas Corpus Alleging Two Grounds to Wit:

"[1],"Lockett alleging he is being denied Access To The Courts.

(a),"On Augusts 9th,2007,Lockett filed Timely Notice of Appeal by Certified Mail to the Circuit Court Clerk, Melissa Rittenour in Montgomery County, Alabama.

(b),"Lockett alleging the Circuit Court received Lockett's Notice of Appeal on August 13th,2007,Signed by the Circuit Court Clerk's Office and or Agent. "Otis Williams".

4

[2],"Lockett alleging he is being denied his guaranteed right to Appeal."

(a)."In Alabama. The right to Appeal is guaranteed by statute,Ala.Code 1975 § 12-22-130. See Also ***State V. Bibby, 47 Ala.App.240, 252 so 2d 662 (1971); McCray V. State, 46 Ala.App. 588, 242 so 2d 475 (1971).***

I swear under the penalty of perjury that the above foregoing is true and correct to the best of my knowledge and belief.

Sworn and subscribed before me this the _28_ day of _Feb_ 2008.

*Notary Public*                               9-26-11

                                              *My Commission Expires*

                                              *Aljay Lockett Jr., # 133930*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the above foregoing upon the Attorney General Office by placing the said same in the U.S. Mail postage prepaid and properly addressed as follows:

Office of the Attorney General
11 South Union Street
Montgomery Alabama
            36130 –0152

Done this the _28_ day of _February_ 2008.

*Aljay Lockett Jr., # 133903*
*Limestone Correctional Facility*
*28779 Nick Davis Road*
*Harvest, Alabama*
            *35749-7009*