# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

|  |  |  |
|---|---|---|
| ALJAY LOCKETT, JR., | ) | |
| AIS #133930, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. |
| | ) | 2:08-cv-113-MEF |
| | ) | |
| WARDEN MITCHEM, *et. al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## ANSWER

Come now the Respondents and make answer to the petition as follows.

## PROCEDURAL HISTORY/EXHAUSTION

1. Lockett was convicted of three counts of theft of property in the first degree, a Class B felony, Ala. Code § 13A-8-3 (1994), in 1983. Following proof of three prior felony convictions from Michigan, Lockett was sentenced, pursuant to the Habitual Felony Offender Act (HFOA) in effect at that time, to a mandatory term of life. <u>See</u>, Ala. Code § 13A5-9-(c)(2) (1994). Lockett did not appeal his convictions or sentences.

2.  In January 2000, Lockett filed a Rule 32, Alabama Rules of Criminal Procedure, petition challenging his sentence.  Lockett asserted that his three Michigan convictions were not felonies under Alabama law and therefore could not be used to enhance his sentence.  Judge Price agreed that two of the three Michigan convictions should not have been used to sentence Lockett to the mandatory life sentence.  Using the one Michigan conviction found to be a felony under Alabama law, Judge Price resentenced Lockett to a non-mandatory life sentence.  See, Ala. Code § § 13A-5-9(a)(2), 13A5-6(a)(1) (1994).[1]

3.  In 2006, Lockett filed a motion to reconsider his sentence pursuant to Ala. Code § 13A5-9.1 (2006) and Kirby v. State, 899 So. 2d 968 (Ala. 2004).  The State's answer to Lockett's motion correctly argued that under state law, Lockett was ineligible to have his sentenced reviewed under the provisions of Ala. Code § 13A-5-9.1 (2006) because he had not been resentenced pursuant to the mandatory life provisions of Ala. Code § 13A5-9(c)(2) (1994) provisions of the HFOA but was resentenced pursuant to Ala. Code § 13A-5-9(a)(2), to a non-mandatory life sentence.  Holt v. State, 960 So. 2d 726, 734-736 (Ala. Crim. App. 2006), cert. quashed, 960 So. 2d 740 (Ala. 2006)(setting out the three eligibility requirements

---

[1] The above procedural history is based on the magistrate judge's Report and Recommendation in Lockett v. Farrell, CV No. 2:02-CV-1106-F (Middle District Ala. Jan. 20, 2005).

for resentencing pursuant to the May 2000 amendments to the HFOA.) See Exhibit

4 to Lockett's petition. Judge Price agreed with the State's response and denied

Lockett's motion because Lockett was not eligible under state law to have his life

sentence reconsidered. See exhibit 5 to Lockett's petition.

4. According to Lockett, he attempted to appeal the denial of his motion to

reconsider his sentence. The Court of Criminal Appeals returned Lockett's appeal

materials to him finding that his notice of appeal was not timely. See Lockett's

exhibit 9. Lockett filed a mandamus petition arguing that he did in fact file a

timely notice of appeal. That petition was transferred by the Court of Criminal

Appeals to Judge Price in his capacity as presiding judge. See Respondents'

exhibit 2. To date, Judge Price has not ruled on the Court of Criminal Appeals'

Order.

5. On February 22, 2008, Lockett filed, in the Court of Criminal Appeals, a

"Petition for Status," etc. regarding the Court of Criminal Appeals' Order

transferring Lockett's mandamus petition to Judge Price. See Respondents' exhibit

3. The Court of Criminal Appeals has not ruled on Lockett's request. Not

satisfied, Lockett filed a mandamus petition in the Alabama Supreme Court on

January 29, 2008 concerning his notice of appeal, which the Supreme Court struck

on February 29, 2008. See Respondents' exhibits 4 and 5.

6. Judge Price has not ruled on the mandamus petition that the Court of

Criminal Appeals transferred to him.

7. As understood by Respondents, Lockett's petition in this Court, at least

the original petition, asserts that Lockett is being denied access to the State courts

because his notice of appeal from the denial of his motion to reconsider was not

filed, according to Lockett. Lockett has not exhausted this issue because the

mandamus petition that the Court of Criminal Appeals transferred to Judge Price is

still pending.[2] Thus, this Court should hold this petition in abeyance pending the

outcome of the State court proceedings, or as argued below, deny the petition on

the merits without requiring full exhaustion. See, § 2254(b)(2).

### DISCUSSION OF GROUNDS FOR RELIEF

8. According to Respondents' exhibit one, the Montgomery County Circuit

Court Clerk's Office has no record of any notice of appeal filed by Lockett from

July 2007 Order by Judge Price's denying Lockett's motion to reconsider his

---

[2] Although treated as a § 2241 petition, Lockett's petition is still subject to the
exhaustion requirement of § 2254(b)(1)(A). Medberry v. Crosby, 351 F.3d 1049
(11th Cir. 2003).

sentence. Thus, because no notice of appeal was filed, Lockett is not being denied

"access to courts" as he asserts. Therefore, this Court should reject Lockett's

contrary assertion.

9. Assuming, *arguendo*, that this Court finds that further efforts to exhaust

Lockett's claim in state courts would be futile and assuming arguendo that Lockett

did file a notice of appeal but it was not properly processed by the Circuit Clerk"

Office, then this Court must decide whether or not the lack of an appeal from the

denial of Lockett's motion to reconsider warrants any relief or is harmless error.

10. In <u>Fry v. Pliler</u>, 127 S.Ct. 2321 (2007), the Supreme Court reaffirmed it

previous holding in <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 631 (1993), that the

proper standard for determining whether a constitutional error was harmless, even

if the state court did not apply a harmless error analysis, was the standard set out in

<u>Brecht</u>. The <u>Brecht</u> standard requires a showing of a "substantial and injurious

effect or influence" on the outcome of the trial in the fact situation before the

Court. <u>Brecht</u>, <u>supra</u>, quoting <u>Kotteakos v. United States</u>, 328 U.S. 750 (1946).

Because state law is so clear and settled that Lockett is ineligible to have his

sentence reviewed under  Ala. Code § 13A-5-9.1 (2006), Judge Price's Order

denying Lockett's motion to reconsider will inevitably be affirmed.  See <u>Holt</u>,

5

960 So. 2d 726; <u>Prestwood v. State</u>, 915 So. 2d 580, 582 (Ala. Crim. App. 2005).

Thus, Lockett cannot show any injury from the alleged failure of the Clerk's Office

to process his appeal (assuming it did) and, therefore, any error would be harmless.

