IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALJAY LOCKETT, JR., #133930, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 2:08cv113-MEF |
| | ) |
| WARDEN MITCHEM, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**O R D E R**

Pursuant to the orders of this court, Respondents have filed an answer (Doc. No. 11) addressing the claims for relief presented in the instant habeas corpus petition. In their answer, Respondents assert that Petitioner has failed to exhaust state remedies with respect to the claims pending before this court and that, therefore, his petition should be held in abeyance pending the outcome of the state court proceedings. In addition, Respondents argue that (a) Petitioner's claims for relief are meritless; (b) Petitioner is clearly ineligible under Alabama law to have his sentence reviewed pursuant to Ala. Code. 13A-5-9.1 (20006); (c) Petitioner's apparent claim that he was denied counsel in a 2000 Rule 32 proceeding is not a ground for relief because he was not entitled to counsel at that proceeding; and (d) to the extent Petitioner attempts to relitigate the validity of his resentencing in 2000, his claims are due to be dismissed as successive.

Petitioner is advised that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that

the applicant has exhausted the remedies available in the courts of the [convicting] State...."
*See* 28 U.S.C. § 2254(1)(b)(1)(A).  This exhaustion requirement applies to habeas petitions filed under § 2241.  *See Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004); *Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003).

Accordingly, it is

ORDERED that on or before April 16, 2008, Petitioner may file a response to Respondents' answer.  Any documents or evidence filed after this date will not be considered by the court except in exceptional circumstances.  At any time after April 16, 2008, the court will determine whether an evidentiary hearing is necessary.  If it appears that an evidentiary hearing is not required, the court will dispose of the petition as justice requires.  *Cf.* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts.*

Petitioner is instructed that when responding to Respondents' answer he may file sworn affidavits or other documents in support of his claims.  Affidavits should set forth specific facts which demonstrate that Petitioner is entitled to relief on the grounds presented in the habeas corpus petition.  If documents which have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them.  When Petitioner attacks Respondents' answer by use of affidavits or other documents, the court will, at the appropriate time, consider whether to expand the record to include such materials.  *Cf.* Rule 7, *Rules Governing Section 2254 Cases in the United States District Courts*.

Petitioner is specifically cautioned that if he fails to file a response to Respondents' answer within the time allowed by the court, the court thereafter will proceed to consider the merits of the petition.

Done this 26th day of March, 2008.

    /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE