# IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION



### CIVIL ACTION NO.# 2:08 – CV-113-MEF

ALJAY LOCKETT JR.,# 133930
**Petitioner,**

**Vs.**

WARDEN MITCHEM ET.,AL.
**Respondents.**

## "PETITIONER'S RESPONSE TO RESPONDENTS ANSWER FILED THE 26TH,DAY OF MARCH 2008

Prepared By:

*Aljay Lockett Jr., # 133930*
*Limestone Correctional Facility*
*28779 Nick Davis Road*
*Harvest, Alabama*
*35749-7009*

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

)

ALJAY LOCKETT JR.,# 133930
**Petitioner,**

)

**Vs.**                                          **CIVIL ACTION NO.# 2:08 – CV-113-MEF**

)

WARDEN MITCHEM ET.,AL.
**Respondents.**

)

## "PETITIONER'S RESPONSE TO RESPONDENTS ANSWER FILED THE 26[TH],DAY OF MARCH 2008"

Comes Now the petitioner, *"{Aljay Lockett Jr., # 133930}"* and make "Response To Respondents Answer" filed March 26th, 2008 as follows:

[1],    "On February 22[nd], 2008 The Middle District Of Alabama Northern Division, "United States Magistrate Judge, Terry F. Moore issued an Order in Civil Action No.# 2: 08-CV-113-MEF, **id at pg. # 2, Which States:**
"

In filing their answer, **"**Respondents are directed to comply with the provision of *28 U.S.C.§ 2243*, "Specifically, Respondents **'must'** show cause why the writ should not be granted and, when applicable, **'shall'** certify the true cause of petitioner's detention, Additionally, the answer **'shall'** contain the sworn statements of all persons having knowledge of the subject matter of the petition, Authorization is hereby granted to interview all witness, including Petitioner, whenever relevant, copies of medical and / or Psychiatric records **'shall'** be attached to the answer, Where Petitioner's claims or Respondents defense relate to or involve the Application of Administrative rules, regulations or guidelines **'shall'** be filed as Exhibits in support of the answer".

2

{A},    "Respondents filed their answer on March 26[th],2008 inviolate of the Magistrate February 22[nd],2008 Order, "Specifically".

[1],    "The Respondents answer did not contain the 'sworn statements of all persons having knowledge of the subject matter of the petition.

[2],    "The Respondents did not interview "Agent Otis Williams" who received Lockett's Timely Notice of Appeal, Who signed for Lockett's certified Notice of Appeal with return receipt, nor did the Respondents ask what he did with the mail or who he turned it over to that day.

[3],    "The Respondents did not attach the Application of Administrative rules, regulations or guidelines, Copies of all such Applicable Administrative rules, regulation or guidelines **'shall'** be filed as Exhibits in support of the answer.

These Rules, Regulations, Administrative Rules will show "Once" an Agent sign for certified mail, who that person should turn it over to.

Petitioner request the Court at this time, should expand the record to include such materials, also at this time Petitioner is trying to work with the mail clerk here at Limestone to put a trace on his "Certified Mail", because that "Notice of Appeal was mailed August 9[th],2007 and was delivered to Montgomery Circuit Court Clerk's Office August 13[th],2007 and signed by "Agent Otis Williams". Whom the Circuit Court refuse to Inquire / Request what he, Agent "Otis Williams" did with the certified mail he received on August 13[th],2007 from Limestone Correctional Facility from Aljay Lockett.

## "PROCEDURAL HISTORY / EXHAUSTION"

Being that the Respondents has reopened Lockett's Case on June 22nd,2007 at his § 13A-5-9.1 Hearing for sentencing reconsideration and using the January 13th,2000 uncounsel conviction and sentencing to deny relief under the Kirby, retroactive application of the HFOA, Lockett has the right to confront the evidence against him, and has through the exhaustion of his state remedies, its through no fault of Lockett's the state

3

choice to turn an blind eye and deaf ear, plus refuse to refute and or file his timely notice of appeal when the record is in plain view and the law is clear.

[1],    "Lockett was Convicted of three Counts of Theft of Property in the First Degree, A Class B Felony, Ala.Code § 13A-8-3, in 1983, (See Exhibit-A).;

"The Court introduced Three (3) Case No.# to Wit: Case No.# 79-05119, REC & CON.over $ 100.00, Case NO.# 79-05042, ATT. REC & CON. Over $ 100.00, Case No,# 79-01944, ATT. REC. $ CON. Over $ 100.00, (See Exhibit-B,C,D,) and tricked / coerced Lockett into pleading guilty to a mandatory term of life, See Ala.Code § 13A-5-9(c)(2), Lockett did not appeal his convictions or sentences because he was never advised of this right by the court or counsel."

(a),    "On the morning of trial, an Assistant District Attorney served Lockett's Counsel with a Motion to invoke Habitual Offender Status, further. The Assistant District Attorney offered concurrent life sentences **if** Lockett would plead guilty to the charges. **If** the cases had to be tried the state would insist on consecutive life sentences, (See Exhibit-E). Lockett agreed that it would be in his best interest to plead guilty and accept concurrent life sentences rather than being tried the likelihood that he would receive consecutive life sentences, pursuant to the Habitual Felony Offenders Act (HFOA) that was in effect at that time, to a mandatory term of life, See Ala.Code. § 13A-5-9(c)(2).

[2],    "On July 9th,1991, Lockett filed a Rule 32-Petition in the Circuit Court of Montgomery County, Alabama, A copy was served on the District Attorney. On July 29th,1999 answer to petitioner's petition for relief from conviction and sentence, On December 6th,1999 Motion for a continuance to allow Lockett to obtain counsel, but was un-successful to hire counsel, On January 13th,2000. Order granting Rule 32-petition challenging his sentence, (See Exhibit-F), Lockett asserted that his three Michigan Convictions were not felonies under the Alabama Law and therefore could not be used to enhance his sentence, Without the Court Granting petitioner's Informa Pauperis, or accepting a filing fee. **"Judge Price agreed that two (2) of the three (3) Michigan Convictions should not have been used to sentence Lockett to the Mandatory Life Sentence. "*Therefore this is proof that*"**:

4

[1],    "It was impossible for Lockett to be properly advised, as to the maximum and minimum sentence possible for the crime to which he plead guilty to in 1983. When two (2) of the prior Convictions used to **induce** Lockett to plead guilty was misdemeanors and could not be used, (See Exhibit-C, & D,).

"This misinformation **induced** Lockett to have plead guilty, pursuant to a plea agreement calling for mandatory life concurrent, it was stated, "That **'If** you plead guilty you'll receive life running concurrent, but **if** it goes to trial the State would insist upon mandatory life sentences running consecutive.

"A trial court cannot accept a plea agreement that calls for an illegal sentence. This Court noticed the illegal sentence and remanded for resentencing, that resentencing was in effect a rejection of the plea agreement. It is clear from the record before this Court that:

> "Lockett original sentence was a "part of the inducement or consideration "for Lockett's plea and that when Lockett was resentenced- he did not recieve what he had been promised, Therefore, based on many authorities in this State, Lockett should have been allowed to withdraw his plea, and **if** the Court had determined on resentencing Lockett to life was no longer appropriate and that the original mandatory life sentence was part of a plea agreement with the State, Then resentencing would be a rejection of the plea agreement and the Circuit should have advised Lockett he had the right to withdraw his plea if Lockett requested to do so."

[a],    "Using the one Michigan Conviction found to be a felony under Alabama Law, (See Exhibit-B), Judge Price resentenced Lockett ***without counsel*** against Lockett's will in violation of his Constitutional Right 6, Amendment, "Right to Counsel at sentencing:

"Lockett suffered "**Actual Prejudice**" resulted from the alleged violation of his right to counsel at sentencing, *cited in **Robinson V. Ignacio**, 360 F.3d.1044 ((th, Cir.2004) holding:*

"The Supreme Court's sixth amendment jurisprudence has long recognized that criminal defendant's right to counsel is a fundamental component of our Justice System, See **Cronic, 466 U.S. at 654, 104 S.Ct. 2039**, Without the aid of counsel, a defendant may be unable to prepare an adequate defense and though "he be not guilty, he faces the danger of conviction, because he does not know how to establish his innocence**," Powell V. Alabama, 287 U.S. 45,69. 53 S.Ct. 55, 77 L.Ed.158 (1932); See Also Gideon V. Wainwright, 372 U.S. 355,344-45,83 S.Ct.792, 9 L.Ed.2d 799 (1963).**

Though the right to counsel was originally a trial right, The Supreme Court has extended the right to various "Critical" stages of the prosecution and has held that sentencing is one such "Critical" stage. **See Gardner, 430 U.S. at 358, 97 S. Ct. 1197; Mempa V Rhay, 398 U.S. 128,134-37,88 S.Ct.254, 19 L.Ed.2d.336 (1967).**

Thus, whenever a defendant is denied counsel during sentencing. The Supreme Court has uniformly found Constitutional error without any showing of prejudice. See **Cronic, 466 U.S. at 659,104 S.Ct.2039, See also Chapman V. California, 386 U.S. 18, 23 & n. 8, 87 S.Ct. 824, 17 L.Ed.2d. 705 (9167)** (*recognizing that the right to counsel is "so basic to a fair trial that [its] infraction can be treated as harmless error"*).

Further cited in **Howard V. U.S.** 374 F.3d. 1068 (11th,Cir.2004) holding; **id at No.#2.** "it is true that Supreme Court decisions from the time of Gideon to the present day have reflected "A theme that failure to appoint counsel for an indigent defendant was a unique Constitutional defect,"**Cutis, 511 U.S. at 496,114 S.Ct. at 1738**. That theme has been manifested in a willingness to allow the defect to be raised collaterally in a sentencing proceeding in which the conviction in question is being offered for use.

> "**id. At No.# 1,** "The use of an uncounseled conviction is, A Jurisdictional Defect, We have noted that a jurisdictional defect cannot be waived or procedurally defaulted and that a defendant need not show cause and prejudice to justify

his failure to raise one. **McCoy V. United States, 266 F.3d. 1245,1249 (11th,Cir.2001).** Relying on language from **Gideon V. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963),** and its progeny, Howard contends that in the words of the Supreme Court, The Failure to appoint counsel for an indigent [is] a unique constitutional defect . . . ris[ing] to the level of a jurisdictional defect, **"Lackawanna County Dist. Attorney V. Coss, 532 U.S. 394,404,121 S.Ct. 1567, 1574, 149 L.Ed.2d. 608 (2001)** (quoting **Custis V. United States, 511 U.S. 485, 496, 114 S.Ct. 1732, 1738, 128 L.Ed.2d.517 (1994),** He maintains that because his sentencing was tainted by a defect that rose to the level of a jurisdictional defect, he can bring up that defect for the first time in this collateral proceeding. The legal premise for Howard position is based upon language wrenched from its context in the Lackawanna and Custis opinion.

   **[b],**    "This Courts failure to rule on Lockett's informas Pauperis, deprived this court of subject-matter-jurisdiction in which to entertain his Rule 32-petition on January 13[th],2000, as the record reflects and indicates, This Court failed to grant Lockett's indigency status or to accept a filing fee before ruling on Lockett's Rule 32-petition (See Exhibit-F), Therefore this court's January 13[th],2000 Judgment is void, therefore the mandatory life Lockett received 1983 is still in effect.

