IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALJAY LOCKETT, JR., <br> AIS #133930, | ) <br> ) <br> ) | |
| Petitioner, | ) <br> ) | |
| vs. | ) <br> ) | CIVIL ACTION NO. <br> 2:08-cv-113-MEF |
| WARDEN MITCHEM, *et. al.*, | ) <br> ) <br> ) | |
| Respondents. | ) | |

**RESPONDENTS' OBJECTIONS TO
THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION.**

Come now the Respondents and file their objections the Report and Recommendation (hereinafter R&R) issued by the Magistrate Judge on July 23, 2008 recommending Lockett's petition be transferred to the District Court for the Northern District of Alabama.

1. In his R&R, the Magistrate Judge concludes that this Court should transfer Lockett's petition to the District Court for the Northern District of Alabama because, according to the Magistrate Judge, Lockett's petition, although filed on the form used by inmates seeking habeas corpus relief under 28 U.S.C. §

2254 is a petition pursuant to 28 U.S.C. § 2241 "…because Lockett does not challenge the validity of a conviction or sentence…." Doc. 15, at 1.

2. The Magistrate Judge's conclusion that Lockett's petition should be governed by the provisions of § 2241 and not § 2254 is erroneous as a matter of settled Eleventh Circuit precedent.  In *Medberry v. Crosby*, 352 F.3d 1049 (11th Cir. 2003), *cert. denied*, 541 U.S. 1032 (2004), the Eleventh Circuit thoroughly discussed the interplay between § 2241 and § 2254 when the petitioner is in custody pursuant to a state court judgment and concluded as follows:

> Our reading of §§ 2241 and 2254 as governing a single post-conviction remedy, with the § 2254 requirements applying to petitions brought by a state prisoner in custody pursuant to the judgment of a State court, gives meaning to § 2254 without rendering § 2241(c)(3) superfluous.  Under our reading, there remain some state prisoners to whom § 2254 does not apply.  Section 2254 is limited to state prisoners "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a).  State pre-trial detention, for example, might violate the Constitution or the laws or treaties of the United States. Yet a person held in such pre-trial detention would not be "in custody pursuant to the judgment of a State court."  Such a prisoner would file an application for a writ of habeas corpus governed by § 2241 only.  To read §§ 2241 and 2254 other than as we do would effectively render § 2254 meaningless because state prisoners could bypass its requirements by proceeding under § 2241.
>
> <u>If § 2254 were not a restriction on § 2241's authority to grant the writ of habeas corpus, and were instead a freestanding, alternative post-conviction remedy, then § 2254 would serve no function at all. It would be a complete dead letter, \*1061 because no state prisoner would choose to run the gauntlet of § 2254 restrictions when he could avoid those limitations simply by writing " § 2241" on his petition for federal post-conviction relief. All of Congress's time and effort in enacting § 2254, amending it in 1966, and further amending it in 1996</u>

2

> with AEDPA would have been a complete waste. Section 2254 would never be used or applied, and all of the thousands of decisions over the past half-century from the Supreme Court and other federal courts interpreting and applying the provisions of § 2254 would have been pointless. Section 2254 would be a great irrelevancy because a state prisoner could simply opt out of its operation by choosing a different label for his petition.

*Id.* at 1060 -1061. (emphasis added) *Accord, Cook v. New York State Div. of Parole,* 321 F.3d 274, 278-79 (2d Cir. 2003); *Coady v. Vaughn,* 251 F.3d 480, 484-85 (3rd Cir. 2001); *Walker v. O'Brien,* 216 F.3d 626, 633 (7th Cir. 2000); *Crouch v. Norris,* 251 F.3d 720, 725 (8th Cir. 2001); *White v. Lambert*, 370 F.3d 1002, 106-1009 (9th Cir. 2004); *Dill v. Holt*, 371 F.3d 1301, 1302 (11th Cir. 2004). Because Lockett is in custody pursuant to a state court judgment, the provisions applicable to § 2254 govern the proceedings in this case, contrary to the Magistrate Judge conclusions.

    3. Because this petition is subject to the statutes governing § 2254, including § 2244 (a)(3)(A) and § 2244 (d)(1) which requires a petitioner to obtain permission from the Eleventh Circuit before filing a second or successive petition, and file the petition within a year the judgment became final, and Lockett has not obtained the requisition approval, this Court must dismiss this petition instead of transferring it.

