IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALJAY LOCKETT, JR., # 133930, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:08cv113-MEF |
| | ) | (WO) |
| WARDEN MITCHEM, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION AND PROCEDURAL HISTORY**

On February 14, 2008, Alabama inmate Aljay Lockett, Jr. ("Lockett") filed this petition for writ of habeas corpus under 28 U.S.C. § 2254.  Lockett challenges state court proceedings related to his motion for reconsideration of his sentence pursuant to § 13A-5-9.1, Ala. Code 1975, which he filed in the Montgomery County Circuit Court in May 2007.  In addition, Lockett seeks to challenge his sentence of life imprisonment imposed by that same court in January 2000.

The origin of Lockett's life sentence stems from his conviction for three counts of first-degree theft of property pursuant to a guilty plea he entered in the Montgomery County Circuit Court in January 1983.  The trial court sentenced Lockett, pursuant to the Habitual Felony Offender Act ("HFOA") in effect at that time, to a mandatory term of life in prison.[1]

---

[1]Under Alabama law, theft of property in the first degree is a Class B felony. *See* § 13A-8-3(c), Ala. Code 1975.  When Lockett was sentenced in 1983, the HFOA required a mandatory life
(continued...)

In sentencing Lockett as a habitual offender, the trial court relied on his three prior felony convictions in Michigan state courts.

Lockett did not appeal his Alabama convictions. However, in January 2000, he filed a Rule 32 petition in the trial court challenging his sentence on the ground that the Michigan convictions the court had relied on to sentence him under the HFOA were not felonies under Alabama law and therefore should not have been considered by the court. The trial court granted Lockett's Rule 32 petition, agreeing that two of the three Michigan convictions should not have been used to sentence Lockett to the mandatory life sentence under the HFOA. On January 13, 2000, using the one Michigan conviction the court found to constitute a felony under Alabama law, the trial court resentenced Lockett, this time to a *non-mandatory* life sentence under the HFOA.[2]

On August 24, 2000, Lockett filed a Rule 32 petition in which he argued that the life sentence the trial court imposed at his January 13, 2000, resentencing was illegal. The trial court summarily denied this Rule 32 petition. On February 9, 2001, the Alabama Court of

---

[1](...continued)
sentence following the conviction for a Class B felony when the defendant had three prior felony convictions. *See* former § 13A-5-9(c)(2), Ala. Code 1975. In May 2000, the HFOA was amended to give a trial court the option of sentencing to "imprisonment for life or any term of not less than 20 years" a defendant convicted of a Class B felony when the defendant has three prior felony convictions. Act No. 2000-759, § 1, Ala. Acts 2000 (effective May 25, 2000).

[2]Section 13A-5-9(a)(2), Ala. Code 1975, provides that where a defendant convicted of a Class B felony has one prior felony conviction, he must be punished as if for a Class A felony. The statutory sentencing range for a Class A felony in Alabama is "for life or not more than 99 years or less than 10 years." § 13A-5-6(a)(1), Ala. Code 1975.

Criminal Appeals affirmed the denial in an unpublished opinion.  *See Lockett v. State*, 821 So.2d 1041 (Ala. Crim. App. 2001) (table).

On May 29, 2001, Lockett filed another Rule 32 petition in which he argued that the trial court should not have used any of his Michigan convictions when resentencing him on January 13, 2000, and that, consequently, his sentence was illegal.  The trial court summarily denied the petition, finding that Lockett's claim was precluded.  Lockett appealed.  In an unpublished opinion entered on May 24, 2002, the Alabama Court of Criminal Appeals determined that although Lockett's claim was not precluded – because an allegedly illegal sentence may be challenged at any time – the trial court's decision should be affirmed because Lockett's claim had no merit.  *See Lockett v. State*, 868 So.2d 484 (Ala. Crim. App. 2002) (table).  The Alabama Supreme Court subsequently denied Lockett's petition for writ of certiorari.  *See Ex parte Lockett*, 876 So.2d 525 (Ala. 2002) (table).

On September 13, 2002, Lockett filed in this court a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging the life sentence imposed by the state trial court at his January 13, 2000, resentencing.  *See Lockett v. Farrell*, Case No. 2:02cv1106-MEF, Doc. No. 1.  On February 8, 2005, this court denied Lockett's habeas petition, finding the claims raised therein to be without merit.  *Id*., Doc. Nos. 48, 51, and 52.