11. To the extent Lockett is attempting to litigate the constitutional validity

of his resentencing in January 2000 in his amended petition, this Court must

dismiss those claims because it lacks jurisdiction to entertain them because this

petition is a second or successive petition under § 2244(b)(1), for previously raised

claims, or (b)(2) for those claims which were not raised. See Report and

Recommendation in <u>Lockett v. Farrell</u>, CV No. -2:02-CV-1106-F (MD Jan. 2005)(

litigating all issues surrounding Lockett' resentencing in 2000) Respondent's

exhibit 6; <u>Gonzales v. Crosby</u>, 545 U.S. 524, 530-533 (2005); <u>In re Bryan,</u> 244

F.3d 803,804-805 (2000); <u>In re Diaz</u>, 471 F.3d 1262, 1263-1264 (2006). Lockett

has not sought permission from the 11th Circuit to file a second or successive

petition and therefore this Court lacks jurisdiction to entertain any claim(s) relating

to Lockett's resentencing in 2000. <u>See</u>, <u>Burton v. Stewart</u>, 127 S.Ct. 793; <u>In re:</u>

<u>Rutherford</u>, 437 F.3d 1125 (11th Cir. 2006).

12. Whether an inmate is eligible for sentence reconsideration or, if eligible,

should have his sentence reduced pursuant to § 13A-5-9.1, are issues of state law

6

and are not a basis for habeas corpus relief. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Curry v. Culliver, 141 Fed. Appx, 832 (11th Cir. 2005)(attached hereto as Respondents' exhibit 7).

13. In his amended petition, Doc. 5 at pp. 2-3, Lockett appears to argue that certain errors were made during his 2000 resentencing. In addition to the grounds argued in paragraph 11 above, any errors occurring in the state post conviction proceedings do not state a due process claim and thus are not grounds for habeas corpus relief. Quince v. Crosby, 360 F.3d 1259, 1261-1262 (11th Cir 2004); Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987). Additionally, Lockett's claim that he was not represented by a lawyer in the 2000 Rule 32 proceeding (Doc. 5 at pp. 5-6) does not state a ground for relief because he was not constitutionally entitled to a lawyer at a Rule 32 hearing. Pennsylvania v. Finely, 481 U.S. 551, 557-558 (1987); Coleman v. Thompson, 501 U.S. 722, 725 (1991).

## CONCLUSION

According to settled state law, Lockett was not eligible to have his sentence reconsidered under Ala. Code § 13A-5-9.1 (2006) and Kirby v. State. Although

7

state law allows for an appeal from the denial of a motion to reconsider, the outcome of such an appeal in Lockett's case is also settled---the denial would be affirmed. The lack of an appeal, for what ever reason, is harmless error and therefore Lockett's petition is due to be denied.

Lockett's attempt to raise issues concerning his resentencing in 2000 must rejected because it amounts to a second or successive petition which is barred under § 2244(b).

This Court should deny Lockett's petition.

Respectfully submitted,

Troy King (KIN047)
*Attorney General*

/s/P. David Bjurberg
P. David Bjurberg (BJU001)
*Assistant Attorney General*
Counsel for Respondents

8

# CERTIFICATE OF SERVICE

I hereby certify that on this <u>26th</u> day of March, 2008, I electronically filed the foregoing Answer and exhibits with the Clerk of the Court using the CM/ECF; and I hereby certify that I have mailed by United States Postal Service the foregoing (including exhibits) to the following non-CM/ECF participants:  <u>Aljay Lockett, Jr., AIS #133930, Limestone Correctional Facility, 28779 Nick Davis Road, Harvest, Alabama  35749</u>.

/s/P. David Bjurberg
P. David Bjurberg (BJU001)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL  36130-0152
Telephone:  (334)  242-7300
Fax:  (334)  242-2848
E-Mail:  DBjurberg@AGO.State.AL.US

397745/118748-001



**Melissa Rittenour,** Clerk and Register, Circuit Court Montgomery County        Telephone (334) 832-1260

Montgomery County Courthouse, P.O. Box 1667, Montgomery, AL 36102-1667

February 27, 2008

Re:  State of Alabama
           Vs
       Aljay Lockett
       CC 82- 1041/1042/1043

Mr. Bjurberg:

This letter is in connection to a phone request you made to me this week concerning a "Kirby" appeal on the above referenced case. I have personally done a thorough search of Mr. Lockett's physical file as well as the computer records, to include all seven of his Rule 32 Petitions and his Kirby Motions.  I had another court specialist check behind me and neither of us was able to locate an appeal for the denial dated July 3, 2007, of the Kirby Motion.  I do not locate any appeal filed with the Circuit Clerk at any time during August, 2007.

If you need any further information concerning this matter, please let me know.  I'll be glad to do whatever I can.

Sincerely,

*Becky Waits*

Becky Waits
Deputy Clerk
Circuit Court, Montgomery, Alabama

THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT

THE ALABAMA COURT OF CRIMINAL APPEALS

CR-07-0409

Ex parte Aljay Lockett, Jr.

PETITION FOR WRIT OF MANDAMUS

(In re: State of Alabama v. Aljay Lockett, Jr.)

Montgomery Circuit Court Nos. CC-82-1041; CC-82-1042; and CC-82-1043

## ORDER

The petitioner, Aljay Lockett, Jr., filed this petition for a writ of mandamus directing the circuit clerk of Montgomery County to transmit a notice of appeal that he says he filed with that office.

Section 12-17-24, Ala. Code 1975, states:

"The presiding judge shall exercise a general supervision of the judges, clerks, registers, court reporters, bailiffs, sheriffs, and other court employees of the circuit and district courts within the circuit, except employees of the clerk, and see that they attend strictly to the prompt, diligent discharge of their duties."

In accordance with § 12-17-24, Ala. Code 1975, this petition is TRANSFERRED to the Presiding Judge of the Montgomery Circuit Court.

Baschab, P.J., and McMillan, Shaw, Wise, and Welch, JJ., concur.

Done this 22nd day of January, 2008.