   "The appellate Court "specifically" held in the case of **Gilbert V. State, 882 so 2d 888,889 (Ala.Crim.App.2003)** That "A filing fee or the approval of an In Forma Paupers declaration **"must"** be obtained before the Circuit Court acquires jurisdiction to hear the claims presented in a *Rule 32, Ala.R.Crim.P.* Also See: **Hyde V, State, 849 so 2d 808,809 (Ala.Crim.App.2004); Carpenter V. State, 782 so 2d 848,849 (Ala.Crim.App.2000) (Quoting Goldsmith V. State, 709 so 2d 1352, 1353 (Ala.crim.App. 1997) also See § 12-19-70,Ala.Code.1975. Wilkins V. State, 221 Ala.254, 256, 128 so 2d 362,364 (1930), City of Hunstive V. Miller, 271 Ala. 687,689; 127 so 2d 606,608 (1958); Madden V. State, 885 so 2d 841 (Ala.Crim.App.2004)**

**[3],**    "On May 3[rd], 2007, Lockett filed a Motion To Reconsider his Sentence, pursuant to **Ala.Code.1975 § 13A-5-9.1** and **Kirby V. State, 899 so 2d 968 (Ala.2004),** by certified mail with return receipt, (See Exhibit-G), On May 8th, 2007, The Circuit Court

received Lockett petition, (See Exhibit-H), On May 16th, 2007, The Court set a hearing date for June 22nd, 2007, (See Exhibit-I), The day of the hearing the state handed Lockett a copy of the States Response to Motion For Reconsideration & Motion To Dismiss, (See Exhibit-J), At the hearing the Court reopen Lockett's case, and stated the reason for its denial was the January 13th,2000 resentencing in which Lockett objected. On July 3rd, 2007,Judge Price issued an Order "Stating One "Specific Reason", for the Court's denial of Lockett's **§ 13A-5-9.1 Motion**, "The January 13th, 2000 resentencing, (See Exhibit-K)

On July 21st,2007, Lockett filed a Motion to Arrest Judgment in which, The record and settled laws of this state clearly supports Lockett's contention that the now concurrent life sentence in which he received at resentencing on January 13th,2000 is "invalid", and therefore the mandatory life sentence that Lockett received on January 13th,1983 is still in effect.

"Lockett, "Specifically" Objected to the court's position, That after post-conviction proceedings, His January 13[th], 2000 resentencing is valid, because the record will show the court resentenced Lockett without the benefit of counsel, thus making resentencing void.

The record "Specifically" shows that on January 13th, 2000, Lockett was denied counsel at resentencing to assert or to protect his guaranteed constitutional rights in violation of his 6th,and 14th, Amendment. In which the record reflects and indicates this statement to be true. "In support of Lockett's position, the record of the resentencing on January 13[th], 2000 shows its void. It is the duty of the court to inquire if the defendant is represented by counsel at any criminal proceeding, See Rule 14.2(a)(1), Ala.R.Crim.P., **See Weakley V. State, 721 so 2d 238 (Ala.Crim.App.1997),**

> [1],"If this court would expand the record and include such material and or take Judicial Notice of its records it will certainly show that locket was indigent, without means to hire or to obtain a Attorney for his defense at the January 13[th], 2000 resentencing and it will be a miscarriage of justice to not take action in this regards, the circuit court has kept Lockett's claim covered up for the 8-years he's brought this claim to the attention of the

court, the circuit court never informed Lockett or inquired **whether** Lockett wanted to be represented by counsel,

[2], "The record reflects and indicates nor did Lockett ever make a knowingly or intelligent waiver of his right to counsel at resentencing.

[3],"Let the record reflect and indicate it was this court's choice to resentence Lockett without the benefit of counsel, Thus violating Lockett's fundamental rights of his life, liberty, in which he received a life sentence using only one prior conviction, Thus giving the Circuit Court the first opportunity to rectify its error, (See Exhibit-L).

"The two above specific statements that Lockett based the Objections upon clearly purports that the "Original sentence of a Mandatory Life" sentence is still in effect, thus clearly establishing the basis of the Circuit Court's Judgment in denying Lockett relief under § **13A-5-9.1** and **Kirby** is in error.

The above facts are undisputed due to the Circuit Court's choice to turn a blind eye and a deaf ear to the manifest injustice that has been imposed upon Lockett by failing to entertain his motion to arrest judgment.

[4], "On August 9[th], 2007, Lockett filed Timely Notice of Appeal by certified mail with return receipt from the decision rendered in this Action on July 3[rd],2007, with reporters Transcript-Order-criminal, Additional Proceedings requested, "The January 13th,2000 resentencing Transcripts and the June 22nd,2007 Hearing Transcript, Motion To Arrest Judgment, Court of Criminal Appeals Docketing Statement,(See Exhibit-M), and served a copy of the said same upon the Court of Criminal Appeals.

On August 13th, 2007, Lockett's Notice of Appeal was received in the Circuit Court of Montgomery County, signed by "Agent Otis Williams", (See Exhibit-N), the same day the Court denied Lockett's Motion To Arrest Judgment. On August 15th, 2007, The Court of criminal Appeals received their Copy, filed it that day, (See Exhibit-O).

(a),    Exhibit-9, The respondents is referring to is a copy of the "original appeal filed upon the Circuit Court on August 9th,2007, and received by agent "Otis Williams" on August 13th,2007, of the Montgomery County Circuit Court Clerk's Office, whom respondents refuse to inquire where the 'notice of appeal' he signed for August 13th,2007. (See Exhibit-N).

(b),    Lockett filed "Writ of Mandamus on September 7th,2007, (See Exhibit-P, CR-06-2142), The Court of Appeals issued an Order, and Lockett com-plied with that Order, Dated September 7th,2007, and on October 23,2007, The Court of Appeals issued an Order to Wit: ***CR-06-2142***;

*Which held:*

"**In Accordance with § 12-17-24,Ala.Code.1975, This Petition is TRANSFERRED to the Presiding Judge of the Montgomery Circuit Court,(See Exhibit-Q).**"

Lockett was not served with the Circuit Court response, so he then wrote Lane Mann, Clerk of the Court of Appeals and found out the Circuit Court Clerk was "**back up to their tricks**", because "***out the back door***" The Circuit Court Clerk informed the Court of Appeals that it has not received "Notice of Appeals " that Lockett claims he filed, (See Exhibit-R).

[1],    "Lockett immediately filed in the Alabama Supreme Court, **CR-06-2142**, Exhausting his State remedies, (See Exhibit-S).

[5],    "Lockett filed another Writ of Mandamus within 42-days after being notified by the Court of Criminal Appeals that the Circuit Court had inform them that they had not received, "Notice of Appeal" that Lockett claim he filed, by the Circuit Court not notifying Lockett of their response, Lockett had 42-days to challenge their decision in which the Circuit Court was trying to allow Lockett's Time to run before Lockett found out that "They had slipped a response to the Court of Appeals Order, **CR-06-2142**,".

(a),    "The February 20[th],2008 Lockett petition for status is for **'CR-07-0409,** This has nothing to do with Lockett's claim he's being denied access to the Court and his right to Appeal, (When Lockett filed his Notice of Appeal August 9[th],2007 and here it is April 9,2008 and ,"No One Has Yet To Question Agent "Otis Williams" who received Lockett's Notice of Appeal on August 13th,2007.)"This is another form of Manipulation by the Attorney Generals Office and what he are referring to as Exhibit-4 & 5, has nothing to do with the issue before this Court.

[6],    "Lockett has probable cause to believe Judge Price will not rule on the mandamus petition, He has already shown to this effect, Lockett's Appeal was timely filed on August 9[th],2007, received by one of his agent," Otis Williams" and not one time has this court or the Criminal Appeal inquired "Otis Williams" who signed for Lockett's Appeal on August 13[th],2007, it don't take a rocket-scientist to see what's happening here;

Charles Price resentenced Lockett to a felony conviction without counsel January 13th,2000 in violation of his constitutional rights, and used this January 13th,2000 resentencing to deny Lockett relief under **_Kirby_** which the January 13th,2000 resentencing is 'void' and cannot be used to deny Lockett relief under **_Kirby_**.

[7],    "Lockett has Exhausted his remedies, (See Exhibit-Q,-CR-06-2142, October 23[rd],2007 and Exhibit-S  -SC.No.# 1070505) January 31[st],2008. Thus This Court should hold an evidentiary hearing, subpoena witnesses;

(a),    "Appoint Lockett A Federal Counsel to represent him in this matter;

> "A District Court has discretion to Appoint Counsel for an indigent Civil Litigant, *28 U.S.C. § 1915(d) (1988)* ("the Court may request an attorney to represent any such person unable to employ counsel .   .   .   ") **Reneer V. Sewell, 975 F.2d.258,261(6th,Cir.1992)** ("The Appointment of Counsel to Civil Litigants is a decision left to the sound discretion of the District Court, and this decision will be overturned only when the denial of

counsel results in 'fundamental fairness impinging on due process rights") (citations omitted). Accordingly review of a District Court's Order denying Appointment of Counsel is for abuse of discretion, **Henry V. City of Detroit Manpower Dept., 763 F.2d. 757, 760 (6th,Cir.) cert. denied, 474 U.S. 1036,106, S.Ct. 604, 88 L.Ed.2d. 582 (1985).**

[8], "According to respondents Exhibit-'one', there's no sworn affidavit as ordered feb.22nd,2008, The Deputy Clerk just committed fraud, The other specialist checked behind her, This is manipulation, fabrication and fraud upon the Circuit Clerk's Office of Montgomery County. "Agent Otis Williams" is who received, signed for Lockett's timely notice of appeal has not been mentioned not once or questioned when there has been documental evidence to prove the Clerk's office received this Notice of Appeal Timely. His Name," Agent Otis Williams" is on the return receipt August 13th,2007.

If a hearing is scheduled, Lockett wish to subpoena ,"Post-Master, The Mail Clerk of Limestone, The result on the Trace, Melissa Rittenour, Otis Williams.

> "The Circuit Court will not allow Lockett's claims to go beyond the Circuit Court, its always they never received the petition, appeal, and when locket appeal, The Circuit Court always states they never received his appeal, so Lockett started certifying his mail and its always the same, if this court would take judicial notice of Lockett's past petitions presented to the Circuit Court it will see, Lockett has even brought this before this federal court in the past about the same issue we are in court on at this moment because the Circuit Court Clerk will not file his litigation, so how can Lockett comply with the State's procedural Rule".

[9], "Lockett filed Timely Notice of Appeal, "("On August 9th,2007,See Exhibit-M), On August 13th,2007 it was received in the Circuit Court Clerk's Office by "Otis

Williams" See Exhibit-*N* ) through no fault of Lockett his appeal was not processed by the Circuit Clerk office, This is not the first time, it's a pattern with this Clerk's Office, when Lockett challenge his resentencing. "State Law and Federal Law is clear and settled that Lockett is eligible to have his sentence reviewed under Ala.Code.§ 13A-5-9.1.

(a),"Judge Price's Order denying Lockett's Motion to reconsider his Judgment is clearly erroneous.

[10], "Failure by the clerks office to process his appeal is not harmless, because with the Court of Appeals review it will prove Lockett has been illegal incarcerated since January 13th,2000, some 8-years, Lockett is injured by the failure of the Clerk's office to process his appeal    also is injured by the Clerk's office covering up Charles Price sentencing lockett 8-years ago without the benefit of legal counsel in violation of his constitutional rights, under the 6,14th, amendment, which will be discovered in his appeal.