    4. Lockett was convicted of three counts of theft of property in the first degree, a Class B felony, Ala. Code § 13A-8-3 (1994), in 1983. Following proof of three prior felony convictions from Michigan, Lockett was sentenced, pursuant

3

to the Habitual Felony Offender Act (HFOA) in effect at that time, to a mandatory term of life. See, Ala. Code § 13-A5-9(c)(2) (1994). Lockett did not appeal his convictions or sentences. In January 2000, Lockett filed a Rule 32, Alabama Rules of Criminal Procedure, petition challenging his sentence. Lockett asserted that his three Michigan convictions were not felonies under Alabama law and therefore could not be used to enhance his sentence. Judge Price agreed that two of the three Michigan convictions should not have been used to sentence Lockett to the mandatory life sentence. Using the one Michigan conviction found to be a felony under Alabama law, Judge Price resentenced Lockett to a non-mandatory life sentence. See, Ala. Code § 13A-5-9(a)(2), 13A5-6(a)(1) (1994).[1]

5. In 2006, Lockett filed a motion to reconsider his sentence pursuant to Ala. Code § 13A5-9.1 (2006) and Kirby v. State, 899 So. 2d 968 (Ala. 2004). The State's answer to Lockett's motion correctly argued that under state law, Lockett was ineligible to have his sentenced reviewed under the provisions of Ala. Code § 13A-5-9.1 (2006) because he had not been resentenced pursuant to the mandatory life provisions of Ala. Code § 13A5-9(c)(2) (1994) provisions of the HFOA but was resentenced pursuant to Ala. Code § 13A-5-9(a)(2), to a non-mandatory life

---

[1] The above procedural history is based on the magistrate judge's Report and Recommendation in Lockett v. Farrell, CV No. 2:02-CV-1106-F (Middle District Ala. Jan. 20, 2005).

sentence. Holt v. State, 960 So. 2d 726, 734-736 (Ala. Crim. App. 2006), cert. quashed, 960 So. 2d 740 (Ala. 2006)(setting out the three eligibility requirements for resentencing pursuant to the May 2000 amendments to the HFOA). See Exhibit 4 to Lockett's petition. Judge Price agreed with the State's response and denied Lockett's motion because Lockett was ineligible under state law to have his life sentence reconsidered. See exhibit 5 to Lockett's petition. Clearly, Lockett is in custody pursuant to his 1983 conviction and 2000 resentencing. B*urton v. Stewart*, 549 U.S. 147, 127 S. Ct. 793, 798-799 (2007)(final judgment is the sentence defendant is serving); *Ferreira v. Secretary Department of Corrections*, 494 F.3d 1286, 1288 (11th Cir. 2007)("…we now hold that AEDPA's statute of limitations runs from the date the judgment pursuant to which the petitioner is in custody becomes final, which is the date both the conviction *and* sentence the petitioner is serving become final.") This petition was clearly filed more than one year after Lockett was resentenced in 2000 and review is barred by § 2244(d)(1).

6. Because Lockett has not obtained permission to file this his second petition challenging his conviction and sentence, this Court has no jurisdiction to entertain the petition let alone transfer it. *Burton*, 127 S. Ct. at 799 (remanded with instructions to dismiss petition for lack of jurisdiction).

## CONCLUSION

This Court should not transfer this petition but dismiss it petition because Lockett has not obtained permission from the Eleventh Circuit to file it.

>Respectfully submitted,
>
>Troy King (KIN047)
>*Attorney General*
>
>/s/P. David Bjurberg
>P. David Bjurberg (BJU001)
>*Assistant Attorney General*
>Counsel for Respondents

**CERTIFICATE OF SERVICE**

I hereby certify that on this <u>30th</u> day of July, 2008, I electronically filed the foregoing Objections with the Clerk of the Court using the CM/ECF; and I hereby certify that I have mailed by United States Postal Service the foregoing to the following non-CM/ECF participants to the address listed on the Department of Corrections' website: <u>Aljay Lockett, Jr., AIS #133930, Limestone Correctional Facility, 28779 Nick Davis Road, Harvest, Alabama 35749</u>.

/s/P. David Bjurberg
P. David Bjurberg (BJU001)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL 36130-0152
Telephone: (334) 242-7300
Fax: (334) 242-2848
E-Mail: DBjurberg@AGO.State.AL.US

674864/118748-001