On or around May 3, 2007, Lockett filed in the state trial court a motion for reconsideration of his sentence pursuant to § 13A-5-9.1, Ala. Code 1975, and *Kirby v. State*,

899 So. 2d 968 (Ala. 2004).[3]  On July 3, 2007, the trial court denied Lockett's motion, finding that because his January 13, 2000, sentence was imposed under § 13A-5-9(a)(2) of the HFOA and was based on only one of his prior felony convictions, he was ineligible for any sentence reconsideration pursuant § 13A-5-9.1 and *Kirby*.

According to Lockett, he then attempted to appeal the trial court's denial of his motion for reconsideration of his sentence.  On August 15, 2007, the Alabama Court of Criminal Appeals returned to Lockett the appeal materials he had filed with the appellate court, informing him that persons seeking to file a written notice of appeal within the time allowed by Ala. R.App. P. 4 must do so by filing the written notice with the clerk of the *trial* court, who will then transmit such notice of appeal to the appellate court.

Insisting that he had in fact filed a timely notice of appeal with the trial court, Lockett then filed a petition for writ of mandamus with the Alabama Court of Criminal Appeals requesting that the trial court be directed to transmit to the appellate court the notice of appeal he claimed he had filed with the trial court.  The Alabama Court of Criminal Appeals

---

[3]As clarified by the Alabama Supreme Court in *Kirby*, *supra*, § 13A-5-9.1, Ala. Code 1975, allows a defendant sentenced before May 25, 2000 (the date on which the 2000 amendment to the HFOA became effective), and receiving a mandatory sentence of life imprisonment pursuant to former § 13A-5-9(c)(2), or a mandatory sentence of life imprisonment without the possibility of parole pursuant to former § 13A-5-9(c)(3), to apply to the sentencing court for reconsideration of his sentence and resentencing within the bounds of § 13A-5-9(c)(2) or § 13A-5-9(c)(3), as amended, if none of the three prior felonies for which the defendant was convicted (and used to enhance his sentence under the HFOA) were Class A felonies. *See Kirby*, 899 So. 2d at 971-72.  In such cases, the sentencing court has the discretion to resentence an eligible defendant either to life imprisonment or any term of not less than 20 years under amended § 13A-5-9(c)(2), or to life imprisonment or life imprisonment without the possibility of parole under amended § 13A-5-9(c)(3).

transferred that petition for mandamus to the presiding judge of the Montgomery County Circuit Court for consideration.  To date, it does not appear that the presiding judge of the circuit court has ruled on the petition for mandamus.  On January 29, 2008, Lockett filed a petition for mandamus concerning his notice of appeal with the Alabama Supreme Court. The Alabama Supreme Court struck that petition on February 29, 2008.

   On February 14, 2008, Lockett filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2254, alleging in a cursory manner that "the trial court used a void judgment to deny relief under [§] 13A-5-9.1" and that he is being "deni[ed] access to the courts [and] ... [his] right to appeal." (*Doc. No. 1 at p. 5.*)  Shortly thereafter, Lockett amended his habeas petition, partially clarifiying his original claims and also asserting new claims based on alleged infirmities in the proceedings on his first Rule 32 petition and the January 13, 2000, resentencing that followed the trial court's granting of that Rule 32 petition. (*Doc. No. 5.*)

   The respondents have filed an answer in which they argue that (1) Lockett has failed to exhaust his state remedies with respect to all claims asserted in his habeas petition; (2) in any event, Lockett's claims are meritless; (3) Lockett is clearly ineligible under Alabama law to have his sentence reconsidered pursuant to § 13A-5-9.1, Ala. Code 1975; and (4) to the extent Lockett attempts to relitigate the validity of his January 13, 2000, resentencing, his claims are due to be dismissed as successive. (*Doc. No. 11.*)  Lockett was allowed an opportunity to reply to the respondents' answer and has done so. (Doc. No. 14.)

Upon review of the claims presented by Lockett and in light of applicable federal law, this court concludes that Lockett is not entitled to federal habeas relief.

## II.   DISCUSSION

**A.    *Denial of Access to Courts and Right to Appeal Denial of Motion for Reconsideration of Sentence Pursuant to § 13A-5-9.1, Ala. Code 1975***

Lockett contends he is being denied access to the courts and his right to appeal the trial court's July 3, 2007, denial of his motion for reconsideration of his sentence pursuant to § 13A-5-9.1, Ala. Code 1975.  (*Doc. No. 1 at p. 5.*)  Presumably, his allegations in this regard are based on his claim that he filed a timely a notice of appeal from the denial of his motion for reconsideration of his sentence, but that the trial court has wrongfully maintained it did not receive his notice of appeal.