_Pamela W. Baschab_

PAMELA W. BASCHAB, PRESIDING JUDGE

cc:    Hon. Charles Price, Presiding Judge
Hon. Melissa Rittenour, Clerk
Aljay Lockett, Jr., pro se
Eleanor Idelle Brooks, District Attorney
Office of the Attorney General

# IN THE COURT OF CRIMINAL APPEALS OF THE
# STATE OF ALABAMA

## CASE NO.# CR-07-0409

FILED

FEB 22 2008

CLERK
ALA COURT CRIMINAL APPEALS

### EX PARTE: ALJAY LOCKETT JR.,

IN RE:    ALJAY LOCKETT JR.,
**Appellant / Petitioner,**

**vs.**

HON: CHARLES PRICE,
**Presiding Circuit Court Judge,**
HON: ELEANOR I. BROOKS,
**District Attorney,**
HON: MELISSA RITTENOUR,
**Circuit Court Clerk,**
HON: OTIS WILLIAMS
**Circuit Clerks, Agent of Montg.Co. Et.al.,**
**Respondents.**

---

## PETITION FOR STATUS, MATERIAL DEVELOPMENTS, PURSUANT TO THIS COURT'S ORDER ISSUED JANUARY 22,2008

---

### Prepared By:

Aljay Lockett Jr., # 133930
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, Alabama
          35749-7009

# IN THE COURT OF CRIMINAL APPEALS OF THE
## STATE OF ALABAMA

)
)

EX PARTE ALJAY LOCKETT JR.,

IN RE: ALJAY LOCKETT JR.,
**Appellant / Petitioner,**

)
)

**vs.**                                                    **Case No. # CR-07-0409**

)

HON: CHARLES PRICE,
**Presiding Circuit Court Judge,**
HON: ELEANOR I. BROOKS,
**District Attorney,**
HON: MELISSA RITTENOUR,
**Circuit Court Clerk,**
HON: OTIS WILLIAMS
**Circuit Clerks, Agent of Montg.Co. Et.al.,**
**Respondents.**

)
)

---

## PETITION FOR STATUS, MATERIAL DEVELOPMENTS, PURSUANT TO THIS COURT'S ORDER ISSUED JANUARY 22,2008

---

**Now comes** the petitioner, "[Aljay Lockett Jr., (Hereinafter Lockett) pro-se in the above reference cause and respectfully moves this Honorable Court to recognize the long-standing Alabama Rule that a party has a duty to monitor the status of his or her case, Petitioner shows unto this Court as follows:

[1],"On January 22,2008 The Court of Criminal Appeals issued a "Order" in accordance with *§ 12=17=24,Ala.Code 1975.* This Petition is transferred to the presiding Judge of the Montgomery Circuit Court.

**[2],**"On February 20th, 2008, petitioner has not received a response or anything from the Circuit Court as to the Order issued January 22, 2008, by this Court.

**[3],**"Petitioner Appeal has been filed in the Circuit Court Clerks Office for over 6-months and has not been processed, thus denying petitioner access to the Courts, and his right to appeal.

**[4],**"Petitioner request this Honorable Court to Compel the trial Court to respond to its Order issued January 22,2008.

**[5],**"Petitioner asserts that the trial Court has failed to comply with the order issued 1/22/2008, which this Order Mandates Section § 12-17-24,Ala.Code.1975..

**[6],**"If the trial Court does not have to conform and follow the rules as the petitioner does, Then it will be depriving the petitioner of his Constitutional Guaranteed found in Article 1, § 6, of the Alabama Constitution of 1901, and as Guaranteed by the fourteenth Amendment to the United States Constitution, Which Broadly Speaking and Contemplates the rudimentary requirements of fair play, Which include the equal application of the law and procedural due process

The petitioner also like to remind this Honorable Court of the purpose, objective and construction of the Alabama Rules of Criminal Procedures, as states in Rule 1.2:

These rules are intended to provide for the just and speedy determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and in elimination of unnecessary delay and expense, and to protect the rights of the individual while preserving the public welfare.

These rules promulgated by the Supreme Court of Alabama and are intended to make uniform the practice and procedure for the conduct of criminal proceedings in all Alabama Courts. The formulation of the rules of criminal procedure is to recognize the rules of law and they are set forth in a form which is intelligible to the offenders who are to act under them and all persons whose rights are affected by them and who are required to conform to them. This Rule 1.2, carries with it Constitutional guarantee found in Article 1, § 6, Alabama Constitution of 1901 that no person shall be deprived of life, liberty or property, except by due process of law. The petitioner asks no more than for this court to follow the law and to protect his rights by in forcing equal application of the rules of law.

In <u>Glover V. State</u>, 531 so 2d 705 (Ala.Crim.App.1993), The Court allegations underlying these claims must be reviewed by this Court as true, because they are not refuted by the State, also See Ex Parte Boatwright, 471 so 2d 1257 (Ala.1985), In Whitaker V. State, 686 so 2d 1262, The Court held that, When a petition contains matters which if true would entitle the petitioner to relief, an evidentiary hearing must be held, also See Ex Parte Boatwright, 471 so 2d 1257 (Ala.1885(.

## RELIEF REQUESTED

The petitioner asserts that the trial court has failed to comply with the mandatory language of the rules of this Court, an petitioner respectfully request that this Honorable Court issue A "Order" for the Trial Court to comply with it's "Order" issued January 22,2008, or in the alternative grant petitioner an hearing with the petitioner's presence mandatory.

Respectfully

*Aljay Lockett*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the above foregoing upon the parties at their regular mailing address as follows:

Office of the Clerk
Montgimery County Circuit Court
251 South Lawrence Street
Montgomery, Alabama
          36104
Lane Mann, Clerk,
300 Dexter Avenue
P.O. Box 301555
Montgomery, Alabama 36130-1555

Circuit CoreT Cleek
251 South Lowrance ST.
montqomeey, Alabama
          36102

*Aljay Lockett*

# SUPREME COURT OF ALABAMA



Robert G. Esdale
Clerk
Lynn Knight
Assistant Clerk

Office of the Clerk
300 Dexter Avenue
Montgomery, AL 36104-3741
(334) 229-0700

## 1070720

Ex parte Aljay Lockett, Jr.  PETITION FOR WRIT OF MANDAMUS: CRIMINAL  (In re: State of Alabama v. Aljay Lockett, Jr.)  (Montgomery Circuit Court: CC82-1041, CC82-1042, CC82-1043; Criminal Appeals : CR-07-0409).

### NOTICE

You are hereby notified that your case has been docketed.  Future correspondence should refer to above Supreme Court case number.  The petition for writ of mandamus was filed with the Supreme Court on 01/29/2008

## AMENDMENTS TO THE RULES OF APPELLATE PROCEDURE

RECENT APPELLATE RULE AMENDMENTS:  Counsel and parties should review recent amendments to the Alabama Rules of Appellate Procedure found under "Rule Changes" at the Judicial System website at http://www.judicial.state.al.us.

NEW EFILING PROGRAM: The Appellate Court E-filing System (ACES) is now accessible online at http://efile.judicial.state.al.us/.  The ACES allows attorneys licensed in Alabama to file any document in any new or pending Alabama Supreme Court case.  The Interim Electronic Filing and Service Rule requires that nine (9) hard copies of the electronic filing be mailed or delivered to the Clerk's Office within 24 hours of the date the document was e-filed.  For more details on the System, visit http://efile.judicial.state.al.us/ to access the Interim Electronic Filing and Service Rule and instructions on how to use the System.

APPELLATE MEDIATION:  On July 17, 2003, the Supreme Court of Alabama adopted Rule 55, Alabama Rules of Appellate Procedure, which provides for appellate mediation of civil appeals.  On January 6, 2004, the Supreme Court of Alabama adopted the Alabama Appellate Mediation Rules.  The rules and any amendments can be accessed at http://www.judicial.state.al.us/mediation.  Any counseled civil case may be referred to appellate mediation by the Appellate Mediation Administrator.

SIGNATURE ON BRIEFS: Newly adopted Rule 25A, Alabama Rules of Appellate Procedure, requires that appellate documents be signed by at least one attorney of record or, in a case in which the party is proceeding pro se, by the party.  The rule provides that any unsigned document shall be stricken unless the omission is promptly corrected after it is

PETITIONS FOR WRIT OF CERTIORARI:  Rule 39 has been amended, effective June 1 and October 31, 2005, to provide that no briefs in support of or in response to a petition for writ of certiorari shall be filed before the writ of certiorari issues unless otherwise ordered by the Court.   Any brief filed in disregard of subsection (b)(4) or subsection (c)(3) of Rule 39 shall be stricken.

OTHER AMENDMENTS TO THE ALABAMA RULES OF APPELLATE PROCEDURE: Other amendments to the Alabama Rules of Appellate Procedure that should be reviewed are those that became effective August 1, 2000; September 1, 2000; and October 1, 2001. Those amendments govern, among other things, the presumptively reasonable time for filing petitions for a writ of mandamus (Rule 21(a)); appellate review of arbitration cases (Rule 4(d)); and applications for rehearing (Rule 40).   Also, counsel who are unfamiliar with the "abeyance" procedure should review the amendment to Rule 4 effective February 1, 1994.


## BRIEFS - EXTENSION OF TIME FOR FILING BRIEFS

NOTE: THIS OFFICE IS NOT RESPONSIBLE FOR INFORMING YOU WHEN YOUR BRIEF IS DUE.  PLEASE CONSULT RULE 31(a), ALABAMA RULES OF APPELLATE PROCEDURE, FOR TIMES FOR FILING.

Any party requesting an extension pursuant to Rule 31(d) may do so by telephone request to the clerk's office, PRIOR to the date the brief is due.  If a Rule 31(d) extension is obtained by a telephone call to the clerk's office, a letter confirming the extension and stating the date the brief will be due shall be sent to the Clerk's office.  A copy of the letter must be served on all other attorneys or parties.  If a party obtains a seven day extension to file the principal brief pursuant to Rule 31(d), no further extensions will be granted pursuant to that rule.  This rule does not apply to briefs ordered filed by the Court, for instance in response to petitions for writs of mandamus. For extensions, please call the Supreme Court Clerk's Office at 334-229-0700.

Motions for enlargement of time to file a brief after the 7 day extension pursuant to Rule 31(d) will not be granted unless extraordinary good cause is shown. Unless there is an unanticipated event or emergency that results in extreme hardship, a motion for enlargement of time will not be granted.  A heavy workload alone will not be considered good cause.  Any request for enlargement of time must be made by motion and must be filed in the Clerk's office before the first extension has expired.


## FILINGS - NUMBER OF COPIES, COLOR OF COVERS, BINDINGS, SERVICE, ETC.:

NUMBER OF COPIES:  If a document is electronically filed through ACES, 9 hard copies must be filed.  If not electronically filed, an original and 12 copies must be filed.

following colors be used on brief covers: appellant/petitioner -- blue, appellee/respondent -- red, intervenor/amicus -- green, reply -- gray. The cover of any filing not specifically mentioned in the rules shall be white.

CERTIFICATE OF SERVICE: The certificate of service shall contain the attorney's address, telephone number, facsimile number, and e-mail address if any, and party represented for each attorney served.

BINDING OF BRIEFS: Rule 32(a)(3) requires that the brief be bound on the left in a manner that is secure.

FILING: Papers are not considered filed until RECEIVED by the clerk of this Court; however, papers shall be deemed filed on the day of mailing if CERTIFIED, REGISTERED, OR EXPRESS MAIL of the UNITED STATES POSTAL SERVICE is used. Rule 25(a).

NOTICE TO TRIAL COURT CLERK WHEN APPELLEE'S BRIEF IS FILED: Rule 31(a) requires that the appellee give notice of the filing of the appellee's brief to the clerk of the trial court. Compliance with this rule is necessary in order for the trial clerk to know when to forward the record on appeal to the appellate court.

SETTLEMENT NEGOTIATIONS: If the parties are negotiating a settlement of the case after the case is submitted, they should notify the clerk in writing. No appeal will be dismissed after a proposed opinion has been circulated.

STAYS: There are no stays of time schedules for preparing the record or filing briefs unless this Court issues a specific order granting such a stay. For example, even if a Rule 10(f) motion to supplement the record is granted, the briefing schedule is not stayed unless this Court orders a stay. Any requests for a stay must be made by motion. See also Rule 8(b).

ADMISSION OF NONRESIDENT ATTORNEYS: Pro Hac Vice Rule: Rule VII of the Rules Governing Admission to the Alabama State Bar governs admittance pro hac vice of lawyers who are not members of the Alabama State Bar. Failure to comply with this rule will result in the attorney's name being stricken from any pleadings filed in the Court, and the attorney will not be allowed to participate in any oral argument concerning the appeal. Note that in cases where the attorney whose name is stricken is the only attorney of record, failure to comply with the Rule may result in dismissal of the appeal.

E-FILING OF RECORDS ON APPEAL: In addition to the ACES system used by attorneys, many circuit court clerks can now prepare and transmit records on appeal to attorneys and this Court electronically. NOTE: The filing of a hard copy of the record on appeal, as required by Rule 11(a)(4), Ala. R. App. P., is not required if the record on appeal has been e-filed.

Robert G. Esdale, Sr., Clerk
Supreme Court of Alabama

# IN THE SUPREME COURT OF ALABAMA

February 29, 2008

**1070720**

Ex parte Aljay Lockett, Jr.  PETITION FOR WRIT OF MANDAMUS: CRIMINAL  (In re: State of Alabama v. Aljay Lockett, Jr.)  (Montgomery Circuit Court: CC82-1041, CC82-1042, CC82-1043; Criminal Appeals : CR-07-0409).

### ORDER

The petition for writ of mandamus filed in this Court on January 29, 2008, is stricken.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court of Alabama, do hereby certify that the foregoing is a full, true and correct copy of the instrument(s) herewith set out as same appear(s) of record in said Court.

Witness my hand this _29th_ day of _February_  _2008_

*Robert G. Esdale Sr.*

Clerk, Supreme Court of Alabama

cc:
Aljay Lockett, Jr., Pro Se
Hon. Troy R. King, Attorney General
Hon. Eleanor Idelle Brooks, District Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ALJAY LOCKETT, JR., #133 930          *

      Petitioner,                          *

          v.                         * CIVIL ACTION NO. 2:02-CV-1106-F

JERRY FARRELL, WARDEN, *et al.*,      *

      Respondents.                         *

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. Introduction and Procedural History

Petitioner, Aljay Lockett, Jr. ("Lockett"), filed this application for habeas corpus relief on September 12, 2002. He seeks to challenge his sentence of life imprisonment imposed by the Circuit Court for Montgomery County, Alabama on January 13, 2000. The origin of Petitioner's life sentence arises from his January 13, 1983 convictions, pursuant to his plea of guilty, to three counts of first degree theft of property. During the original sentencing proceedings, the trial court sentenced Petitioner, as a habitual offender, to life in prison on each conviction, to run concurrently, as a result of three prior convictions entered against Lockett in a Michigan state court. Lockett did not appeal these convictions and sentence. He subsequently filed a Rule 32 petition challenging the sentence imposed in 1983. The Circuit Court for Montgomery County granted the petition on January 13, 2000. Specifically, the state court disregarded two of the three prior convictions from Michigan

which it had previously used when sentencing Lockett as a habitual offender in 1983 and only used one of the prior Michigan felony convictions. Lockett was then re-sentenced to serve concurrent life terms on each theft conviction. (Doc. No. 5, Exhs. 3, 6.)

On August 24, 2000 Petitioner filed a Rule 32 petition arguing that the sentence imposed on January 13, 2000 was illegal. The state court summarily denied the opinion. On February 9, 2001 the Alabama Court of Criminal Appeals affirmed the denial in a written opinion. (Doc. No. 11, Exh. 7.)

On May 29, 2001 Petitioner filed another Rule 32 petition seeking once again to challenge the sentence imposed on January 13, 2000. The state court summarily denied the petition on June 26, 2001 finding the claim raised therein precluded. Lockett appealed the state court's decision. He asserted that when the state court disregarded two of his prior Michigan convictions at the January 13, 2000 re-sentencing because it could not determine whether the offenses were felonies in Alabama, the court should have also disregarded the third prior conviction which it did use to enhance his sentence. (*See* Doc. No. 1, Exh. A; Doc. No. 5, Exh. 6.) In an unpublished opinion filed May 24, 2002 the Alabama Court of Criminal Appeals determined that although Lockett's claim was not precluded because an allegedly illegal sentence may be challenged at any time, it affirmed the lower court's decision because Petitioner's claim had no merit. Lockett's application for rehearing was denied by the Alabama Court of Criminal Appeals on July 12, 2002. *See Lockett v. State*, 868 So.2d 484 (Ala. Crim. App. 2002) (table). The Alabama Supreme Court denied Lockett's petition for writ of certiorari on September 13, 2002. *See Ex parte Lockett*, 876 So.2d 525

2

(Ala. 2002) (table).

In the present habeas petition, Petitioner asserts the following claims:

1. At the re-sentencing hearing held on January 13, 2000 the state court improperly enhanced his sentence by relying on a 1979 Michigan conviction which does not constitute a felony in the State of Alabama;

2. Petitioner's sentence exceeds the maximum authorized by law as a result of the state court's reliance on a misdemeanor conviction to enhance his sentence;

3. The state court improperly enhanced Petitioner's sentence by failing to give him notice prior to the January 13, 2000 sentencing hearing of the conviction(s) the State intended to use for enhancement purposes;

4. The trial court lacked jurisdiction to impose an enhanced sentence on Petitioner based on a prior Michigan conviction because he was not represented by counsel on said conviction;

5. The state court's determination that the prior Michigan conviction used to enhance his sentence constituted a felony was based on an unreasonable determination of the facts in light of the evidence presented as the value of the property referenced in such conviction did not exceed $100.00.

## II. Discussion

### A. Claims Adjudicated by the State Courts

Lockett's request for federal habeas relief is governed by 28 U.S.C. § 2254, as

3

amended by the Anti-Terrorism and Effective Death Penalty Act. Under § 2254(d), federal

habeas relief from a state court judgment may not be granted with respect to a claim

adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams v. Taylor*, 529 U.S. 362, 412 (2000), the Court held that:

> Under the "contrary to" clause a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"[F]ederal habeas relief [is] available under the 'unreasonable application' standard only if

the state court's application of clearly established federal law was 'objectively

unreasonable.'" *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001) (*citing Williams*, 529

U.S. at 409). A federal district court is not to decide "the correctness *per se* . . . of the state

court decision" but only the "objective reasonableness" of such decision. *Brown v. Head*,

272 F.3d 1308, 1313 (11th Cir. 2001).

Federal courts are likewise directed to determine whether the state court's findings

4

were based on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "However, the statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact." *Parker*, 244 F.3d at 835 (*citing McBride v. Sharpe*, 25 F.3d 962, 971 (11th Cir. 1994)).

## B. The Improper Enhancement Claim

Lockett argues that at his re-sentencing hearing held on January 13, 2000, the state court enhanced his sentence by relying on a 1979 conviction entered against him by the State of Michigan. Petitioner maintains that this conduct was improper inasmuch as the Michigan conviction utilized by the Alabama state court to enhance his sentence does not constitute a felony in the State of Alabama. Also related to this claim are Lockett's arguments that (1) his sentence exceeds the maximum allowed by law because the state court relied on a misdemeanor conviction to enhance his sentence, and (2) the state court's determination that the Michigan conviction constituted a felony was unreasonable where the evidence of the value of the property referenced in the document of conviction did not exceed $100.00.

Following his re-sentencing on January 13, 2000, Lockett filed two Rule 32 petitions. On appeal from the denial of his first collateral petition filed on August 24, 2000, the Alabama Court of Criminal Appeals addressed Petitioner's contention that the sentence imposed on January 13, 2000 was illegal because the trial court improperly sentenced him,

5

as a habitual offender with three prior convictions, to life imprisonment on each conviction.

The appellate court found that:

> The record shows that, on January 13, 2000, as a result of a previous [Rule 32] petition, the circuit court resentenced the appellant to serve concurrent terms of life in prison on each conviction. The record also shows that, when it resentenced him, the circuit court did not use two of the three prior felony convictions because it could not determine whether the offenses were felonies in Alabama. First degree theft of property is a Class B felony. *See* § 13A-8-3(c), Ala. Code 1975. Section 13A-5-9(a)(2), Ala. Code 1975, provides that, on conviction of a Class B felony, a defendant who has one prior felony conviction must be punished for a Class A felony. The statutory range of punishment for a Class A felony is imprisonment "for life or not more than 99 years or less than 10 years." *See* § 13A-5-6(a)(1), Ala. Code 1975. The sentences of life imprisonment fall within the statutory range of punishment. Therefore, the appellant's arguments are without merit.

> The appellant also argues that, when it resentenced him, the circuit court improperly used one of the prior felony convictions the trial court used to enhance his sentence in 1983. However, he has not provided any evidence to support his assertion that the circuit court should not have used the prior conviction to enhance his sentence. Therefore, he has not satisfied his burden of pleading and proof as to this contention. *See* Rules 32.6(b) and 32.3, Ala.R.Crim.P.

(Doc. No. 11, Exh. 7.)

Lockett filed a subsequent Rule 32 petition on May 29, 2001. On appeal from the denial of this petition , the Alabama Court of Criminal Appeals issued a written opinion on May 24, 2002 addressing Lockett's argument that when the state court disregarded two of his prior Michigan convictions because it could not determine whether the offenses were felonies in Alabama, it should also have disregarded the third prior conviction. The appellate court found:

Lockett's prior Michigan conviction was for receiving or concealing stolen

6

property over the value of $100, a violation of Mich. Comp. Laws § 750.535 (1968) and Mich. Stat. § 28.883. As the State points out, in Alabama, at the time of Lockett's conviction, and currently, receiving stolen property valued at more than $100 constituted a Class C felony. § 13A-8-18, Ala. Code 1975.[1] Therefore, Lockett's prior conviction constituted a felony at the time his sentence was enhanced by it, and his claim had no merit. Because his claim had no merit, summary dismissal of Lockett's petition was appropriate.

(*See* Doc. No. 5, Exh. 6) (foot note omitted).

It is clear from the foregoing that Petitioner's allegation that the state court improperly enhanced his sentence was adjudicated adversely to him by both the Montgomery County Circuit Court and the Alabama Court of Criminal Appeals. The May 24, 2002 determination by the Alabama Court of Criminal Appeals was summarily affirmed by the Alabama Supreme Court. This court must therefore review these claims in accordance with the directives of 28 U.S.C. § 2254(d)(1) and (2). *Williams*, 529 U.S. 362.

---

[1]The *current* definition for receiving stolen property in the second degree under Ala. Code § 13A-8-18 provides:*

(a) Receiving stolen property:

(1) Which exceeds five hundred dollars ($500) in value but does not exceed two thousand five hundred dollars ($2,500) in value; or

(2) Of any value under the circumstances described in subdivision (b)(3) of Section 13A-8-16; constitutes receiving stolen property in the second degree; or

(3) Notwithstanding subdivision (1) of subsection (a), receiving stolen property which exceeds two hundred fifty dollars ($250) in value but does not exceed two thousand five hundred dollars ($2,500) in value where the defendant has previously been convicted of theft of property in the first or second degree or receiving stolen property in the first or second degree, constitutes receiving stolen property in the second degree.

(b) Receiving stolen property in the second degree is a Class C felony.

*Effective September 1, 2003, Ala. Code § 13A-8-18 was amended as follows: in subsection (a) "five hundred dollars ($500)" was substituted for "$100.00", and "two thousand five hundred dollars ($2,500)" was substituted for "$1,000.00." Consequently, at the time of Petitioner's conviction and re-sentencing, a conviction for receiving stolen property in an amount valued at more than $100.00 constituted a Class C felony.

Under Ala. Code § 13A-8-3, theft of property in the first degree is a Class B felony. The range of punishment for a Class B felony is not more than twenty years and not less than two years. *See* Ala. Code § 13A-5-6(a)(2). Pursuant to the habitual felony offender statute, "[i]n all cases when it is shown that a criminal defendant has been previously convicted of a felony and after the conviction has committed another felony, he or she must be punished as follows: . . . on conviction of a Class B felony, he or she must be punished for a Class A felony." *See* Ala. Code § 13A-5-9(1)(a)(2). The range of punishment for a Class A felony is for life or not more than 99 years or less than 10 years. Ala. Code § 13A-5-6(a)(1).

According to the documents before the court, in the Recorder's Court for the City of Detroit, Petitioner was convicted on April 13, 1979 of "att. R&CSP. -o/$100 [attempted receiving & concealing stolen property -o[ver]/$100.00]. On May 15, 1979 an order of probation was entered and Lockett was placed on a three year term of probation. On October 19, 1979, in the Recorder's Court for the City of Detroit, Petitioner was convicted, pursuant to his plea of guilty, on one count of attempted receiving and concealing stolen property over $100.00. In that case - *People v. Lockett*, Criminal Case No. 79-05042 - Locket was sentenced to a term of confinement of not less than one year nor more than 2 ½ years. Also on October 19, 1979, Lockett was convicted in the Recorder's Court for the City of Detroit of receiving and concealing stolen property over $100.00. In that case - *People v. Lockett*, Criminal Case No. 79-05119 - Petitioner was sentenced to a term of confinement of not less than one year nor more than five years. (Doc. No. 19, Exhs. 8, 11, 13.) At the time of Lockett's 1979 conviction for receiving and concealing stolen property over $100.00, such

8

crime was considered a felony not only in Michigan, but also in Alabama. *See* Mich. Comp. Laws § 750.535 (1968)[2] and Ala. Code § 13A-8-18(b) (1975).

In light of the foregoing, when Petitioner was re-sentenced on January 13, 2000, the state court could properly consider Lockett's 1979 Michigan felony conviction for receiving and concealing stolen property over $100.00 when sentencing him as a habitual offender. The documentary evidence before the court clearly shows that the value of the property referenced in the conviction in Criminal Case No. 79-05119 was over $100.00 making it a felony under both Michigan and Alabama state law. Consequently, Lockett's sentence was not improperly enhanced, and it does not exceed the maximum authorized by law. *See White v. Keane,* 969 F.2d 1381, 1383 (2nd Cir. 1992) (when a sentence falls within the range prescribed by state law, the length of the sentence may not be raised as grounds for federal habeas relief). The undersigned, therefore, finds that the state courts' decisions regarding Petitioner's improper enhancement claim do not constitute an unreasonable determination of the facts in light of the evidence presented. Habeas relief is, therefore, unwarranted.

### C. The Failure to Give Notice Claim

Lockett argues that the state court failed to give him notice prior to his January 13, 2000 re-sentencing hearing of the prior Michigan conviction it intended to use for sentence enhancement purposes. The prior convictions used to enhance Petitioner's original 1983

---

[2] At the time of Lockett's 1979 conviction, Mich. Comp. Laws § 750.535 provided that a person who buys, receives, possesses, conceals, or aids in the concealment of stolen, embezzled, or converted money, goods, or property knowing the money, goods, or property to be stolen, embezzled, or converted, if the property purchased, received, possessed, or concealed exceeds the value of $100.00, is guilty of a felony, punishable by imprisonment for not more than 5 years, or by a fine of not more than $2,500.00, or both.

9

sentence, and of which he was provided notice at the time (*see* Doc. No. 5, Exh. 3), involved the same convictions made the subject of Lockett's successful Rule 32 petition. Because the prior convictions used to sentence Petitioner as a habitual offender in 1983 were the same ones reviewed by the trial court at Lockett's 2000 re-sentencing proceeding for enhancement purposes, the State was not required to once again provide notice of these same prior convictions. *See Connolly v. State*, 602 So.2d 452, 454 (Ala. 1992) ("this Court has held that the State may use at a second sentencing hearing convictions other than those it used at the first hearing, *provided that proper notice has been given both times*. [Emphasis in original]. This requires only that the defendant be notified before each sentencing hearing that the HFOA will be applied and what convictions the State will attempt to prove. *It does not require that notice of the same convictions be given both times*.") (Citations and internal quotation marks omitted) (emphasis added).

To the extent Lockett maintains that the trial and/or appellate courts erred in interpreting state law with respect to application of the habitual offender enhancement and/or alleges that he received inadequate notice of the habitual offender charge under Alabama state law, these contentions do not state claims which are cognizable in federal habeas corpus. A state court's interpretation of its own laws and rules provides no basis for federal habeas relief. *Beverly v. Jones*, 854 F.2d 412 (11th Cir. 1988); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Furthermore, a federal court has no authority to re-examine state court determinations on questions of state law. *Estelle v. McGuire*, 502 U.S. 62 (1991).

If Lockett is alleging that the state court denied him due process at his re-sentencing

10

proceeding, the court finds that due process does not require advance notice that a re-sentencing hearing on a substantive criminal charge will be followed by a habitual offender charge. Due process only requires that a defendant be given a reasonable notice and opportunity to be heard relative to the habitual offender charge. *See Oyler v. Boles,* 368 U.S. 448, 452 (1962).    Here, the court has determined that at least one of Petitioner's prior convictions from Michigan made him eligible to be sentenced as a habitual offender and, as previously noted, he was provided notice of these priors at his original sentencing hearing in 1983. At his re-sentencing hearing held in January 2000, Lockett was re-sentenced using one of these same convictions. The priors which Lockett now contends he did not receive adequate notice of at the re-sentencing were the same priors he challenged in the Rule 32 proceeding which led to his re-sentencing. Additionally, Petitioner does not allege that at his re-sentencing hearing he objected or sought a continuance based on the alleged absence of advance notice of the sentence enhancement. Therefore, Petitioner cannot complain that he was denied due process, *Oyler,* 368 U.S. at 453-454, and he is, therefore, not entitled to habeas relief.

### D. The Uncounseled Prior Conviction Claim

Lockett challenges the sentence imposed on January 13, 2000, as enhanced by the prior Michigan conviction for receiving and concealing stolen property, on the ground that the prior felony conviction was unconstitutionally obtained. Specifically, Petitioner asserts that he was not represented by counsel during entry of his guilty plea on said conviction.

In *Lackawanna County Dist. Attorney v. Coss,* 532 U.S. 394 (2001), which involved

11

a habeas petition brought under 28 U.S.C. § 2254, the Supreme Court held that:

> once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Id.* at 403-404 (citation omitted). An exception to the general rule set forth in *Lackawanna* (*see also Daniels v. United States,* 532 U.S. 374 (2001)), exists for cases in which the prior conviction (used to enhance the defendant's sentence) was obtained without the benefit of counsel in violation of *Gideon v. Wainwright,* 372 U.S. 335 (1963). This exception, however, is not implicated in Lockett's case because he was represented by counsel during his 1979 guilty plea proceedings.

Respondents produced a copy of the guilty plea transcript from the Recorder's Court for the City of Detroit in *People v. Lockett,* Criminal Case No. 79-05119. This document affirmatively reflects that Petitioner was represented by counsel at the time he entered his plea to receiving and concealing stolen property. (Doc. No. 43, Attachment 1.) As Lockett was represented by counsel in this proceeding, the exception for failure to appoint counsel does not apply and Petitioner may, therefore, not challenge his enhanced sentence on this basis.

### III. CONCLUSION

Accordingly, it is the **RECOMMENDATION of the Magistrate Judge that** the

petition for habeas corpus relief be denied and that this case be dismissed with prejudice.

It is **further ORDERED that** the parties shall file any objections to the said Recommendation within a period of 13 days from the date of mailing or transmittal to them. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 20th day of January, 2005.

/s/ Delores R. Boyd
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE

Westlaw.

141 Fed.Appx. 832                                                                                     Page 1
141 Fed.Appx. 832, 2005 WL 1653776 (C.A.11 (Ala.))
**(Cite as: 141 Fed.Appx. 832)**

C
Curry v. Culliver
C.A.11 (Ala.),2005.
This case was not selected for publication in the Federal Reporter.Please use FIND to look at the applicable circuit court rule before citing this opinion. Eleventh Circuit Rule 36-2. (FIND CTA11 Rule 36-2.)
United States Court of Appeals,Eleventh Circuit.
Ronald Marlteiz CURRY, Petitioner-Appellant,
v.
Grant CULLIVER, Warden Respondent-Appellee.
No. 04-13252.
Non-Argument Calendar
D.C. Docket No. 02-00766-CV-1-CG-L.

July 15, 2005.

**Background:** State inmate filed petition for writ of habeas corpus. The United States District Court for the Southern District of Alabama denied petition, and petitioner appealed.

**Holding:** The Court of Appeals held that petitioner's claim for sentence reduction presented question of state law.

Affirmed.

West Headnotes

**Habeas Corpus 197 ⇐503.1**

197 Habeas Corpus
    197II Grounds for Relief; Illegality of Restraint
        197II(B) Particular Defects and Authority for Detention in General
            197k503 Judgment, Sentence, or Order
                197k503.1 k. In General. Most Cited Cases
Alabama inmate's claim that he was entitled to sentence reduction under Alabama Habitual Felony Offender Act (AHFOA) presented question of state law, and thus did not provide basis for federal habeas relief. Ala.Code 1975, § 13A-5-9; 28

U.S.C.A. § 2254.

*833 Ronald Marlteiz Curry, Atmore, AL, pro se.
J. Thomas Leverette, Office of the Attorney General, Montgomery, AL, for Respondent-Appellee.

Appeal from the United States District Court for the Southern District of Alabama.

Before ANDERSON, BIRCH, and BARKETT, Circuit Judges.

PER CURIAM.
**1 Ronald Marlteiz Curry, an Alabama prisoner convicted of murder and serving a term of life imprisonment without possibility of parole, proceeding *pro se,* appeals the district court's denial of his habeas corpus petition, which was brought pursuant to 28 U.S.C. § 2254. On appeal, Curry argues that, in 1999, he was sentenced as a habitual offender to life imprisonment without parole under Ala.Code 1975 § 13A-5-9.FN1 At that time, such a sentence was mandatory and the sentencing judge was granted no discretion. The Alabama legislature subsequently amended § 13A-5-9, such that trial judges were granted authority to retroactively consider early parole sentences for non-violent, convicted offenders based on evaluations performed by the Alabama Department of Corrections ("DOC") and approved by the Board of Pardons, provided that such offenders had no prior Class A felony convictions. The Alabama Supreme Court recently held in *Kirby v. State,* 899 So.2d 968, 971-72 (Ala.2004), that Alabama trial courts now have authority to consider prisoners' motions for reduction of sentence under that statute. Curry argues he qualifies for a sentence reduction under that statute, and, therefore, he is entitled to a review of his sentence.

FN1. In his brief, Curry also alleges ineffective assistance of counsel. We granted Curry's certificate of appealability solely on the issue of his claim pursuant to *Kirby.*

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

As such, we will only review that claim. *Murray v. United States,* 145 F.3d 1249, 1250-51 (11th Cir.1998).

This Court reviews *de novo* a district court's denial of a habeas petition under 28 U.S.C. § 2254. *See Sims v. Singletary,* 155 F.3d 1297, 1304 (11th Cir.1998). Factual findings are reviewed for clear error. *Id.*

Under the Alabama Habitual Felony Offender Act ("AHFOA"), in all cases when it is shown that a criminal defendant has been previously convicted of any three felonies, none of which are Class A felonies, and after such convictions has committed another felony, which is a Class A felony, such defendant m ust be punished by imprisonment for life or life without the possibility o f parole, in t he discretion of the trial court. Ala.Code 1975 § 13A-5-9(c)(3). In 2001, the Alabama legislation adopted a statute which provided as follows:

The provisions of Section 13A-5-9 [including § 13A-5-9(c)(3), described above,] shall be applied retroactively by the sentencing judge or presiding judge for consideration of early parole of each non-violent convicted offender based on evaluations performed by the Department of Corrections and approved by the Board of Pardons and Paroles and submitted to the court.

Ala.Code 1975 § 13A-5-9.1.

After the district court's decision in the instant case, the Alabama Supreme Court held that " § 13A-5-9.1 provides that an inmate may ask the sentencing judge or the presiding judge for relief from a previous sentence imposed pursuant to the *834 [A]HFOA and provides that the court is to consider the evaluation of the DOC in considering the inmate's motion." *Kirby,* 899 So.2d at 971. The court further held that § 13A-5-9"confers jurisdiction on the sentencing judge or the presiding judge by giving that judge the power to apply the provisions of § 13A-5-9 retroactively to 'nonviolent convicted offenders'." *Id.* Thus, state trial judges have jurisdiction to consider an Alabama prisoner's motion to re-

consider his sentence and the authority under the statute to determine whether the prisoner is a nonviolent offender based on factors brought before the judge in the record of the case and information submitted by the DOC and the Parole Board. *Id.* at 974.

**2 Here, the district court denied Curry's AHFOA habeas claim after finding that a prisoner cannot pursue relief under the AHFOA until the procedures outlined therein had been implemented by the DOC. The *Kirby* decision clearly vitiates this finding, as it held that a trial court has jurisdiction under § 13A-5-9.1 to consider a prisoner's motion for sentence reduction and to determine whether a prisoner qualifies for parole as a nonviolent offender, with or without evaluations from the DOC. *See Kirby,* 899 So.2d at 971.

Section 2254, however, provides the remedy for a state prisoner who claims that he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "A state's interpretation of its own laws and rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *Carrizales v. Wainwright,* 699 F.2d 1053, 1055 (11th Cir.1983) (citations omitted).

Curry's claim on appeal is that he is entitled to a sentence reduction under §§ 13A-5-9(c)(3) and 13A-5-9.1. This is purely a question of state law, and, as such, provides no basis for federal habeas corpus relief. *See Carrizales,* 699 F.2d at 1055. Because Curry's claim that he is entitled to a sentence reduction under Alabama state law provides no basis for federal habeas corpus relief, we affirm the denial of this § 2254 claim.[FN2] Moreover, *Kirby* now establishes an avenue of review for prisoners such as Curry, which Curry has not yet exhausted.

FN2. We may affirm a decision of t he d istrict court "on any adequate ground, even if it is other than the one on which the court actually relied." *Parks v. City of Warner Robins,* 43 F.3d 609, 613 (11th Cir.1995).

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

141 Fed.Appx. 832
141 Fed.Appx. 832, 2005 WL 1653776 (C.A.11 (Ala.))
**(Cite as: 141 Fed.Appx. 832)**

**AFFIRMED.**

C.A.11 (Ala.),2005.
Curry v. Culliver
141 Fed.Appx. 832, 2005 WL 1653776 (C.A.11
(Ala.))

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.