[11], " The recommendation in "Lockett V. Farrell CV-No.# 2:02-CV-1106-F (MD.Jan.2005) has nothing to do with the issue before this court, The issue before this Court was brought out by the State Court June 22nd,2007 at the § 13A-5-9.1 Hearing. when the Court used Lockett's January 13th,2000 resentencing to deny him relief under *Kirby*,( See Exhibit-J,K).

> "Every Circuit that has addressed the issue has agreed that, under **AEDPA**, when New Claims originate at resentencing, those claims may be brought in a subsequent Habeas Petition without the necessity of obtaining permission from the Circuit Court before filing the petition, See e.g., **In re Taylor**, 171 F.3d. 185,187-88 (4th,Cir.1999) ("holding that at resentencing, the habeas petition raising these New Issues is not second or successive); **Walker V. Roth**, 133 F.3d. 454, 455 (7th,Cir.1997) ("holding that could not have been raised in the first petition is not a second or successive petition within the meaning of § 2254); **Galtieri V. United States**, 128 F.3d. 33, 37-38 ( 2nd, Cir.1997) ("holding that New petitions are not second or successive to the extent they seek to vacate a New, Amended Component of the sentence); **United State V. Scott**, 124 F.3d. 1328,13430 (10th,Cir.1997) ("holding that a prisoner's motion to vacate resulted in resentencing and reinstatement of his right to

direct appeal) These cases stand for the proposition that the **AEDPA** cannot be interpreted to require a prisoner to raise claims before they arise, including claims that originate in the context of resentencing**. Hepburn V. Moore, 215 F. 3d 1209**, Consequently the petitioner "has not lost his opportunity to raise claims relating to his resentencing in a federal habeas corpus petition".

[12], "When the State Court used a uncounsel conviction and sentence to deny petitioner relief for reconsideration of his sentence is a basis for Habeas Corpus relief, because: "The United States Supreme Court has often discussed the necessity of counsel in criminal cases, In Johnson V. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), The Court Stated:

"Since the Sixth Amendment Constitutionally entitles one charged with crime to the assistance of counsel, compliance with this constitutional mandates is an essential jurisdictional prerequisite to a federal court's Authority to deprive an accused of his life or liberty, when this right is properly waived, The assistance of Counsel is no longer a necessary element of the Court's Jurisdiction to proceed to conviction and sentence. If the accused, however; is not represented by counsel and has not competently and (2007 Ala.crim..App.lexis 18) intelligently waived his constitutional right, the Sixth Amendment stands a Jurisdictional Bar to a valid conviction and sentence depriving him of his life or his liberty, A court's jurisdiction at the hearing of trial may be lost in the course of the proceeding's due to failure to complete the court-as the sixth amendment requires- by providing counsel for an accused who is unable to obtain counsel, who has not intelligently waived this constitutional guaranty, and whose life or liberty is at stake. If this requirement of the Sixth

Amendment is not complied with", The Court no longer has Jurisdiction to proceed" 304 U.S. at 467-68 (footnote omitted) Accord Coughlin V. State, 842 so 2d 30 33 (Ala.Crim.App. 2002) ("Thus it is the lack of counsel coupled with the absence of a knowing and intelligently waiver thereof, that acts to deny the defendant counsel and to Jurisdictionally bar his prosecution.").

[13], "Lockett do not argue he is Constitutionally entitled to a lawyer at a rule 32-hearing:

(a),"Once a rule 32-petition is granted and it cause for the court to set-aside a conviction and sentence, it activates constitutional guarantee *if* the court chose to resentence, it cause for constitutional protection, In *Robinson V. Ignacio, 360 F.3d 1044 (11th,Cir.2004)* held that:

"Though the right to counsel was originally a trial right, The Supreme Court has extended the right to various *"Critical"* stages of the prosecution and has held that sentencing is one such *"Critical"* stage, See **Gardner, 430 U.S. at 358, 97 S.Ct. 1197; Mepa V. Rhay, 398 U.S. 128, 134-37, 88 S.Ct.254, 19 L.Ed.2d. 336 (1967)."** Which Lockett was denied his right to Counsel before being resentenced January 13th.2000.

## C O N C L U S I O N

Consistent with the Convergent rulings of numerous federal circuits courts, applying established Supreme Court precedent, This court should hold Lockett's Sixth Amendment Right To Counsel was violated at sentencing and because of the fundamental importance of the right to counsel, Lockett need not prove prejudice and a harmless error analysis is not required, See e.g., **United States V. Cronic, 466 U.S. 648, 659, 104 S. Ct. 2039, 80 L.Ed. 2d 657 (1984)**. *"In Alternative"*:

"Lockett is entitled to a new sentencing hearing for which he should be represented by counsel, failure to consider the claims before this court will result in a

fundamental miscarriage of justice", **Boyd V. Thomas,** 147 F.3d. 1124, 1126 (9[Th],Cir. 1998) (quoting Coleman, 501 U.S. at 750,111 S.Ct. 2546).

**Respectfully Submitted,**

*Aljay Lockett J.*

*Aljay Lockett Jr., # 133930*

## CERTIFICATE OF SERVICE

I, Aljay Lockett Jr., # 133930, do hereby certify that I have served a true and correct copy upon the Respondents Attorney by placing the said same in the U.S. mail postage prepaid and properly addressed as follows:

/s/P.David Bjurberg
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, Alabama
　　36130-0152

Done this the _9_ day of April, 2008.

*Aljay Lockett J.*

*Aljay Lockett Jr., # 133930*

Mr. Al[illegible] #123920
Limeston
28779 Nick Davis Road
HARVEST, ALABAMA
35749

USA FIRST-CLASS FOREVER

HUNTSVILLE AL 358
APR 10 '08
HUNTSVILLE
10 APR

" This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication. "

Office Of The Clerk
United States District Court
P.O. Box 711
Montgomery, Alabama
36101-0711

# IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

---

## CIVIL ACTION NO.# 2:08 – CV-113-MEF

---

ALJAY LOCKETT JR.,# 133930
**Petitioner,**

**Vs.**

WARDEN MITCHEM ET.,AL.
**Respondents.**

---

## "PETITIONER'S AFFIDAVIT IN SUPPORT OF HIS RESPONSE

---

## AFFIDAVIT IN SUPPORT

**STATE OF ALABAMA:**
**LIMESTONE COUNTY:**

Before me this undersigned Authority did appear one "Aljay Lockett Jr., # 133930, whom did depose, while stating under penalty of perjury, the foregoing attestations remain true and correct to the best of his knowledge, information and belief as follows:

My name is "Aljay Lockett Jr., # 133930, being over nineteen (19) years of age, and remains competent to execute this affidavit, Which is based upon personal knowledge of facts, evidence surrounding the basis for relief, These records as attached are in support thereof:

Being that the Respondents has reopened Lockett's Case on June 22nd,2007 at his § 13A-5-9.1 Hearing for sentencing reconsideration and using the January 13th,2000 uncounsel conviction and sentencing to deny relief under the Kirby, retroactive application of the HFOA, Lockett has the right to confront the evidence against him, and has through the exhaustion of his state remedies, its through no fault of Lockett's the state choice to turn an blind eye and deaf ear, plus refuse to refute and or file his timely notice of appeal when the record is in plain view and the law is clear.

|1|,    "Lockett was Convicted of three Counts of Theft of Property in the First Degree. A Class B Felony, ***Ala.Code § 13A-8-3,*** in 1983, (See Exhibit-A).;

"The Court introduced Three (3) Case No.# to Wit: Case No.# 79-05119, REC & CON.over $ 100.00, Case NO.# 79-05042, ATT. REC & CON. Over $ 100.00, Case No.# 79-01944, ATT. REC. $ CON. Over $ 100.00, (See Exhibit-B,C,D,) and tricked / coerced Lockett into pleading guilty to a mandatory term of life, See Ala.Code § 13A-5-

9(c)(2), Lockett did not appeal his convictions or sentences because he was never advised of this right by the court or counsel."

(A),    "On the morning of trial, an Assistant District Attorney served Lockett's Counsel with a Motion to invoke Habitual Offender Status, further, The Assistant District Attorney offered concurrent life sentences **if** Lockett would plead guilty to the charges. **If** the cases had to be tried the state would insist on consecutive life sentences, (See Exhibit-E). Lockett agreed that it would be in his best interest to plead guilty and accept concurrent life sentences rather than being tried the likelihood that he would receive consecutive life sentences, pursuant to the Habitual Felony Offenders Act (HFOA) that was in effect at that time, to a mandatory term of life, See **Ala.Code. § 13A-5-9(c)(2).**

[2],    "On July 9th, 1999, Lockett filed a Rule 32-Petition in the Circuit Court of Montgomery County, Alabama, A copy was served on the District Attorney. On July 29th, 1999 answer to petitioner's petition for relief from conviction and sentence, On December 6th, 1999 Motion for a continuance to allow Lockett to obtain counsel, but was un-successful to hire counsel, On January 13th, 2000, Order granting Rule 32-petition challenging his sentence, (See Exhibit-F), Lockett asserted that his three Michigan Convictions were not felonies under the Alabama Law and therefore could not be used to enhance his sentence, Without the Court Granting petitioner's Informa Pauperis, or accepting a filing fee, **"Judge Price agreed that two (2) of the three (3) Michigan Convictions should not have been used to sentence Lockett to the Mandatory Life Sentence.** "*Therefore this is proof that*":

[1],    "It was impossible for Lockett to be properly advised, as to the maximum and minimum sentence possible for the crime to which he plead guilty to in 1983, When two (2) of the prior Convictions used to **induce** Lockett to plead guilty was misdemeanors and could not be used, (See Exhibit-C, & D,).

"This misinformation **induced** Lockett to have plead guilty, pursuant to a plea agreement calling for mandatory life concurrent, it was stated, "That **'If** you plead guilty you'll receive life running concurrent, but **if** it goes to trial the State would insist upon mandatory life sentences running consecutive.

"A trial court cannot accept a plea agreement that calls for an illegal sentence. This Court noticed the illegal sentence and remanded for resentencing, that resentencing was in effect a rejection of the plea agreement. It is clear from the record before this Court that:

> "Lockett original sentence was a "part of the inducement or consideration "for Lockett's plea and that when Lockett was resentenced- he did not receive what he had been promised, Therefore, based on many authorities in this State, Lockett should have been allowed to withdraw his plea, and **if** the Court had determined on resentencing Lockett to life was no longer appropriate and that the original mandatory life sentence was part of a plea agreement with the State, Then resentencing would be a rejection of the plea agreement and the Circuit should have advised Lockett he had the right to withdraw his plea if Lockett requested to do so."

[a],    "Using the one Michigan Conviction found to be a felony under Alabama Law, (See Exhibit-B), Judge Price resentenced Lockett ***without counsel*** against Lockett's will in violation of his Constitutional Right 6, Amendment, "Right to Counsel at sentencing:

"Lockett suffered "**Actual Prejudice**" resulted from the alleged violation of his right to counsel at sentencing, ***cited in Robinson V. Ignacio, 360 F.3d.1044 (11th, Cir.2004) holding:***

"The Supreme Court's sixth amendment jurisprudence has long recognized that criminal defendant's right to counsel is a fundamental component of our Justice System. See **Cronic, 466 U.S. at 654, 104 S.Ct. 2039**, Without the aid of counsel, a defendant may be unable to prepare an adequate defense and though "he be not guilty, he faces the danger of conviction, because he does not know how to establish his innocence,**" Powell V. Alabama, 287 U.S. 45,69. 53 S.Ct. 55, 77 L.Ed.158 (1932); See Also Gideon V. Wainwright, 372 U.S. 355,344-45,83 S.Ct.792, 9 L.Ed.2d 799 (1963).**

4

Though the right to counsel was originally a trial right, The Supreme Court has extended the right to various "Critical" stages of the prosecution and has held that sentencing is one such "Critical" stage. See **Gardner, 430 U.S. at 358, 97 S. Ct. 1197; Mempa V Rhay, 398 U.S. 128,134-37,88 S.Ct.254, 19 L.Ed.2d.336 (1967).**

Thus, whenever a defendant is denied counsel during sentencing, The Supreme Court has uniformly found Constitutional error without any showing of prejudice. See **Cronic, 466 U.S. at 659,104 S.Ct.2039, See also Chapman V. California, 386 U.S. 18, 23 & n. 8, 87 S.Ct. 824, 17 L.Ed.2d. 705 (9167)** (*recognizing that the right to counsel is "so basic to a fair trial that [its] infraction can be treated as harmless error"*).

Further cited in **Howard V. U.S.** 374 F.3d. 1068 (11th,Cir.2004) holding: **id at No.#2.** "it is true that Supreme Court decisions from the time of Gideon to the present day have reflected "A theme that failure to appoint counsel for an indigent defendant was a unique Constitutional defect."**Cutis, 511 U.S. at 496,114 S.Ct. at 1738.** That theme has been manifested in a willingness to allow the defect to be raised collaterally in a sentencing proceeding in which the conviction in question is being offered for use.

> "**id. At No.# 1,** "The use of an uncounseled conviction is, A Jurisdictional Defect, We have noted that a jurisdictional defect cannot be waived or procedurally defaulted and that a defendant need not show cause and prejudice to justify his failure to raise one. **McCoy V. United States, 266 F.3d. 1245,1249 (11[th],Cir.2001).** Relying on language from **Gideon V. Wainright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963),** and its progeny, Howard contends that in the words of the Supreme Court, The Failure to appoint counsel for an indigent [is] a unique constitutional defect . . . ris[ing] to the level of a jurisdictional defect, "**Lackawanna County Dist. Attorney V. Coss, 532 U.S. 394,404,121 S.Ct. 1567, 1574, 149 L.Ed.2d. 608 (2001)** (quoting **Custis V. United States, 511 U.S. 485, 496, 114 S.Ct. 1732, 1738, 128 L.Ed.2d.517 (1994),** He maintains that because his sentencing was tainted by a defect that rose to the level of a jurisdictional defect, he can bring up that defect for the first time in this collateral proceeding. The legal premise for Howard position is based upon language

wrenched from its context in the Lackawanna and Custis opinion.

**[b],**    "This Courts failure to rule on Lockett's informas Pauperis, deprived this court of subject-matter-jurisdiction in which to entertain his Rule 32-petition on January 13[th],2000, as the record reflects and indicates, This Court failed to grant Lockett's indigency status or to accept a filing fee before ruling on Lockett's Rule 32-petition (See Exhibit-F), Therefore this court's January 13[th],2000 Judgment is void, therefore the mandatory life Lockett received 1983 is still in effect.

> "The appellate Court "specifically" held in the case of **Gilbert V. State**, **882 so 2d 888,889 (Ala.Crim.App.2003)** That "A filing fee or the approval of an In Forma Paupers declaration **"must"** be obtained before the Circuit Court acquires jurisdiction to hear the claims presented in a *Rule 32, Ala.R.Crim.P. Also See*: **Hyde V, State**, **849 so 2d 808,809 (Ala.Crim.App.2004)**; **Carpenter V. State**, **782 so 2d 848,849 (Ala.Crim.App.2000) (Quoting Goldsmith V. State, 709 so 2d 1352, 1353 (Ala.crim.App. 1997) also See § 12-19-70,Ala.Code.1975.** **Wilkins V. State**, **221 Ala.254, 256, 128 so 2d 362,364 (1930),** **City of Hunstive V. Miller, 271 Ala. 687,689; 127 so 2d 606,608 (1958);** **Madden V. State**, **885 so 2d 841 (Ala.Crim.App.2004)**

**[3],**    "On May 3[rd], 2007, Lockett filed a Motion To Reconsider his Sentence, pursuant to **Ala.Code.1975 § 13A-5-9.1** and **Kirby V. State**, **899 so 2d 968 (Ala.2004),** by certified mail with return receipt, (See Exhibit-G), On May 8th, 2007, The Circuit Court received Lockett petition, (See Exhibit-H), On May 16[th], 2007, The Court set a hearing date for June 22[nd], 2007, (See Exhibit-I), The day of the hearing the state handed Lockett a copy of the States Response to Motion For Reconsideration & Motion To Dismiss, (See Exhibit-J), At the hearing the Court reopen Lockett's case, and stated the reason for its denial was the January 13[th],2000 resentencing in which Lockett objected. On July 3[rd], 2007,Judge Price issued an Order "Stating One "Specific Reason", for the Court's denial of Lockett's **§ 13A-5-9.1 Motion**, "The January 13[th], 2000 resentencing, (See Exhibit-K)

On July 21st,2007, Lockett filed a Motion to Arrest Judgment in which, The record and settled laws of this state clearly supports Lockett's contention that the now

concurrent life sentence in which he received at resentencing on January 13th,2000 is "invalid", and therefore the mandatory life sentence that Lockett received on January 13th,1983 is still in effect.

"Lockett, "Specifically" Objected to the court's position, That after post-conviction proceedings, His January 13[th], 2000 resentencing is valid, because the record will show the court resentenced Lockett without the benefit of counsel, thus making resentencing void.

The record "Specifically" shows that on January 13th, 2000, Lockett was denied counsel at resentencing to assert or to protect his guaranteed constitutional rights in violation of his 6th,and 14th, Amendment. In which the record reflects and indicates this statement to be true. "In support of Lockett's position, the record of the resentencing on January 13[th], 2000 shows its void. It is the duty of the court to inquire if the defendant is represented by counsel at any criminal proceeding, See Rule 14.2(a)(1). Ala.R.Crim.P., See **Weakley V. State, 721 so 2d 238 (Ala.Crim.App.1997)**,

> **[1],"**If this court would expand the record and include such material and or take Judicial Notice of its records it will certainly show that locket was indigent, without means to hire or to obtain a Attorney for his defense at the January 13[th], 2000 resentencing and it will be a miscarriage of justice to not take action in this regards, the circuit court has kept Lockett's claim covered up for the 8-years he's brought this claim to the attention of the court, the circuit court never informed Lockett or inquired **whether** Lockett wanted to be represented by counsel,

> **[2], "**The record reflects and indicates nor did Lockett ever make a knowingly or intelligent waiver of his right to counsel at resentencing.

> **[3],"**Let the record reflect and indicate it was this court's choice to resentence Lockett without the benefit of counsel, Thus violating

Lockett's fundamental rights of his life, liberty, in which he received a life sentence using only one prior conviction, Thus giving the Circuit Court the first opportunity to rectify its error, (See Exhibit-L).

"The two above specific statements that Lockett based the Objections upon clearly purports that the "Original sentence of a Mandatory Life" sentence is still in effect, thus clearly establishing the basis of the Circuit Court's Judgment in denying Lockett relief under **§ 13A-5-9.1** and **Kirby** is in error.

The above facts are undisputed due to the Circuit Court's choice to turn a blind eye and a deaf ear to the manifest injustice that has been imposed upon Lockett by failing to entertain his motion to arrest judgment.

**[4],** "On August 9th, 2007, Lockett filed Timely Notice of Appeal by certified mail with return receipt from the decision rendered in this Action on July 3rd, 2007, with reporters Transcript-Order-criminal, Additional Proceedings requested, "The January 13th, 2000 resentencing Transcripts and the June 22nd, 2007 Hearing Transcript, Motion To Arrest Judgment, Court of Criminal Appeals Docketing Statement,(See Exhibit-M), and served a copy of the said same upon the Court of Criminal Appeals.

On August 13th, 2007, Lockett's Notice of Appeal was received in the Circuit Court of Montgomery County, signed by "Agent Otis Williams", (See Exhibit-N), the same day the Court denied Lockett's Motion To Arrest Judgment. On August 15th, 2007, The Court of criminal Appeals received their Copy, filed it that day, (See Exhibit-O).

8

(a),    Exhibit-9, The respondents is referring to is a copy of the "original appeal filed upon the Circuit Court on August 9th,2007, and received by agent "Otis Williams" on August 13th,2007, of the Montgomery County Circuit Court Clerk's Office, whom respondents refuse to inquire where the 'notice of appeal' he signed for August 13th,2007, (See Exhibit-N).

(b),    Lockett filed "Writ of Mandamus on September 7th,2007, (See Exhibit-P, CR-06-2142), The Court of Appeals issued an Order, and Lockett com-plied with that Order, Dated September 7th,2007, and on October 23,2007, The Court of Appeals issued an Order to Wit: *CR-06-2142;*

**Which held:**

**"In Accordance with § 12-17-24,Ala.Code.1975, This Petition is TRANSFERRED to the Presiding Judge of the Montgomery Circuit Court,(See Exhibit-Q)."**

Lockett was not served with the Circuit Court response, so he then wrote Lane Mann, Clerk of the Court of Appeals and found out the Circuit Court Clerk was "**back up to their tricks**", because *"**out the back door**"* The Circuit Court Clerk informed the Court of Appeals that it has not received "Notice of Appeals " that Lockett claims he filed, (See Exhibit-R).

[1],    "Lockett immediately filed in the Alabama Supreme Court, **CR-06-2142**, Exhausting his State remedies, (See Exhibit-S).

[5],    "Lockett filed another Writ of Mandamus within 42-days after being notified by the Court of Criminal Appeals that the Circuit Court had inform them that they had not received, "Notice of Appeal" that Lockett claim he filed, by the Circuit Court not notifying Lockett of their response, Lockett had 42-days to challenge their decision in which the Circuit Court was trying to allow Lockett's Time to run before Lockett found out that "They had slipped a response to the Court of Appeals Order, **CR-06-2142,**".

(a),    "The February 20[th],2008 Lockett petition for status is for '**CR-07-0409**, This has nothing to do with Lockett's claim he's being denied access to the Court and his right to Appeal, (When Lockett filed his Notice of Appeal August 9[th],2007 and here it is April 9,2008 and ,"No One Has Yet To Question Agent "Otis Williams" who received Lockett's Notice of Appeal on August 13th,2007.)"This is another form of Manipulation by the Attorney Generals Office and what he are referring to as Exhibit-4 & 5, has nothing to do with the issue before this Court.

[6],    "Lockett has probable cause to believe Judge Price will not rule on the mandamus petition, He has already shown to this effect, Lockett's Appeal was timely filed on August 9[th],2007, received by one of his agent," Otis Williams" and not one time has this court or the Criminal Appeal inquired "Otis Williams" who signed for Lockett's Appeal on August 13[th],2007, it don't take a rocket-scientist to see what's happening here;

Charles Price resentenced Lockett to a felony conviction without counsel January 13th,2000 in violation of his constitutional rights, and used this January 13th,2000 resentencing to deny Lockett relief under *__Kirby__* which the January 13th,2000 resentencing is '**void**' and cannot be used to deny Lockett relief under *__Kirby__*.

[7],    "Lockett has Exhausted his remedies, (See Exhibit-Q,-CR-06-2142. October 23[rd],2007 and Exhibit-S  -SC.No.# 1070505) January 31[st],2008. Thus This Court should hold an evidentiary hearing, subpoena witnesses;

(a),    "Appoint Lockett A Federal Counsel to represent him in this matter;

> "A District Court has discretion to Appoint Counsel for an indigent Civil Litigant, *28 U.S.C. § 1915(d) (1988)* ("the Court may request an attorney to represent any such person unable to employ counsel .   .   .   ") **Reneer V. Sewell, 975 F.2d.258,261(6th,Cir.1992)** ("The Appointment of Counsel to Civil Litigants is a decision left to the sound discretion of the District Court, and this decision will be overturned only when the denial of

counsel results in 'fundamental fairness impinging on due process rights") (citations omitted). Accordingly review of a District Court's Order denying Appointment of Counsel is for abuse of discretion, **Henry V. City of Detroit Manpower Dept., 763 F.2d. 757, 760 (6th,Cir.) cert. denied, 474 U.S. 1036,106, S.Ct. 604, 88 L.Ed.2d. 582 (1985).**

[8],    "According to respondents Exhibit-'one', there's no sworn affidavit as ordered feb.22nd,2008, The Deputy Clerk just committed fraud, The other specialist checked behind her, This is manipulation, fabrication and fraud upon the Circuit Clerk's Office of Montgomery County. "Agent Otis Williams" is who received, signed for Lockett's timely notice of appeal has not been mentioned not once or questioned when there has been documental evidence to prove the Clerk's office received this Notice of Appeal Timely. His Name," Agent Otis Williams" is on the return receipt August 13th,2007.

If a hearing is scheduled, Lockett wish to subpoena ,"Post-Master, The Mail Clerk of Limestone, The result on the Trace, Melissa Rittenour, Otis Williams.

[9],    "Lockett filed Timely Notice of Appeal, "("On August 9th,2007,See Exhibit-  ). On August 13th,2007 it was received in the Circuit Court Clerk's Office by "Otis Williams" See Exhibit-  ) through no fault of Lockett his appeal was not processed by the Circuit Clerk office, This is not the first time, it's a pattern with this Clerk's Office, when Lockett challenge his resentencing. "State Law and Federal Law is clear and settled that Lockett is eligible to have his sentence reviewed under Ala.Code.§ 13A-5-9.1.

(a),"Judge Price's Order denying Lockett's Motion to reconsider his Judgment is clearly erroneous.

[10],    "Failure by the clerks office to process his appeal is not harmless, because with the Court of Appeals review it will prove Lockett has been illegal incarcerated since January 13th,2000, some 8-years, Lockett is injured by the failure of the Clerk's office to process his appeal ha also is injured by the Clerk's office covering up Charles Price sentencing locket 8-years ago without the benefit of legal counsel in violation of his constitutional rights, under the 6,14th, amendment, which will be discovered in his appeal.

[11], " The recommendation in "Lockett V. Farrell CV-No.# 2:02-CV-1106-F (MD.Jan.2005) has nothing to do with the issue before this court. The issue before this Court was brought out by the State Court June 22nd,2007 at the § 13A-5-9.1 Hearing. when the Court used Lockett's January 13th,2000 resentencing to deny him relief under *Kirby*.( See Exhibit-J,K).

> "Every Circuit that has addressed the issue has agreed that, under **AEDPA**, when New Claims originate at resentencing, those claims may be brought in a subsequent Habeas Petition without the necessity of obtaining permission from the Circuit Court before filing the petition, See e.g., **In re Taylor, 171 F.3d. 185,187-88 (4th,Cir.1999)** ("holding that at resentencing, the habeas petition raising these New Issues is not second or successive); **Walker V. Roth, 133 F.3d. 454, 455 (7th,Cir.1997)** ("holding that could not have been raised in the first petition is not a second or successive petition within the meaning of § 2254); **Galtieri V. United States, 128 F.3d. 33, 37-38 ( 2nd, Cir.1997)** ("holding that New petitions are not second or successive to the extent they seek to vacate a New, Amended Component of the sentence); **United State V. Scott, 124 F.3d. 1328,13430 (10th,Cir.1997)** ("holding that a prisoner's motion to vacate resulted in resentencing and reinstatement of his right to direct appeal) These cases stand for the proposition that the **AEDPA** cannot be interpreted to require a prisoner to raise claims before they arise, including claims that originate in the context of resentencing. **Hepburn V. Moore, 215 F. 3d 1209**, Consequently the petitioner "has not lost his opportunity to raise claims relating to his resentencing in a federal habeas corpus petition".

I, Aljay Lockett Jr., # 133930, asserts maintain in conjunction to the pleadings in accordance with all the statements, facts presented as being true and correct to the best of my knowledge, information and belief, entitling Lockett to an evidentiary hearing and without an evidentiary hearing his claims stands unrefuted by the respondents.

**Wherefore Premises Considered,** The petitioner, Aljay Lockett Jr., # 133930 prays that this Honorable Court will grant the instant relief sought, because it will be a miscarriage of justice to allow petitioner to continue serving more time than he has to because of this manifest injustice imposed on the above petitioner.

Done this the _9th_ day of April 2008.

Sworn To and Subscribed Before me This The _9_ day of _Apr_ ,2008.

_Mark Reeve_

**Notary Public**

_8-26-11_

**My Commission Expires**

_Aljay Lockett Jr._

**Aljay Lockett Jr., # 133930**

## CERTIFICATE OF SERVICE

I, Aljay Lockett Jr., # 133930, do hereby certify that I have served a true and correct copy upon the Respondents Attorney by placing the said same in the U.S. mail postage prepaid and properly addressed as follows:

/s/P.David Bjurberg
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, Alabama
      36130-0152

Done this the _9th_ day of April,2008.

Respectfully Submitted,

_Aljay Lockett Jr._

**Aljay Lockett Jr., # 133930**

13



EXhibit -A

# STATE OF MICHIGAN
## IN THE RECORDER'S COURT FOR THE CITY OF DETROIT

**THE PEOPLE OF THE STATE OF MICHIGAN**

vs.

_ALJAY LOCKETT JR_
_Defendant_

No. _79- 05719_

## GUILTY PLEA

I plead guilty to _Rec & Con. over 100 w_

I understand the maximum sentence is ___5___ years in prison.

No one has forced me to plead guilty and no promises have been made to me _____
except: _Sent of One + One half minimum_ (If none, write none).

I understand that the plea admits violation of parole or probation and may subject me to sentence for

the probation or parole offense. I am on probation or parole for _probation Case to be terminated_ (If none, write none).

I understand that a guilty plea is a conviction and a waiver of:

1. THE RIGHT TO A JURY TRIAL OR TRIAL BY THE COURT.
   I, hereby voluntarily waive and relinquish my right to a trial by jury and elect to be tried by a judge of the court. I fully understand that under the laws of this state I have a constitutional right to a trial by jury.

2. THE RIGHT TO BE PRESUMED INNOCENT UNTIL PROVEN GUILTY BEYOND A REASONABLE DOUBT.

3. THE RIGHT TO HEAR AND QUESTION THE WITNESSES AGAINST ME.

4. THE RIGHT TO HAVE THE COURT COMPEL WITNESSES TO COME TO COURT AND TESTIFY FOR ME.

5. THE RIGHT TO REMAIN SILENT, or to testify at my trial, if I choose, If I remain silent I understand that no inferences adverse to me may be drawn by the judge or jury.

Date: _10/19/79_                    _Aljay Lockett_
                                     _Defendant_

I have advised the defendant of his constituitional rights and rights under GCR 785.

_____
_Attorney for Defendant_

GUILTY PLEA — RC #10 — See GCR 785

_Exhibit-B_

# STATE OF MICHIGAN
## IN THE RECORDER'S COURT FOR THE CITY OF DETROIT

**THE PEOPLE OF THE STATE OF MICHIGAN**

vs.

_ALJAY LocKeTT Jn_
<br>_Defendant_

No. _79-05042_

### GUILTY PLEA

I plead guilty to _ATT. Rec & Con over $100_

I understand the maximum sentence is _2 ½_ years in prison.

No one has forced me to plead guilty and no promises have been made to me _____

except: _One & one half years minimum_ (If none, write none).

I understand that the plea admits violation of parole or probation and may subject me to sentence for

the probation or parole offense. I am on probation or ~~parole for~~ _____

_probation Case to be Terminated_ (If none, write none).

I understand that a guilty plea is a conviction and a waiver of:

1. **THE RIGHT TO A JURY TRIAL OR TRIAL BY THE COURT.**
   I, hereby voluntarily waive and relinquish my right to a trial by jury and elect to be tried by a judge of the court. I fully understand that under the laws of this state I have a constitutional right to a trial by jury.

2. **THE RIGHT TO BE PRESUMED INNOCENT UNTIL PROVEN GUILTY BEYOND A REASONABLE DOUBT.**

3. **THE RIGHT TO HEAR AND QUESTION THE WITNESSES AGAINST ME.**

4. **THE RIGHT TO HAVE THE COURT COMPEL WITNESSES TO COME TO COURT AND TESTIFY FOR ME.**

5. **THE RIGHT TO REMAIN SILENT**, or to testify at my trial, if I choose, If I remain silent I understand that no inferences adverse to me may be drawn by the judge or jury.

Date: _10/19/79_                             _Aljay Lockett_
<br>                                          _Defendant_

I have advised the defendant of his constituitional rights and rights under GCR 785.

_Wart..._
<br>**Attorney for Defendant**

GUILTY PLEA — RC #10 — See GCR 785

_Exhibit C_

Dec 11 2004 04:47am   From-                                          T-877   P003/008   F-997

# STATE OF MICHIGAN
## IN THE RECORDER'S COURT FOR THE CITY OF DETROIT

THE PEOPLE OF THE STATE OF MICHIGAN

vs.

ALJAY LOCKET, JR.
_____
                    *Defendant*

No. 79-01944

### GUILTY PLEA

I plead guilty to ATTEMPT RECEIVING & CONCEALING STOLEN PROPERTY OVER $100.00

I understand the maximum sentence is 2 1/2 years in prison.

No one has forced me to plead guilty and no promises have been made to me TO PLEAD GUILTY except: REDUCED CHARGE & CONSIDERATION OF PROBATION (If none, write none).

I understand that the plea admits violation of parole or probation and may subject me to sentence for the probation or parole offense. I am on probation or parole for NONE

_____(If none, write none).

I understand that a guilty plea is a conviction and a waiver of:

1. THE RIGHT TO A JURY TRIAL OR TRIAL BY THE COURT.
   I, hereby voluntarily waive and relinquish my right to a trial by jury and elect to be tried by a judge of the court. I fully understand that under the laws of this state I have a constitutional right to a trial by jury.

2. THE RIGHT TO BE PRESUMED INNOCENT UNTIL PROVEN GUILTY BEYOND A REASONABLE DOUBT.

3. THE RIGHT TO HEAR AND QUESTION THE WITNESSES AGAINST ME.

4. THE RIGHT TO HAVE THE COURT COMPEL WITNESSES TO COME TO COURT AND TESTIFY FOR ME.

5. THE RIGHT TO REMAIN SILENT, or to testify at my trial, if I choose, If I remain silent I understand that no inferences adverse to me may be drawn by the judge or jury.

Date: APRIL 13, 1979

*Aljay Lockett Jr.*
Defendant

I have advised the defendant of his constituitional rights and rights under GCR 785.

*Dominick J. Carnovale*
Attorney for Defendant

GUILTY PLEA — RC #10 — See GCR 785

Exhibit - D

The evidence demonstrated that counsel had prepared several motions, including a motion to suppress prior confessions or admissions made by his client. He also investigated the crime by talking to the investigating officer, the victim, and members of petitioner's family. Although counsel asked petitioner to provide him with the names of other potential witnesses, petitioner never furnished counsel any additional names.

On the morning of the trial, an assistant district attorney served petitioner's counsel with a motion to invoke habitual offender status. Further, the assistant district attorney offered concurrent life sentences if petitioner would plead guilty to the charges. If the cases had to be tried, the state would insist on consecutive life sentences.

The evidence demonstrated that petitioner's counsel advised petitioner of the district attorney's offer. Petitioner agreed that it would be in his best interest to plead guilty and accept concurrent life sentences rather than being tried and facing the likelihood that he would receive consecutive life sentences.

In addition to conducting an evidentiary hearing in this cause, the Magistrate has carefully reviewed a transcript of the plea proceedings. Petitioner's first contention that he was denied the right to withdraw his guilty plea is closely related to his third contention that

*Exhibit - E*

114

ALABAMA JUDICIAL INFORMATION SYSTEM    CASE: CC 1982 001040.61
CASE ACTION SUMMARY
CIRCUIT CRIMINAL

IN THE CIRCUIT COURT OF MONTGOMERY

STATE OF ALABAMA    VS    LOCKETT ALVIN
P.O. BOX 00
CAPSHAW, AL  35742 0000

CASE: CC 1982 001040.61

SSN: 000321040  ALIAS NAMES:

CHARGE01: RULE 32-FELONY    CODE01: RULE  LIT: RULE 32-FELONY
OFFENSE DATE:    AGENCY/OFFICER:

DATE WAR/CAP ISS:    DATE ARRESTED:
DATE    INDICTED:    DATE    FILED: 06/11
DATE    RELEASED:    DATE    HEARING:
BOND    AMOUNT:    $.00    SURETIES:

DATE 1:    DESC:    TIME: 0800
DATE 2:    DESC:    TIME: 0800

DEF/ATY:    TYPE:    TYPE:

PROSECUTOR:

OTH CSE:  00000000000 CHK/TICKET NO:    GRAND JURY:
COURT REPORTER:    SID NO:    000000000
EF STATUS: PRISON    DEMAND:    OPER: REF

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 7-9-99 | Copy to DA |
| 7-29-99 | answer to defendant's petition for relief from |
|  | conviction or sentence |
| 1-17-99 |  |
| 12-6-99 | Motion for Continuance |
| 1-13-2000 | Order - Granting Rule 32 |

Exhibit-F

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ 1.83 |
| Certified Fee | 2.40 |
| Return Reciept Fee (Endorsement Required) | 1.85 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 6.08 |

MAY Postmark Here 2007

7003 2260 0005 5408 9353

Sent To _Melissa Rittenour_
Street, Apt No.; or PO Box No. _P. O. Box 1667_
City, State, ZIP+4 _Montgomery Alabama 36102_

PS Form 3800, June 2002                    See Reverse for Instructions

_Exhibit - G_

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Tommie Johnson_ ☐ Agent ☐ Addressee<br>B. Received by ( Printed Name) _Tommie Johnson_   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Hon: Charles Price<br>Melissa Rittenour<br>Eleanor Brooks<br>P.O. Box 1667<br>Montgomery, Al.<br>36102 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>MAY 0 8 2007<br><br>3. Service Type<br>☐ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? *(Extra Fee)*    ☐ Yes |
| 2. Article Number<br>*(Transfer from service label)* | 7003 2260 0005 5408 9353 |

PS Form 3811, February 2004  *(2)*    Domestic Return Receipt    102595-02-M-1540

Exhibit-H

# IN THE CIRCUIT COURT FOR
## MONTGOMERY COUNTY, ALABAMA

ALJAY LOCKETT, JR.                          *
                                            *
     Petitioner,                          *
                                            *
vs.                                         * **CASE NO. CC-82-1041/1042/1043**
                                            *
**STATE OF ALABAMA,**                       *
                                            *
     Respondent.                          *

## <u>O R D E R</u>

The above-styled matter is hereby set for a HEARING on Petitioner's Motion to Reconsider Sentence on _6/22/07_____, **2007** at 8:30 a.m. in Courtroom 4-C, Montgomery County Courthouse, Montgomery, Alabama..

DONE, this _16th_ day of _May_____, 2007.

_Charles Price_____
CHARLES PRICE, Circuit Judge

cc: Hon. Michael Dean, DDA
    Hon. Scott Green, DDA

    Aljay Locket, Jr., AIS#133930

Exhibit - I

# IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
## MONTGOMERY, ALABAMA

| | | |
|---|---|---|
| **STATE OF ALABAMA** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CC 82-1041, 1042, 1043** |
| | ) | |
| **ALJAY LOCKETT** | ) | |
| **Defendant.** | ) | |

## STATE'S RESPONSE TO MOTION
## FOR RECONSIDERATION OF SENTENCE
## & MOTION TO DISMISS

**COMES NOW** the State of Alabama, by and through its District Attorney for the

Fifteenth Judicial Circuit, Eleanor I. Brooks, and submits the following response to the

Defendant's motion seeking reconsideration of his sentence filed pursuant to <u>Ala. Code</u>

§13A-5-9.1 and <u>Kirby v. State</u>, 899 So. 2d 968 (Ala. 2004). In support of this motion, the

State of Alabama offers the following:

### Procedural Background

1. The Defendant was convicted of TOP I in each of these cases and sentenced as a habitual offender to life imprisonment. Originally, three prior out-of-state convictions were used to enhance the Defendant's sentence, requiring a mandatory sentence of life imprisonment. After post-conviction proceedings, this Court resentenced the Defendant On January 13, 2000 to life imprisonment, using only *one* prior conviction. Because TOP I is a Class B Felony, <u>Ala.</u> Code §13A8-3, the Defendant's sentencing range in these cases was 10 years to life imprisonment, the same as a Class A Felony. <u>Ala. Code</u> §13A-5-9(a)(2). <u>See</u> <u>also</u> <u>Ala. Code</u> §13A-5-6. The Court chose to sentence the Defendant to life imprisonment, which is within the range.

2. The Defendant has previously made a motion seeking reconsideration of his sentence. That motion was denied by this Court on or about February 7, 2006. The Defendant has made a new motion seeking reconsideration of his sentence pursuant to <u>Ala.</u> Code §13A-5-9.1 and <u>Kirby.</u>

3. According to the State's information, the Defendant had been previously convicted of a Felony Attempt to Conceal Stolen Property (x2). The Defendant has also been previously charged with Concealing Stolen Property and Possession

1

*Exhibit — J*

of a Controlled Substance in Michigan. In Alabama he had previously been charged with two counts of TOP I.

4.  The Defendant has since been convicted of Escape III, Escape II, TOP II, Attempted Escape, RSP III and RSP II. He has also been charged with Possession of Drug Paraphernalia and Escape.

5.  The Defendant's records while incarcerated show that he has received numerous Behavior Citations and Disciplinary Reports. These include an Assault on Persons Associated with DOC and two Escapes. After the second escape, the Defendant was outside of DOC custody for five months when he was taken into custody in Michigan.

The Defendant is not eligible for consideration of his sentence. Less than three prior convictions were used to enhance his sentence. Each of these convictions is for a Class B Felony with one prior conviction. The sentencing range was 10 years to life. He was not sentenced to a mandatory term of life imprisonment. The Petitioner is seeking a review of his sentence based on Ala. Code §13A-5-9.1 and Kirby v. State, 899 So. 2d 968 (Ala. 2004). Section 13A-5-9.1 applies the Habitual Felony Offender Act retroactively to those who were sentenced before the 2000 amendment to the Habitual Felony Offender Act. See Ala. Code §13A-5-9.1. See also Holt v. State, 2006 WL 510784 at *6 (Ala. Crim. App. March 3, 2006). In Kirby v. State, the Alabama Supreme Court upheld the constitutionality of §13A-5-9.1. In doing so, it noted that there were two "narrowly defined classes of habitual offenders" whose sentences could be reconsidered under §13A-5-9.1. Kirby, 899 So. 2d at 974. These two classes consist of offenders who were sentenced pursuant to the pre-2000 version of the Habitual Felony Offender Act. Id. These eligible offenders are those who have been convicted of a Class A felony with at least three prior convictions, none of which were Class A felonies, and had been sentenced to life without parole, or those who had been convicted of a Class B felony

2

with at least three prior convictions and had been mandatorily sentenced to life imprisonment. Id.

Because the Defendant was not sentenced to a mandatory life sentence based on three prior convictions, he is not in either class of persons eligible for reconsideration of his sentence. Moreover, the Defendant has previously been denied relief under Kirby, and he should not be granted relief on this occasion.

Wherefore, the premises considered, the State asks the Court to dismiss the Defendant's motion seeking reconsideration of his sentence.

Respectfully submitted, this the ____ day of ____ , 2007.

ELEANOR I. BROOKS
DISTRICT ATTORNEY

Michael Dean
Deputy District Attorney

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion has been served upon the Defendant by hand-delivery.

Done, this the _22_ day of _June_, 2007.

ELEANOR I. BROOKS
DISTRICT ATTORNEY

Michael Deah
Deputy District Attorney

4

**IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
MONTGOMERY, ALABAMA**

STATE OF ALABAMA        )
           **Plaintiff,**     )
                      )
v.                        )     **Case Nos. CC 82-1041, 1042, 1043**
                      )
**ALJAY LOCKETT**         )
           **Defendant.**   )

## ORDER

This cause is before the Court on the Defendant's motion seeking reconsideration of sentence pursuant to Ala. Code §13A-5-9.1 and Kirby v. State, 899 So. 2d 968 (Ala. 2004). The Court held a hearing in this matter on June 22, 2007, and hereby finds as follows:

The Defendant was convicted of TOP I in each of these cases and sentenced as a habitual offender to life imprisonment. Originally, three prior out-of-state convictions were used to enhance the Defendant's sentence, requiring a mandatory sentence of life imprisonment. After post-conviction proceedings, this Court resentenced the Defendant On January 13, 2000 to life imprisonment, using only *one* prior conviction. During the hearing, the Defendant submitted three prior convictions to the Court as evidence, after having previously denied their validity. However, in his petition, the Defendant does cite the fact that he was resentenced pursuant to only one prior conviction.

Because TOP I is a Class B Felony, Ala. Code §13A8-3, the Defendant's sentencing range in these cases with one prior conviction was 10 years to life imprisonment, the same as a Class A Felony. Ala. Code §13A-5-9(a)(2). See also Ala. Code §13A-5-6. When it resentenced the Defendant, the Court chose to sentence the Defendant to life imprisonment, which is within the range of punishment for these

1

Exhibit – K

offenses. Although the Defendant now seems to admit he had three prior felony convictions, only one prior conviction was used to enhance his sentence when he was resentenced by this Court.

Section 13A-5-9.1 applies the Habitual Felony Offender Act retroactively to those who were sentenced before the 2000 amendment to the Habitual Felony Offender Act. See Ala. Code §13A-5-9.1. See also Holt v. State, 2006 WL 510784 at *6 (Ala. Crim. App. March 3, 2006). In Kirby v. State, the Alabama Supreme Court upheld the constitutionality of §13A-5-9.1. In doing so, it noted that there were two "narrowly defined classes of habitual offenders" whose sentences could be reconsidered under §13A-5-9.1. Kirby, 899 So. 2d at 974. These two classes consist of offenders who were sentenced pursuant to the pre-2000 version of the Habitual Felony Offender Act. Id. These eligible offenders are those who have been convicted of a Class A felony with at least three prior convictions, none of which were Class A felonies, and had been sentenced to life without parole, or those who had been convicted of a Class B felony with at least three prior convictions and had been mandatorily sentenced to life imprisonment. Id.

The Defendant was sentenced prior to the 2000 amendment to the Habitual Felony Offender Act. However, he was not sentenced to a mandatory life sentence based on three prior convictions. He was sentenced to life imprisonment, but that sentence is within the range of punishment for a Class B Felony with *one* prior conviction. He is not in either class of persons eligible for reconsideration of his sentence under §13A-5-9.1 and Kirby, and his motion seeking reconsideration of his sentence is hereby **DISMISSED.**

2

Done, this 3 day of July , 2007.

Hon. Charles Price
Circuit Judge

cc:    Michael Dean, DDA

Aljay Lockett, AIS# 133930
28779 Nick Davis Road
Harvest, AL 35749

# IN THE CIRCUIT COURT FOR
## MONTGOMERY COUNTY, ALABAMA

**ALJAY LOCKETT, JR.**          *
                                    *

         **Petitioner**                    *
                                    *

**v.**                                     *   **Case No. CC-1982-1041/1042/1043**
                                    *

**STATE OF ALABAMA**          *
                                    *

         **Respondent**                 *

## O R D E R

        This cause is before the court upon Petitioner's Motion to Object, Alter, Amend or Vacate Judgment, Arrest Judgments, in its Entirety Based on the Record, Pursuant to Rule 24, Ala.R.Crim.Proc., Perserving These Issues for Appellate Review, in Alternative Remand to Trial Court for Resentencing.

        Petitioner's motion is hereby **Denied.**

        Done, this ___13___ day of _____, 2007.

                                            CHARLES PRICE, Circuit Judge

cc: Hon. Scott Green
      Deputy District Attorney

      Aljay Lockett, Jr., AIS #133930

Exhibit-2

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | 2.65 |
| Return Receipt Fee (Endorsement Required) | 2.15 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here — AUG 9 2007

7104 3752 1000 1010 3002

Sent To Clerk of Court, Melissa Rittenor
Street, Apt. No.; or PO Box No. 251 South Lawrence Street
City, State, ZIP+4 Montgomery, Alabama 36104

PS Form 3800, June 2002                    See Reverse for Instructions

Exhibit - M

# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA
# IN AND FOR THE FIFTEENTH JUDICIAL CIRCUIT

ALJAY LOCKETT JR.,
**Petitioner,**

**Vs.**                                          **CASE NO.# CC-82-1041, 1042,1043**

HON. CHARLES PRICE,
**Presiding circuit Judge,**
HON: ELEANOR I BROOKS,
**District Attorney,**
HON. MICHAEL DEAN,
**Deputy district Attorney,**
                          **Respondents.**

## NOTICE OF APPEAL

NOW COMES, **the petitioner / Appellant "[Aljay Lockett Jr.,]" pro/se** in the above, gives "Notice Of Appeal to this Court for the Court of criminal Appeals from A 13A-5-9.1 hearing on June 22[nd], 2007, From the decision rendered in this Action on July 3rd, 2007,[1] Whereas the trial court dismissed petitioner's Motion thereof. Wherefore petitioner appeals for the following:
Done this the _____7th_____ day of _August_ 2007.

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the above foregoing upon all parties, properly addressed, postage prepaid as follows:

*Office of the Clerk*                      *Lane Mann, Clerk*
Montgomery County Circuit court        Court of Criminal Appeals of Alabama
251 South Lawrence Street               300 Dexter Avenue
Montgomery, Alabama 36104              P.O. Box 301555
                                        Montgomery, Alabama 36130-1555

Respectfully Submitted,
*Aljay Lockett J*

---

[1] A pro se inmate petition is deemed filed the date it is delivered to prison officials for mailing, "Houston V. Lack, 487 U.S. 266, 271-272 (1988);Adams V. United States, 173 F.3d 1339,1340-41 (11th,Cir.1999);Garvey V. Vaughn, 993 F.2d 776 (11th.Cir.1993) Absent evidence to the contrary in the form of prison logs or other records, [This Court] **'must'** assume that {Lockett's Notice of Appeal} was delivered to prison authorities the day he signed it . . . Washington V. United States, 243 F.3d 199 (11th,Cir.2001) in Light of the foregoing and at the stage of the proceedings, This court has to assume that Lockett's notice of Appeal was filed before the 42-days lapsed.

*Exhibit - on*

| State of Alabama<br>Unified Judicial System | REPORTER'S TRANSCRIPT ORDER--CRIMINAL | Criminal Appeal Number |
|---|---|---|
| Form ARAP-1C        8/91 | See Rules 10( c) and 11(b) of the<br>Alabama Rules of Appellate Procedure (A.R. App P.) | _____ - _____ |

TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

[X] CIRCUIT COURT      [ ] DISTRICT COURT      [ ] JUVENILE COURT OF      MONTGOMERY      COUNTY

ALJAY LOCKETT JR.,                                                                   Appellant

v.          STATE OF ALABAMA          MUNICIPALITY OF _____

| Case Number | Date of Judgment/Sentence Order |
|---|---|
| CC-82-1041,1042,1043 | MAY 3RD,2007 |
| Date of Notice of Appeal | Indigent Status Granted: |
| Oral:                    Written:  AUGUST 7TH,2007 | [ ] Yes      [ ] No |

**PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:**
I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY **(1)** THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR **(2)** THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND § 12-12-72, **CODE OF ALABAMA 1975**)

_____          _____          _____
Signature                        Date                 Print or Type Name

**PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED.** Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c )(2), Alabama Rules of Appellate Procedure (A.R. App.P.)):

MARK PROCEEDINGS REQUESTED:                                    COURT REPORTER(S)

A. [ ]   **TRIAL PROCEEDINGS** - Although this designation will include the judgment          _____
         and sentence proceedings, a transcript of the organization of the jury and         _____
         arguments of counsel must be designated separately.

B. [ ]   **ORGANIZATION OF THE JURY** - This designation will include voir dire           _____
         examination and challenges for cause. Note that in noncapital cased the          _____
         voir dire of the jury will not be recorded unless the trial judge so directs.

C. [ ]   **ARGUMENTS OF COUNSEL** - Note that in noncapital cases the arguments           _____
         of counsel will not be recorded unless the trial judge so directs.

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDING IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):

| ADDITIONAL PROCEEDINGS REQUESTED | DATE | COURT REPORTER(S) |
|---|---|---|
| D.   JANUARY 13TH,2000 "[SENTENCING TRANSCRIPT]" | JANUARY 13TH,2000 | N/A |
| E.   JUNE 22ND,2007 HEARING TRANSCRIPT | JUNE 22ND,2007 | N/A |
| F.   MOTION TO ARREST JUDGMENT, OBJECTIONS. | | |
| G. | | |

**IMPORTANT NOTICE:** The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appe

**PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT:**
I CERTIFY THAT I HAVE DIESTRIBUTED THIS FORM AS SET BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED ; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED IN FORMA PAUPERIS.

*Aljay Lockett*                    AUGUST 7TH,2007          ALJAY LOCKETT JR.,
Signature                          Date                     Print or Type Name

DISTRIBUTION:   Original filed with Clerk of Trial Court and copies mailed to: (1) Clerk of the Court of Criminal Appeals. (2) the District Attorney, (3) the Attorney General or the municipal prosecutor in lieu of the District Attorney and Attorney General if the appeal is from a municipal conviction, and (4) to each Court Reporter who reported proceedings designated for inclusion in the reporter's transcript.

*Exhibit-in*

| State of Alabama<br>Unified Judicial System<br>Form ARAP-26 (front)    8/91 | **COURT OF CRIMINAL APPEALS<br>DOCKETING STATEMENT** | Criminal Appeal Number<br><br>- |
| --- | --- | --- |

**A. GENERAL INFORMATION:**

☑ CIRCUIT COURT  ☐ DISTRICT COURT  ☐ JUVENILE COURT OF          MONTGOMERY          , COUNTY

ALJAY LOCKETT JR.,                                      , Appellant

v.    ☑ STATE OF ALABAMA        ☐ MUNICIPALITY OF _____

| Case Number<br>CC-82-1041,1042,1043 | Date of Complaint of indictment<br>MAY 4TH,2007 | Date of Judgment/Sentence Order<br>JULY 3RD,2007 |
| --- | --- | --- |
| Number of Days of Trial/Hearing<br>1-DAY               Days | Date of Notice of Appeal<br>Oral: | Written:    AUGUST 7TH,2007 |
| Indigent Status Requested:    ☐ Yes    ☐ No | | Indigent Status Granted:    ☐ Yes    ☐ No |

**B. REPRESENTATION:**

Is Attorney Appointed or Retained?    ☐ Appointed    ☐ Retained    If no attorney, will appellant represent self?    ☑ Yes  ☐ No

| Appellant's Attorney (Appellant is pro se) (Attach additional pagers if necessary)<br>ALJAY LOCKETT JR., | Telephone Number<br>N/A | |
| --- | --- | --- |
| Address<br>28779 NICK DAVIS ROAD | City<br>HARVEST | State<br>ALABAMA | Zip Code<br>35749 |

**C. CODEFENDANTS:**  List each CODEFENDANT and the codefendatn's case number.

| Codefendant | Case Number |
| --- | --- |
| Codefendant | Case Number |
| Codefendant | Case Number |

**D. TYPE OF APPEAL:**    Please check the applicable block.

1 ☐ State Conviction          4 ☐ Pretrial Order            7 ☐ Juvenile Transfer Order      10 ☑ Other (Specify)
2 ☐ Post-Conviction Remedy    5 ☐ Contempt Adjudication     8 ☐ Juvenile Delinquency              13A-5-9.1 MOTION
3 ☐ Probation Revocation      6 ☐ Municipal Conviction      9 ☐ Habeas Corpus Petition

**E. UNDERLYING CONVICTION/CHARGE:**    Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

1 ☐ Capital Offense -  §  _____    6 ☐ Trafficking in Drugs - §  _____    11 ☐ Fraudulent practice §  _____
2 ☐ Homicide           §  _____    7 ☐ Theft                  §  _____    12 ☐ Off. against family  §  _____
3 ☐ Assault -          §  _____    8 ☐ Damage or intrusion    §  _____    13 ☐ Traffic-DUI          §  _____
4 ☐ Kidnapping         §  _____       to property                            14 ☐ Traffic-Other        §  _____
   Unlawful imprisonment             9 ☐ Escape                 §  _____    15 ☐ Misc (Specify)       §  _____
5 ☐ Drug Possession    §  _____    10 ☐ Weapons/Firearms -    §  _____

**F. DEATH PENALTY:**

Does this appeal involve a case where the death penalty has been imposed?    ☐ Yes    ☑ No

**G. TRANSCRIPT:**

1  Will the record on appeal have a reporter's transcript?    ☑ Yes    ☐ No

2  If the answer to question "1" is "Yes", state the date the Reporter's Transcript Order was filed          JUNE 22ND,2007
                                                                                                              (Date)

3  If the answer to question "1" is "No":

( a ) Will a stipulation of facts be filed with the circuit clerk?    ☑ Yes    ☐ No

( b ) Will the parties stipulate that only questions of law are involved and will the trial court certify the questions?    ☐ Yes  ☐ No

NOTE: If the appeal is from the district or juvenile court and the answer to question "1" is "No", then a positive response is required for question 3(a) or 3(b).

*Exhibit-m*

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write *Return Receipt Requested* on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address

2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:

*Circuit Court Cler*
*251 South Lawerece St*
*Montgomery, Alabama*
*36104*

4a. Article Number
7003 1010 0001 7104 37

4b. Service Type
☐ Registered          ☐ Certified
☐ Express Mail        ☐ Insured
☐ Return Receipt for Merchandise  ☐ COD

7. Date of Delivery
8 - 13 - 07

5. Received By: *(Print Name)*

8. Addressee's Address *(Only if requested and fee is paid)*

6. Signature. *(Addressee or Agent)*
X *(signature)*

PS Form **3811**, December 1994

Domestic Return Receipt

*Is your RETURN ADDRESS completed on the reverse side?*

*Thank you for using Return Receipt Service.*

*Exhibit — N*

# Court of Criminal Appeals

State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555

PAMELA W. BASHCAB
Presiding Judge
H. W. "BUCKY" McMILLAN
GREG SHAW
A. KELLI WISE
SAMUEL HENRY WELCH
Judges

Lane W. Mann
Clerk
Gerri Robinson
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## FILING OF NOTICE OF APPEAL

The notice of appeal you filed with this Court is
returned herewith. In criminal cases, an appellant who wishes
to file a written notice of appeal within the time allowed by
Rule 4, Ala.R.App.P., shall do so by filing the written notice
of appeal with the clerk of the trial court. The clerk of
the trial court will then transmit the notice of appeal to
this Court. If you attached the docketing statement and/or
the reporter's transcript order to the notice of appeal you
mailed to this Court, we will keep those documents on file for
90 days, unless you request that they be returned to you.

Please note that this Court does not retain informational
copies of notices of appeal.

Lane W. Mann, Clerk
Court of Criminal Appeals

LWM/di

Returned On: 8/15/07

To: MR. ALJAY LOCKETT, JR.

Re: ALJAY LOCKETT, JR. v. STATE

MONTGOMERY Circuit Court CC# 82-1041, 42, 43

*Exhibit - O*

# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA
## IN AND FOR THE FIFTEENTH JUDICIAL CIRCUIT

ALJAY LOCKETT JR.,
**Petitioner,**

**Vs.**

CASE NO.# CC-82-1041, 1042,1043

HON. CHARLES PRICE,
**Presiding circuit Judge,**
HON: ELEANOR I BROOKS,
**District Attorney,**
HON. MICHAEL DEAN,
**Deputy district Attorney,**
        **Respondents.**



## NOTICE OF APPEAL

NOW COMES, **the petitioner / Appellant "[Aljay Lockett Jr.,]" pro/se** in the above, gives "Notice Of Appeal to this Court for the Court of criminal Appeals from A 13A-5-9.1 hearing on June 22nd, 2007, From the decision rendered in this Action on July 3rd, 2007,[1] Whereas the trial court dismissed petitioner's Motion thereof, Wherefore petitioner appeals for the following:
Done this the _____ day of _August_ 2007.

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the above foregoing upon all parties, properly addressed, postage prepaid as follows:

*Office of the Clerk*
Montgomery County Circuit court
251 South Lawrence Street
Montgomery, Alabama 36104

*Lane Mann, Clerk*
Court of Criminal Appeals of Alabama
300 Dexter Avenue
P.O. Box 301555
    Montgomery, Alabama 36130-1555

Respectfully Submitted,
*Aljay Lockett*

---

[1] A pro se inmate petition is deemed filed the date it is delivered to prison officials for mailing, "Houston V. Lack, 487 U.S. 266, 271-272 (1988):Adams V. United States, 173 F.3d 1339,1340-41 (11th.Cir.1999):Garvey V. Vaughn, 993 F.2d 776 (11th.Cir.1993) Absent evidence to the contrary in the form of prison logs or other records, [This Court] **'must'** assume that {Lockett's Notice of Appeal} was delivered to prison authorities the day he signed it . . . Washington V. United States, 243 F.3d 199 (11th.Cir.2001) in Light of the foregoing and at the stage of the proceedings. This court has to assume that Lockett's notice of Appeal was filed before the 42-days lapsed.

Exhibit-O

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA



PAMELA W. BASCHAB
Presiding Judge
H. W. "BUCKY" McMILLAN
GREG SHAW
A. KELLI WISE
SAMUEL HENRY WELCH
Judges

Lane W. Mann
Clerk
Gerri Robinson
Assistant Clerk
(334) 229-0751
Fax (334) 229-0521

## CR-06-2142

Ex parte Aljay Lockett Jr.   (In re: State of Alabama vs. Aljay Lockett Jr.)   (Montgomery Circuit Court: CC82-1041; CC82-1042; CC82-1043)

## ORDER

The Court of Criminal Appeals ORDERS that the petitioner in this cause be and the same is hereby given 14 days from the date of this order to file a certificate of service with this Court evidencing his/her compliance with the service requirements of Rule 21(a) of the Alabama Rules of Appellate Procedure. Rule 21(a) requires that the petitioner serve the respondent judge or judges and all parties to the action in the trial court with a copy of the petition. The petitioner's certificate of service shall indicate the name and address of each person served with a copy of the petition, as well as the date and manner of such service.

Lastly, the petitioner is hereby placed on notice that in the event this Court has not "received" a certificate of service that conforms to the directives in this order within the 14-day period herein allowed, this petition shall be dismissed for non-compliance with Rule 21(a), Alabama Rules of Appellate Procedure.

Done this the 7th day of September, 2007.

*Pamela W. Baschab*

**Pamela W. Baschab, Presiding Judge**
**Court of Criminal Appeals**

cc: Hon. Melissa Rittenour, Circuit Clerk
    Aljay Lockett, Pro Se
    Hon. Charles Price, Circuit Judge
    Hon. Troy King, Attorney General
    Hon. Eleanor Idelle Brooks, District Attorney

EXhibit - P

THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT

THE ALABAMA COURT OF CRIMINAL APPEALS

CR-06-2142

Ex parte Aljay Lockett, Jr.

PETITION FOR WRIT OF MANDAMUS

(In re: State of Alabama v. Aljay Lockett, Jr.)

Montgomery Circuit Court Nos. CC-82-1041; CC82-1042; and CC82-1043

**ORDER**

In accordance with § 12-17-24, Ala. Code 1975, this petition is TRANSFERRED to the Presiding Judge of the Montgomery Circuit Court.

Baschab, P.J., and McMillan, Shaw, Wise, and Welch, JJ., concur.

Done this 23rd day of October, 2007.

_____
PAMELA W. BASCHAB, PRESIDING JUDGE

cc:    Hon. Charles Price, Presiding Judge
       Hon. Melissa Rittenour, Clerk
       Aljay Lockett, Jr., pro se
       Eleanor Idelle Brooks, District Attorney
       Office of the Attorney General

Exhibit - Q

# Court of Criminal Appeals

State of Alabama
Judicial Building, 300 Dexter Avenue
**P. O. Box 301555**
**Montgomery, AL 36130-1555**

November 26, 2007

**PAMELA W. BASCHAB**
**Presiding Judge**
**H. W. "BUCKY" McMILLAN**
**GREG SHAW**
**A. KELLI WISE**
**SAMUEL HENRY WELCH**
**Judges**

Lane W. Mann
Clerk
Gerri Robinson
Assistant Clerk
(334) 229-0751
Fax (334) 229-0521

Mr. Aljay Lockett Jr.
AIS #133930
28779 Nick Davis Road
Harvest, AL 35749-7009

Re:    CC82-1041; CC82-1042; CC82-1043 Aljay
Lockett Jr.

Dear Mr. Lockett:

This is in response to your recent letter asking the status of your notice of appeal filed in the Montgomery County Circuit Clerk's Office.

Please be advised that we are forwarding a copy of your letter to the Montgomery County Circuit Clerk's Office for such response as deemed appropriate. For your information, that office has informed this Court that it has not received the notice of appeal that you claim to have filed on August 9, 2007.

Sincerely yours,

Lane W. Mann, Clerk
Court of Criminal Appeals

LWM/cd

cc:    Hon. Melissa Rittenour, Circuit Clerk
P. O. Box 1667
Montgomery, AL  361021667

*Exhibit - R*

# IN THE ALABAMA SUPREME COURT
## STATE OF ALABAMA

### SC.NO.# 1070505

### EX PARTE ALJAY LOCKETT JR.,

### IN RE:     ALJAY LOCKETT JR.,

### VS.

HON: CHARLES PRICE
**Presiding Circuit Court Judge,**
HON: ELEANOR I. BROOKS
**District Attorney,**
HON: MELISSA RITTENOUR
**Circuit Court Clerk,**
HON: OTIS WILLIAMS
**Circuit Court Clerk's/ Agent of Montg.Co.**
**Respondents.**

---

PETITION FOR WRIT OF MANDAMUS, PURSUANT TO RULE 21(e),
ALA.R.APP.PROC., "REVIEW IN SUPREME COURT OF
DECISION OF COURT OF APPEALS RENDERED
JANUARY 22ND, 2008

---

Prepare By:

*Alajay Lockett Jr., # 133930*
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, Alabama
          35749-7009

*EXhibit S*

IN THE SUPREME COURT OF ALABAMA
January 31, 2008

1070505

Ex parte Aljay Lockett, Jr. PETITION FOR WRIT OF MANDAMUS:
CRIMINAL (In re: State of Alabama v. Aljay Lockett, Jr.)
(Montgomery Circuit Court: CC-82-1041; CC 82-1042; CC-82-
1043; Criminal Appeals: CR-06-2142).

## ORDER

The petition for a writ of mandamus to be directed to
the Honorable Charles Price, Judge of the Circuit Court of
Montgomery County, Alabama, having been duly filed and
submitted to the Court,

IT IS ORDERED that the petition for a writ of mandamus
is denied.

See, Lyons, Woodall, Smith and Parker, JJ. concur.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court
of Alabama, do hereby certify that the foregoing is
a full, true and correct copy of the instrument(s)
herewith set out as same appear(s) of record in said
Court.
Witness my hand this 31st day of January 2008

*Robert D Esdale Sr*

Clerk, Supreme Court of Alabama

Exhibit - 5