As indicated above, there is nothing before this court showing that the presiding judge of the Montgomery County Circuit Court has ruled on Lockett's petition for mandamus – in which Lockett insisted he had filed a timely notice of appeal – that was transferred to the presiding judge of the circuit court by the Alabama Court of Criminal Appeals.  Thus, it appears Lockett has not exhausted his state remedies with respect to his claims concerning his attempt to appeal from the denial of his motion for reconsideration of his sentence.  A petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State...."  28 U.S.C. § 2254(1)(b)(1)(A).  "An applicant shall not be deemed to have exhausted the remedies

available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This court does not deem it appropriate to rule on the merits of claims for relief that Lockett has not exhausted in the state courts. *See* 28 U.S.C. § 2254(1)(b)(2).

Furthermore, a petitioner hoping to obtain relief based on a claim of denial of access to the courts must demonstrate "actual injury" resulting from the alleged denial of access; i.e., he must demonstrate that he has been impeded from bringing forth a meritorious claim. *See Christopher v. Harbury*, 536 U.S. 403, 414 (2002); *Oliver v. Fauver*, 118 F.3d 175, 177 (3rd Cir. 1997). First, it is abundantly clear from the face of Lockett's petition that he is *not* entitled to relief based on the motion for reconsideration of his sentence he filed with the trial court in 2007. When the trial court resentenced Lockett on January 13, 2000, it relied on only *one* of his prior Michigan convictions and sentenced him as a habitual offender under the provisions of § 13A-5-9**(a)**(2), Ala. Code 1975. However, only persons sentenced as habitual offenders under former § 13A-5-9**(c)(2)** or under former § 13A-5-9**(c)(3)**, based on *three* prior felony convictions, are eligible to apply for reconsideration of their sentences pursuant to § 13A-5-9.1, Ala. Code 1975. *See Kirby*, 899 So. 2d at 971-72. Thus, Lockett's motion for reconsideration of his sentence was wholly frivolous. Moreover, under 28 U.S.C. § 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." "'A

state's interpretation of its own laws and rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.' *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983) (citations omitted)." *Curry* v. Culliver, 141 Fed.Appx. 832, 834 (11th Cir. 2005) (unpublished).  Lockett claims he is entitled to a sentence reduction pursuant to § 13A-5-9.1, Ala. Code 1975.  However, "[t]his is purely a question of state law, and, as such, provides no basis for federal habeas corpus relief." *Curry*, 141 Fed.Appx. at 834.  Consequently, the ultimate issue pursued by Lockett through his "denial of access" claim – the correctness of the trial court's ruling denying his motion for a sentence reduction pursuant to § 13A-5-9.1– concerns a matter that is not reviewable by this court in a habeas corpus proceeding.  For the foregoing reasons, Lockett is not entitled to any relief based on his claims that he is being denied access to the courts and his right to appeal the trial court's denial of his motion for reconsideration of his sentence.

**B.      *Successive Challenge as to January 13, 2000, Resentencing***

Lockett also challenges his January 13, 2000, resentencing and alleges infirmities in the proceedings relating to that resentencing.  (*Doc. No. 5.*)  As indicated above, on September 13, 2002, Lockett filed a previous habeas petition pursuant to the provisions of 28 U.S.C. § 2254 challenging the very same sentence.  *See Lockett v. Farrell*, Case No. 2:02cv1106-MEF, Doc. No. 1.  This court subsequently denied that habeas petition, finding the claims raised by Lockett to be without merit.  *Id.*, Doc. Nos. 48, 51, and 52.

Pursuant to the provisions of 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant

shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) and (C).

It is clear from the pleadings filed by Lockett that he has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief.  "Because this undertaking [is Petitioner's] second habeas corpus petition and because he had no permission from [the Eleventh Circuit] to file a second habeas petition, ... the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001).  Consequently, to the extent Lockett attempts to challenge his January 13, 2000, resentencing, his claims are due to be dismissed as successive. *Id.* at 934.

III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1.  The petition for habeas corpus relief filed by Lockett be DENIED.

2.  This case be dismissed with prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **November 12, 2009**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th  Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 28th day of October, 2009.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE